DAVID A. HUBBERT
Deputy Assistant Attorney General

RYAN S. WATSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202.514.5173
Ryan.Watson@usdoj.gov

*Of Counsel*:
JOHN W. HUBER
United States Attorney
District of Utah

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PAUL KENNETH CROMAR,<br>BARBARA ANN CROMAR,<br>UTAH HOUSING FINANCE AGENCY,<br>UNIVERSAL CAMPUS FEDERAL CREDIT UNION,<br>STATE OF UTAH, TAX COMMISSION,<br>AND UTAH COUNTY, UTAH<br><br>　　　　Defendants. | Case No. 2:17-cv-01223-RJS<br><br>**UNITED STATES' COMPLAINT** |

The United States of America, through its undersigned counsel, states the following claims against the Defendants:

\\

\\

\\

**INTRODUCTION**

1. This is a civil action timely brought by the United States to reduce to judgment certain outstanding federal tax liabilities assessed against Defendant Paul Kenneth Cromar and foreclose related federal tax liens on real property located in Utah County, Utah.

2. This action is commenced pursuant to 26 U.S.C. § 7401 and 26 U.S.C. § 7403 at the direction of the Attorney General of the United States and with the authorization and request of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1340, 28 U.S.C. § 1345, and 26 U.S.C. § 7402.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1396, because it is the district where the liability for the taxes at issue accrued and where the property that is the subject of the action is situated.

**IDENTIFICATION OF DEFENDANTS**

5. Defendant Paul Kenneth Cromar resides within this judicial district. Mr. Cromar is named as a defendant in this action because he has unpaid federal income tax liabilities and because he has an interest in the real property at issue in this case.

6. Defendant Barbara Ann Cromar is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the real property at issue in this matter.

7. Defendant Utah Housing Finance Agency is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this matter. Its potential interest is described in more detail in Paragraphs 18 and 19, below.

8.    Defendant Universal Campus Federal Credit Union is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this matter. Its potential interest is described in more detail in Paragraph 20, below.

9.    Defendant State of Utah, Tax Commission, is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this matter by virtue of any potential Utah State tax assessments against Defendants Paul or Barbara Cromar.

10.    Defendant Utah County, Utah, is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in this matter by virtue of any unpaid property taxes assessed against the real property.

## TAX LIABILITIES, CIVIL PENALTIES, AND LIENS

9.    Defendant Cromar failed to file federal individual income tax returns for the 1999 through 2005 tax years. The IRS conducted an audit and issued a statutory notice of deficiency for each of those years. After Defendant Cromar failed to timely petition the United States Tax Court to challenge the notice of deficiency, a delegate of the Secretary of the Treasury made timely assessments against Defendant Cromar for unpaid federal income taxes, penalties, and interest for the 1999 through 2005 tax years as follows:

\\
\\
\\
\\
\\
\\

**Form 1040 Liabilities**

| Tax Year | Assessment Date | Amount Assessed | | Unpaid Balance Plus Accruals as of 11/21/2017 |
|---|---|---|---|---|
| 1999 | 11/26/2007 | $ 53,674.00 | (Tax) | |
| | 11/26/2007 | 13,418.00 | (Failure to Pay Tax Penalty) | |
| | 11/26/2007 | 12,077.00 | (Late Filing Penalty) | |
| | 11/26/2007 | 2,598.00 | (Estimated Tax Penalty) | |
| | 11/26/2007 | 42,785.93 | (Interest) | |
| | 10/21/2013 | 33,672.98 | (Interest) | |
| | 10/20/2014 | 4,805.71 | (Interest) | |
| | 10/26/2015 | 5,048.35 | (Interest) | |
| | 10/24/2016 | 6,075.60 | (Interest) | **$ 181,837.31** |
| 2000 | 11/26/2007 | $ 69,002.00 | (Tax) | |
| | 11/26/2007 | 17,250.50 | (Failure to Pay Tax Penalty) | |
| | 11/26/2007 | 15,525.00 | (Late Filing Penalty) | |
| | 11/26/2007 | 3,686.00 | (Estimated Tax Penalty) | |
| | 11/26/2007 | 43,070.88 | (Interest) | |
| | 10/21/2013 | 40,152.67 | (Interest) | |
| | 10/20/2014 | 5,730.16 | (Interest) | |
| | 10/26/2015 | 6,019.45 | (Interest) | |
| | 10/24/2016 | 7,244.32 | (Interest) | **$ 216,815.97** |
| 2001 | 11/26/2007 | $ 50,245.00 | (Tax) | |
| | 11/26/2007 | 12,561.25 | (Failure to Pay Tax Penalty) | |
| | 11/26/2007 | 11,305.00 | (Late Filing Penalty) | |
| | 11/26/2007 | 2,008.00 | (Estimated Tax Penalty) | |
| | 11/26/2007 | 25,150.81 | (Interest) | |
| | 10/21/2013 | 27,375.91 | (Interest) | |
| | 10/20/2014 | 3,906.79 | (Interest) | |
| | 10/26/2015 | 4,104.04 | (Interest) | |
| | 10/24/2016 | 4,939.15 | (Interest) | **$ 147,824.14** |
| 2002 | 11/26/2007 | $ 35,038.00 | (Tax) | |
| | 11/26/2007 | 8,759.50 | (Failure to Pay Tax Penalty) | |
| | 11/26/2007 | 7,884.00 | (Late Filing Penalty) | |
| | 11/26/2007 | 1,171.00 | (Estimated Tax Penalty) | |
| | 11/26/2007 | 8,759.50 | (Interest) | |
| | 10/21/2013 | 18,121.23 | (Interest) | |
| | 10/20/2014 | 2,586.07 | (Interest) | |
| | 10/26/2015 | 2,716.63 | (Interest) | |
| | 10/24/2016 | 3,269.42 | (Interest) | **$ 97,850.87** |

