**JEFFREY R. BUHMAN (7041)**
Utah County Attorney
**M. CORT GRIFFIN (4583)**
Deputy Utah County Attorney
100 East Center, Suite 2400
Provo, UT 84606
Telephone: (801) 851-8001
Facsimile: (801) 851-8009
Email: cortg@utahcounty.gov

*Attorneys for Defendant, Utah County*

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>PAUL KENNETH CROMAR; BARBARA ANN CROMAR; UTAH HOUSING FINANCE AGENCY; UNIVERSAL CAMPUS FEDERAL CREDITUNION; STATE OF UTAH, TAX COMMISSION; and UTAH COUNTY, UTAH,<br><br>Defendant(s). | Civil Action No. 2:17-CV-01223-RJS<br><br>**ANSWER OF DEFENDANT UTAH COUNTY**<br><br>Judge Robert J. Shelby |

Comes now the Defendant, UTAH COUNTY, by and through its undersigned counsel and answers the allegations of Plaintiff's Complaint as follows:

1

1. Defendant lacks sufficient information or knowledge upon which to confirm whether this civil action is timely brought by the United States and therefore denies the same. Defendant admits the remaining allegations contained in paragraph 1.

2. Defendant admits the allegations contained in paragraph 2.

3. Defendant admits the allegations contained in paragraph 3.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the allegations contained in paragraph 5, and therefore denies the same.

6. Defendant admits the allegations contained in paragraph 6.

7. Defendant admits the allegations contained in paragraph 7 subject to Defendant's response to paragraphs 18 and 19 of Plaintiff's complaint.

8. Defendant admits the allegations contained in paragraph 8 subject to Defendant's response to paragraph 20 of Plaintiff's complaint.

9. Defendant admits the allegations contained in paragraph 9.

10. Defendant admits the allegations contained in paragraph 10. Defendant affirmatively alleges that real property taxes on the Subject Property including penalties and interest are due and owing in the amount of $2,051.42 plus any additional taxes, penalties, fees and interest accruing after February 15, 2018.

11. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the allegations contained in duplicate paragraph 9, and therefore denies the same.

12. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the allegations contained in duplicate paragraph 10, and therefore denies the same.

13. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the allegations contained in paragraph 11, and therefore denies the same.

14. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the allegations contained in paragraph 12, and therefore denies the same.

15. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the allegations contained in paragraph 13, and therefore denies the same.

16. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the allegations contained in paragraph 14, and therefore denies the same.

17. Defendant affirmatively alleges that Defendant Cromar is the owner of record of the Subject Parcel in the records of the Utah County Recorder, and to the extent consistent with this affirmative allegation admits the remaining allegations contained in paragraph 15.

18. Defendant affirmatively alleges that the Cromars are the owners of record of the Subject Parcel in the records of the Utah County Recorder and denies the remaining allegations of paragraph 16.

19. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the allegations contained in paragraph 17 and therefore denies the same.

20. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the allegations contained in paragraph 18 and therefore denies the same.

21. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the allegations contained in paragraph 19, and therefore denies the same.

22. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the allegations contained in paragraph 20 and therefore denies the same.

23. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the allegations contained in paragraph 21, and therefore denies the same.

24. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the allegations contained in paragraph 22 and therefore denies the same.

25. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the allegations contained in paragraph 23 and therefore denies the same.

26. The Defendant incorporates herein by reference Defendant's answers made in response to paragraphs 1 through 20, including duplicate paragraphs, as if fully stated herein.

27. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the allegations contained in paragraph 25 and therefore denies the same.

28. The Defendant incorporates herein by reference Defendant's answers made in response to paragraphs 1 through 22, including duplicate paragraphs, as if fully stated herein.

29. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the allegations contained in paragraph 27 and therefore denies the same. Defendant affirmatively alleges that Defendant's interests in the Subject Property have priority over Plaintiff's interests in the Subject Property.

30. Defendant denies that Plaintiff's interests in the Subject Property are prior to Defendant's interests in the Subject Property. Defendant lacks sufficient information or knowledge upon which to confirm the veracity of the remaining allegations contained in paragraph 28 and therefore denies the same.

31. Defendant denies the allegations contained in paragraph 29.

32. Defendant denies all of the allegations of Plaintiff's complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 26 U.S.C. § 6323(b)(6)(A), Utah Code § 59-2-1301 and 1302 and *A.C. Financial Inc. v. Salt Lake County*, 948 P.2d 771 (Utah 1997), Defendant's ad valorem real property tax lien maintains validity and priority over the United States of America's lien for federal income tax assessments. Defendant is entitled to have its lien paid in full prior to Plaintiff's and any other lien holders, including any third-party liens prior in time.

**WHEREFORE**, the Defendant, having fully answered Plaintiff's Complaint, prays as follows:

   A. For an order determining that Defendant's tax liens are prior to all other liens on the Subject Property including liens of the United States of America;

B.      For an order determining the amount of Defendant's tax liens and that the Defendant's tax liens will be paid first, in full, from the proceeds of the sale of the Subject Property;

C.      That the Plaintiff bear its own costs and fees including attorney's fees;

D.      For Defendant's court costs; and

E.      For such further relief as the Court deems just.

RESPECTFULLY submitted this 20th day of February, 2018.

                              JEFFREY BUHMAN
                              UTAH COUNTY ATTORNEY


                              /s/ M. CORT GRIFFIN
                              M. CORT GRIFFIN
                              DEPUTY UTAH COUNTY ATTORNEY
                              *Attorneys for Defendant Utah County*

**CERTIFICATE OF DELIVERY**

I hereby certify that a true and correct copy of the foregoing ANSWER OF DEFENDANT UTAH COUNTY, was delivered as noted below, to the following this 20th day of February, 2018,

| | |
|---|---|
| DAVID A. HUBBERT | __ US Mail, postage prepaid |
| Deputy Assistant Attorney General | __ Facsimile |
| RYAN S. WATSON | X Electronically/Email |
| Trial Attorney, Tax Division | __ Hand Delivered |
| U.S. Department of Justice | |
| PO Box 683, Ben Franklin Station | |
| Washington, D.C. 2004-0683 | |
| Ryan.Watson@usdoj.gov | |

/s/ Terri Eisel

Legal Assistant