RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

RYAN S. WATSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202.514.5173
Ryan.Watson@usdoj.gov

*Of Counsel*:
JOHN W. HUBER
United States Attorney
District of Utah

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>PAUL KENNETH CROMAR,<br>BARBARA ANN CROMAR,<br>UTAH HOUSING FINANCE AGENCY,<br>UNIVERSAL CAMPUS FEDERAL CREDIT UNION,<br>STATE OF UTAH, TAX COMMISSION,<br>AND UTAH COUNTY, UTAH<br><br>　　Defendants. | Case No. 2:17-cv-01223-RJS<br><br>**UNITED STATES' RESPONSE TO DEFENDANTS' MOTIONS TO DETERMINE THE SUBJECT MATTER JURISDICTION OF THE COURT** |

The United States of America, through undersigned counsel, submits this Response to the identical Motions to Determine the Subject-Matter Jurisdiction of the Court (ECF Nos. 11-12) filed by Defendants Paul Kenneth Cromar and Barbara Ann Cromar. As set forth in greater detail below, Defendants' Motions should be denied because their frivolous arguments fail to state any cognizable reason why this Court does not have jurisdiction over the United States' claims to reduce Paul Cromar's unpaid federal income tax assessments to judgment and foreclose on the Cromars' real property in Utah County, Utah. The Court has subject matter jurisdiction under 26 U.S.C. § 7402 & 7403 and 28 U.S.C. §§ 1340 & 1345. Venue is also proper in this District under 28 U.S.C. § 1391(b) and 1396.

## BACKGROUND

The United States filed this civil action on November 22, 2017. The Complaint (ECF No. 2) seeks to reduce Defendant Paul Cromar's unpaid income taxes for the 1999 through 2005 tax years to judgment and seeks to foreclose on real property located in Utah County, Utah (the "Subject Property") in order to satisfy the unpaid liabilities. In addition to its claim against Paul Cromar, the United States also named Barbara Ann Cromar, Utah Housing Finance Agency, Universal Campus Federal Credit Union, State of Utah, Tax Commission, and Utah County, Utah as defendants in this action as parties with a potential interest in the Subject Property.

Defendants Paul Cromar and Barbara Ann Cromar filed the instant "Motion[s] to Determine the *subject-matter jurisidiction* of the Court" (ECF Nos. 11-12) on February 13, 2018. The Motions, purportedly brought under Fed. R. Civ.

- 2 -

P. 12(b)(1) and 12(b)(6), appear to challenge the jurisdiction of this Court to adjudicate a federal tax case brought by the United States against Paul Cromar, as well as its jurisdiction to adjudicate a claim by the United States to foreclose on real property upon which the United States has a lien.

The Cromars fail to state a legitimate basis for their jurisdictional challenge, instead making a blanket assertion that "Title 28 Sections 1340 and 1345, cited in the plaintiff' *Complaint* are insufficient, in and of themselves, to establish the specific *subject-matter jurisdiction* of the court that exists with specific respect and application of the force of law to the named defendants…." (ECF Nos. 11-12 p. 2 (emphasis in original)). The Cromars then make the frivolous argument that the Court lacks constitutional authority to decide this case. (*Id* at p. 3-5.)

## LAW AND ARGUMENT

The Court has subject-matter jurisdiction over this action under 26 U.S.C. §§ 7402 & 7403 and 28 U.S.C. §§ 1340 & 1345. Section 7402 of the Internal Revenue Code states, in relevant part:

> **26 U.S.C. § 7402 – Jurisdiction of district courts**
>
> **(a) To issue orders, processes, and judgments**
> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

26 U.S.C. § 7402. Section 7403 likewise states, in relevant part:

> **26 U.S.C. § 7403 – Action to enforce lien or to subject property to payment of tax**
>
> **(a) Filing**
> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability. For purposes of the preceding sentence, any acceleration of payment under section 6166(g) shall be treated as a neglect to pay tax.
> **(b) Parties**
> All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto.
> **(c) Adjudication and decree**
> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States. If the property is sold to satisfy a first lien held by the United States, the United States may bid at the sale such sum, not exceeding the amount of such lien with expenses of sale, as the Secretary directs.

26 U.S.C. § 7403.

In addition to the Internal Revenue Code jurisdictional statutes applicable to this action, two general statutes set forth in Title 28, Part IV, Chapter 85 of the United States Code (governing original jurisdiction of the federal district courts)

also provide this Court with subject-matter jurisdiction over this case. 28 U.S.C. § 1340 provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue…." 28 U.S.C. § 1340. Likewise, 28 U.S.C. § 1345 provides that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States…." 28 U.S.C. § 1345.

In this action, the United States' Complaint (ECF No. 2) sets forth multiple bases for the subject-matter jurisdiction of this Court. It is an action commenced by the United States seeking to enforce the United States tax laws. *See* 28 U.S.C. § 1340 & 1345. It is an action arising under Section 7402 that seeks a judgment against Defendant Paul Cromar for unpaid federal income tax assessments. And, it is an action seeking to foreclose on real property located in Utah County, Utah: property in which Defendants Paul Cromar and Barbara Ann Cromar may claim an interest.

Despite the Cromars' assertions, 26 U.S.C. §§ 7402 & 7403 and 28 U.S.C. §§ 1340 & 1345 establish the federal district courts' subject-matter jurisdiction over federal tax cases. Challenges to this jurisdiction, such as the instant challenge by the Cromars, are frivolous and have been routinely rejected by the courts. *See, e.g.*, *United States v. Dawes*, 161 Fed. Appx. 742, 745 (10th Cir. 2005); *United States v. Novotny*, 71 Fed. Appx. 792, 795 (10th Cir. 2003). Accordingly, the Court should deny the Cromars' Motions.

\\
\\

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny the Cromars' Motions (ECF Nos. 11-12) and order that the Cromars answer the United States' Complaint within 14 days, as required by Fed. R. Civ. P. 12(1)(4)(A).


Dated: March 13, 2018                    Respectfully Submitted,

                                         RICHARD E. ZUCKERMAN
                                         Principal Deputy Assistant Attorney General

                                         */s/ Ryan S. Watson*
                                         RYAN S. WATSON
                                         Trial Attorney, Tax Division
                                         U.S. Department of Justice

                                         *Of Counsel*:
                                         JOHN W. HUBER
                                         United States Attorney

                                         *Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 13, 2018, I served the foregoing as follows:

Via CM/ECF:

M. Cort Griffin
cortg@utahcounty.gov
*Attorney for Utah County*

Via U.S. Mail:

Kenyon D. Dove
Thomas W. Farrell
Smith Knowles, P.C.
2225 Washington Blvd., Suite 200
Ogden, Utah 84401
*Attorneys for Utah Housing Corporation f/k/a Utah Housing Finance Agency*

Paul Kenneth Cromar
9870 N. Meadows Drive
Cedar Hills, UT 84062

Barbara Ann Cromar
9870 N. Meadows Drive
Cedar Hills, UT 84062

Universal Campus Federal Credit Union
188 West 5200 North
Provo, UT 84604

State of Utah, Tax Commission
210N 1950 W
Salt Lake City, UT 84134

/s/ Ryan S. Watson
Trial Attorney, Tax Division
U.S. Department of Justice