# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

FILED
U.S. DISTRICT COURT
2018 MAR 26  A 11: 43
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR, and<br>BARBARA ANN CROMAR, et al. | CASE NO.: 2:17-cv-01223-RJS<br><br>Defendants' Objection<br>To Plaintiff's Failure to Fully and<br>Properly Identify the Granted<br>*subject-matter jurisdiction*<br>of the District Court<br>on the Record of the Action |

**Defendant's Objection to Plaintiff's Failure to Fully and Properly Identify the Granted *subject-matter jurisdiction* of the District Court on the Record of the Action**

1.  Comes now, Paul Kenneth: Cromar and Barbara Ann: Cromar, Defendants, *pro se, en pauperis*, who hereby files this *Objection* to the plaintiff's Response as an **abject** *failure* to fully and properly identify and establish the granted *subject-matter jurisdiction* of the court over the civil action, on the record of the action in the court, because neither the plaintiff United States nor the court itself, have yet properly identified and fully established on the written record of the civil action, all **three** of the required legal elements of the constitutionally granted *subject matter jurisdiction* of the court that can lawfully be taken over this civil action.

> "There is a presumption against existence of federal jurisdiction; thus, party invoking federal court's jurisdiction bears the burden of proof. 28 U.S.C.A. §§ 1332, 1332(c);Fed. Rules Civ. Proc. Rule 12(h)(3), 28 U.S.C.A."

1

> "Lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction, or stipulation. 28 U.S.C.A. §1332."

> "If parties do not raise question of lack of jurisdiction, it is the duty of the federal court to determine the manner *sua sponte*. 28 U.S.C.A. §1332."

2.  First, the Defendants did **not** argue that the court lacks subject-matter jurisdiction, as disingenuously argued by the plaintiff in its *Reply* pleading.  The defendants simply asked for a proper identification and establishment, on the record of the action, of the specific *subject-matter jurisdiction* of the court alleged to invoked and applicable to the claims made within the *Complaint*.  This is not a *frivolous* argument, as **no argument is made**.  It is simply a request for the legal *due process* duty of the plaintiff, or the court, to identify **all three elements** of the specific *subject-matter jurisdiction* of the court that can be taken over the action.

> "The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." *Maine v Thiboutot,* 100 S. Ct. 2502 (1980)

3.  In its *Reply,* the plaintiff **improperly** invokes a number of *statutes* alone, in a *disingenuous* attempt to take advantage of the defendants' *pro se* standing, by defectively and deficiently arguing for the establishment of an *alleged* jurisdiction of the court under those statutes, alone.  But, the *pro se* defendants knows that until **all three** of the *constitutionally* required elements of a constitutionally granted *subject matter jurisdiction* of the court, that it can lawfully take over this civil action, are established on the formal record of the action in the court, the court cannot allow or entertain any other pleadings in the action.  Subject-matter jurisdiction must be fully and properly established.

> "So, we conclude, as we did in the prior case, that, although these suits may sometimes so present questions arising under the Constitution or laws of the United States that the Federal courts will have jurisdiction, yet the mere fact that a suit is an adverse suit authorized by the statutes of Congress is not in and of itself sufficient to vest jurisdiction in the Federal courts." *Shoshone Mining Co. v. Rutter, 177 U.S. 505, 513 (1900).*

4. It is not *frivolous* to ask the plaintiff to specifically identify **all three required elements** of the *subject-matter jurisdiction* of the court that can be taken over the action, - that is alleged by the plaintiff to apply to its *Complaint* (filed in the court) and the *claims* made within it.

> "It remains rudimentary law that "[a]s regards all courts of the United States inferior to this tribunal [United States Supreme Court], two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have given to the court the capacity to take it, and an act of Congress must have supplied it." [Emphasis in original.] *Finley v. United States, 490 U.S. 545 (1989).*

5. The defendants **made no argument** in his *Motion to Determine the subject-matter jurisdiction of the court*, for the plaintiff to either deem, or argue, was *frivolous*. The defendants **simply asked** the plaintiff for a **proper** and **complete identification** and **declaration** of the alleged *subject-matter jurisdiction* of the court over the action, so that he (the defendants) would **be able** to know and research the correct legal issues, around which their *Answer* to the *Complaint* would be properly *framed*, **before** answering the *Complaint* in terms of the **specific** *subject-matter jurisdiction* and authority identified asserted to exist by the plaintiff.

> "Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." *United States v. Cotton*, 535 U.S. 625, 630 (2002); *Accord Jordon v. Gilligan*, 500 F.2d 701 (6th CA, 1974) ("[A] court must vacate any judgment entered in excess of its jurisdiction."); *State v. Swiger,* 125 Ohio.App.3d 456. (1995) ("If the trial court was without subject matter jurisdiction of defendant's case, his conviction and sentence would be void *ab initio*."): *Burrell v. Henderson, et al.*, 434 F.3d 826, 831 (6th CA 2006) ('[D]enying a motion to vacate a void judgment is a per se abuse of discretion.").