| Tax Year | Assessment Date | Amount Assessed | Unpaid Balance Plus Accruals as of 11/21/2017 |
|---|---|---|---|
| 2003 | 11/26/2007 | $ 35,324.00  (Tax) | |
|  | 11/26/2007 | 7,771.28  (Failure to Pay Tax Penalty) | |
|  | 11/26/2007 | 7,947.90  (Late Filing Penalty) | |
|  | 11/26/2007 | 924.44  (Estimated Tax Penalty) | |
|  | 11/26/2007 | 11,759.87  (Interest) | |
|  | 10/18/2010 | 1,059.72  (Failure to Pay Tax Penalty) | |
|  | 10/21/2013 | 17,335.43  (Interest) | |
|  | 10/20/2014 | 2,493.94  (Interest) | |
|  | 10/26/2015 | 2,619.86  (Interest) | |
|  | 10/24/2016 | 3,152.96  (Interest) | $ 94,365.24 |
| 2004 | 11/26/2007 | $ 70,825.00  (Tax) | |
|  | 11/26/2007 | 11,332.00  (Failure to Pay Tax Penalty) | |
|  | 11/26/2007 | 15,936.00  (Late Filing Penalty) | |
|  | 11/26/2007 | 2,056.00  (Estimated Tax Penalty) | |
|  | 11/26/2007 | 18,428.94  (Interest) | |
|  | 10/18/2010 | 6,374.24  (Failure to Pay Tax Penalty) | |
|  | 10/21/2013 | 32,705.95  (Interest) | |
|  | 10/20/2014 | 4,787.85  (Interest) | |
|  | 10/26/2015 | 5,029.58  (Interest) | |
|  | 10/24/2016 | 6,053.01  (Interest) | $ 181,161.34 |
| 2005 | 11/26/2007 | $ 54,912.00  (Tax) | |
|  | 11/26/2007 | 5,491.20  (Failure to Pay Tax Penalty) | |
|  | 11/26/2007 | 12,355.00  (Late Filing Penalty) | |
|  | 11/26/2007 | 2,203.00  (Estimated Tax Penalty) | |
|  | 11/26/2007 | 9,125.84  (Interest) | |
|  | 10/18/2010 | 8,236.80  (Failure to Pay Tax Penalty) | |
|  | 10/21/2013 | 23,572.46  (Interest) | |
|  | 10/20/2014 | 3,519.61  (Interest) | |
|  | 10/26/2015 | 3,697.30  (Interest) | |
|  | 10/24/2016 | 4,449.64  (Interest) | $ 133,173.78 |

10. Despite timely notice and demand for payment of the assessments described above, Defendant Cromar has neglected, failed, or refused to fully pay the assessments made against him.

11. Since the dates of the above-described assessments, interest, penalties, and statutory additions have accrued and will continue to accrue, as provided by law.

12. As of November 21, 2017, Defendant Cromar owed the United States $1,053,028.65 on the assessments described in Paragraph 9, above.

13. Pursuant to 26 U.S.C. § 6321 and 26 U.S.C. § 6322, tax liens arose in favor of the United States on the dates of the assessments and attached to all property and rights to property of Defendant Cromar.

14. In order to provide notice to third parties entitled to notice of the statutory liens, the IRS filed a Notice of Federal Tax Liens ("NFTL") with the Clerk and Recorder of Utah County, Utah on September 8, 2009 for each of the assessments described in Paragraph 9, above.