6. Surely this court knows that **NO** defendant can properly answer any *Complaint* (or *claim*) until he is told by the plaintiff what **all three elements** of the alleged *subject-matter jurisdiction* (that he is confronted with in the court) *actually* **and** *specifically* <u>consist of</u>. Only

3

then can the true legal nature of the *claims* asserted in the *Complaint* be known, - under that **fully disclosed** *subject-matter jurisdiction* information. Only then, can a defendant be able to properly answer the *claims* made in the *Complaint*, - because without a complete and accurate understanding of the true and complete *constitutional* nature of the alleged *subject-matter jurisdiction* of the court invoked, and brought to bear against a defendant through a legal action that is filed in the courts, it is impossible for any defendant to defend himself from the claims made, with a correct and appropriate invocation of controlling law under that invoked, *specific subject-matter jurisdiction.*

> "It is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003)

7. For instance, in any legal action in the federal courts (that is filed by the United States as a plaintiff in those courts pursuing the enforcement of any claim for the payment of a federal tax), it is absolutely essential that the ***specific subject-matter jurisdiction*** of the court that can be taken over the legal action, be fully identified on the record of the action in the court, in order to establish and make clear beforehand whether the defendants' answer to the *Complaint* and the *claims* made within it, should be framed around the *constitutional **limitation*** of *uniformity* that applies to and controls all of the ***indirect*** taxation that is authorized under the U.S. Constitution; - **or,** the *constitutional **limitation*** of *apportionment* that applies to and controls all of the *direct* taxation that is **both** authorized **and made enforceable** under the U.S. Constitution, *as **required*** under the *due process* **required** *to* establish the **fully granted** *subject matter jurisdiction* of the court.

> "Federal courts are courts of limited jurisdiction. They possess only power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkenen V. Guardian Life Ins. Co. of America,* 511 US 375 (1994)

8. The Plaintiff must properly, **fully** establish, **on the record of the action,** the alleged granted *subject-matter jurisdiction* of the court that it can take over this civil action. **All three**

**elements.** Not just the **vague** and general, **non**-specific statutes cited. **Nor** simply under a vague and arbitrary claim of "*constitutionality*".

9. Constitutionality of the tax is not challenged.

10. However, precise specificity of the actual *constitutional* authority invoked by the plaintiff (and the court), is necessary to allow any defendant to make an informed answer, concerning the fully disclosed alleged foundation to the assault launched by the plaintiff's filing of a *Complaint*.

11. It is clear that it is absolutely **essential** for any litigant in the courts to fully know and understand the *subject-matter jurisdiction* of the court that is alleged to exist, to be taken over the entire legal action, - it is impossible for that litigant to be able to properly *answer*; or argue any defense at all, or even argue any legal issue that is identified as existing within the case, correctly.

12. Before proceeding even one step further, in any manner at all, the plaintiff must establish the alleged *subject matter jurisdiction* of the court that it alleges exists, sufficient to support the court's entertainment of the civil action.

> "However late this objection has been made or may be made in any cause in an inferior or appellate court of the United States, it must be considered and decided **before any court can move one further step in the cause**, as any movement is necessarily the exercise of jurisdiction. Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them; the question is, whether on the case before a court, their action is judicial or extra-judicial; with or without the authority of law, to render a judgment or decree upon the rights of the litigant parties" *State of Rhode Island v. The State of Massachusetts*, 37 U.S. 657, 718 (1838)

13. This court cannot ignore the *Motions* of the Defendants seeking a simple, required, *due process* declaration and ***disclosure*** of a fully granted *subject-matter jurisdiction* of the court that can be taken over this civil action, *as argued* in the *Complaint*.

14. The **full** *subject-matter jurisdiction* of the court must **first** be established on the record of the court and disclosed.

> A court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction in a particular case only and undertakes to exercise the jurisdiction conferred in a case to which the statute has no application, the judgment rendered is void. The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments § 25, pp. 388-89.

15. In order for the plaintiff (or the court itself) to lawfully and properly **fully** establish the **fully** granted *subject-matter jurisdiction* of the district court that is alleged to exist, and that allegedly can be taken over the civil action by the court, - under the *Complaint*, as filed, in order to sustain the action in the court; - it is absolutely necessary for the plaintiff to fully **identify** on the record of the action, **all three** of the required elements of a **properly** and **fully** *constitutionally* granted *subject-matter jurisdiction* of the court that can be taken over the civil action, *i.e.*:

   (1) a **specific** *power* <u>must be identified</u> as being **clearly granted** by the Constitution (or Amendment) for the U.S. Congress to exercise;
   (2) a specific **grant** of authority for Congress **to write law** must be made by the Constitution (or Amendment), with respect to the administration and enforcement of the **specific power** granted (and *exercised*) in (#1) above[1]; and,
   (3) a specific statute must be legislatively enacted by a U.S. Congress that is authorized to write law that has application to the enforcement of the *power* granted and alleged exercised in (#1) above, *constitutionally* **made** <u>*enforceable*</u> under (#2) above.