## THE SUBJECT PROPERTY

15. This action seeks to foreclose upon real property owned by Defendant Cromar (the "Subject Property"), which is a parcel of real property located at 9870 N. Meadow Drive, Cedar Hills, Utah 84062-9430. The Subject Property is more particularly described as follows:

> Lot 3, Plat "C", Amended North Meadows Estates Subdivision, according to the official plat thereof on file in the office of the Recorder, Utah County, Utah.

16. Defendant Cromar and his wife, Defendant Barbara Ann Cromar (together, "the Cromars") are the owners of the Subject Property.

17. The Cromars originally acquired title to the Subject Property via Warranty Deed in October 1991.

18. On or about October 8, 1991, First Security Bank of Utah, N.A. filed a Deed of Trust with the Utah County Clerk and Recorder, purporting to secure a note against the Subject Property.

19. On or about October 21, 1991, First Security Bank of Utah, N.A. assigned the Deed of Trust to Utah Housing Finance Agency.

20. On or about February 26, 1993, Universal Campus Federal Credit Union filed a Deed of Trust with the Utah County Clerk and Recorder, purporting to secure a note for a revolving line of credit against the Subject Property.

21. Between 1995 and 2008, title to the Subject Property was passed through several trusts created and operated by Lanny Ross White.

22. On February 26, 2007, Mr. White was convicted on one count of conspiracy to defraud the United States (18 U.S.C. § 371) and sentenced to 60 months imprisonment for his involvement in tax avoidance schemes, including his use of fraudulent trusts to shield his clients' assets from the United States and other creditors. *See United States v. White*, D. Utah No. 2:03-cr-00265-TS (ECF Nos. 1, 217).

23. On or about October 23, 2008, the Cromars reacquired title to the Subject Property via Warranty Deed from Mr. White.

## COUNT I
**Reduce 1999-2005 Federal Income Tax Liabilities to Judgment**

24. The United States incorporates paragraphs 1 through 20 by reference, as if fully set forth herein.

25. Under 26 U.S.C. § 7402(a), the United States is entitled to a judgment against Defendant Paul Kenneth Cromar for $1,053,028.65, as of November 21, 2017, which is the unpaid balance of the assessed amounts described in Paragraph 9, above, plus statutory interest and any other additions accruing to the date of payment.

\\

\\

## COUNT II
### Foreclose Federal Tax Liens

26. The United States incorporates paragraphs 1 through 22 by reference, as if fully set forth herein.

27. Under 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the Subject Property to enforce its tax liens in order to pay the unpaid liabilities described in Paragraph 9, above.

28. The tax liens arising from the assessments described in Paragraph 9, above, have priority over all interests in the Subject Property acquired after the attachment of the tax liens, subject to the notice provisions of 26 U.S.C. § 6323(a).

## COUNT III
### 28 U.S.C. § 3011 Ten Percent Surcharge

29. In the event that the United States is required to avail itself of pre-judgment or post-judgment relief as set forth in Subchapter B or C of the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001 et seq., 28 U.S.C. § 3011 entitles the United States to recover a surcharge of 10 percent of the amount of the debt in order to cover the cost of processing and handling the litigation and enforcement of the foregoing claim for a debt.

### REQUEST FOR RELIEF

WHEREFORE, the United States respectfully requests that the Court:

A. Enter judgment in favor of the United States and against Defendant Paul Kenneth Cromar on the federal income tax assessments for the 1999 through 2005 tax years in the amount of $1,053,028.65, plus statutory interest and other additions accruing from November 21, 2017;

B.     Determine, adjudge, and decree that the United States has a perfected lien interest in all property and rights to property belonging to Defendant Paul Kenneth Cromar, including the Subject Property, as of the assessment dates;

C.     Order that the United States' liens be foreclosed upon the Subject Property, that the Subject Property be sold, and that the proceeds from the sale be distributed to the United States and all other creditors in their respective priorities, in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties;

D.     Order that, to the extent it must avail itself of pre-judgment or post-judgment relief as set forth in Subchapter B or C of the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001 et seq., 28 U.S.C. § 3011, the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in order to cover the cost of processing and handling the litigation and enforcement of the foregoing claim for a debt;

E.     Award the United States its costs and such other relief as is just and proper.

Dated: November 22, 2017                                                  Respectfully Submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Ryan S. Watson*
RYAN S. WATSON
Trial Attorney, Tax Division
U.S. Department of Justice

*Of Counsel*:
JOHN W. HUBER
United States Attorney

*Attorneys for the United States of America*