---

[1] *i.e.*: a specific <u>*enabling enforcement clause*</u> of the Constitution, **or one of its** Amendments, must be shown to have been made applicable to the **specific** *taxing power* alleged *constitutionally* granted, and *operationally practiced* under (#1) above;

6

16.   Until the plaintiff, or this court itself, has properly established the alleged *subject matter jurisdiction* of the court that can be taken over the civil action, which has not yet been done on the record of the action by any party, and which the Plaintiff **obviously is reluctant or incapable to do so for some reason;** - as made evident from its *frivolous* and *disingenuous* claims to a *subject-matter jurisdiction* under **nothing but the vague and arbitrary** statutes cited;  - **without** properly citing any constitutional *power* that is alleged granted as the legal foundation to the claims made; and without citing any applicable *enabling enforcement clause* that is properly associated with the enforcement of the specific *power alleged* granted and exercised in *operational practice* within the IRS; then this legal action cannot proceed any further in the federal district court, and the plaintiff's *frivolous* pleading should be deemed *insufficient* without first declaring the **constitutional foundation** to the alleged *subject matter jurisdiction* of the court that it asserts under the vague statutes cited.

> "In a long and venerable line of cases, the Supreme Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit. See, *e.g.*, *Capron v. Van Noorden*, 2 Cranch 126; *Arizonans for Official English v. Arizona*, 520 U.S. 43, (1997). *Bell v. Hood*, supra; *National Railroad Passenger Corp. v. National Assn. of Railroad Passengers*, 414 U.S. 453, 465, n. 13; *Norton v. Mathews*, 427 U.S. 524, 531; *Secretary of Navy v. Avrech*, 418 U.S. 676 , 678 (per curiam); *United States v. Augenblick*, 393 U.S. 348 ; *Philbrook v. Glodgett*, 421 U.S. 707, 721; and *Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 86-88, distinguished. For a court to pronounce upon a law's meaning or constitutionality when it has no jurisdiction to do so is, by very definition, an *ultra vires* act. Pp. 93-102." *Steel Co., aka Chicago Steel & Pickling Co. v. Citizens For a Better Environment*, No. 96-643, 90 F.3d 1237 (1998)

17.   Therefore, as there is yet, **no** proper or complete declaration of the specific, fully granted *subject matter jurisdiction* of the court that can be taken over the civil action, that is yet present on the record of the action in the court, the plaintiff's *Reply* to the defendants' *Motion to Determine the subject-matter jurisdiction of the Court* is **fatally flawed**, being completely deficient of the required identification of the required underlying specific constitutional authorities, to the point of being a constitutionally **fatally** defective claim to a

granted *subject-matter jurisdiction* of the court that can be lawfully and legitimately be taken over the civil action.

18.   Therefore, further proceedings in this civil action are **now** procedurally **barred** by the Federal Rules of Civil Procedure from going forward, until the plaintiff United States makes a **proper** and **full** disclosure on the record of the action in the court, of the required *subject matter jurisdiction* of the federal district court that it is alleged can be taken over the civil action, to allow the district court to entertain and adjudicate the civil action.

19.   Defendants prays this court will now compel the plaintiff United States to make a proper and complete *due process* **disclosure** of **ALL three (3) elements** of the **specific** *subject-matter jurisdiction* of the district court that it is alleged can be taken by the court over the action, to allow this action to proceed in the court.

Respectfully submitted,

by: *[signature]*
Paul Kenneth: Cromar
9870 N. Meadow Drive
Cedar Hills, UT 84062  usA

And

*[signature]*
Barbara Ann: Cromar
9870 N. Meadow Drive
Cedar Hills, UT 84062  usA

March 26, 2018

# CERTIFICATE OF SERVICE

We, Paul Kenneth: Cromar and Barbara Ann: Cromar, certify that a true copy of the attached *Objection* has been served via Certified Mail to the following:

Ryan S. Watson
Trial Attorney, US Department of Justice, Tax Division
P.O. Box 683
Washington, D.C.  20044

Certified Mail # 7010 0290 0000 6869 8680

by: *[signature]*
Paul Kenneth: Cromar
9870 N. Meadow Drive
Cedar Hills, UT 84062  usA

And

*[signature]*
Barbara Ann: Cromar
9870 N. Meadow Drive
Cedar Hills, UT 84062  usA

March 26, 2018