# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR; BARBARA ANN CROMAR; UTAH HOUSING FINANCE AGENCY; UNIVERSAL CAMPUS FEDERAL CREDIT UNION; STATE OF UTAH TAX COMMISSION; and UTAH COUNTY,<br><br>Defendants. | **ORDER**<br><br><br>Case No. 2:17-CV-01223<br><br>Judge Robert J. Shelby<br>Magistrate Judge Evelyn J. Furse |

This is a civil action brought by the United States to reduce to judgment outstanding federal tax liabilities against Defendants Paul Kenneth Cromar and Barbara Ann Cromar (the Cromars), and to foreclose related federal tax liens on real property.[1] The Cromars each filed identical "Motion[s] to Determine the *subject-matter jurisdiction* of the Court."[2] While difficult to understand, the Motions are brought under Rules 12(b)(1) and 12(b)(6) and appear to challenge the court's jurisdiction to adjudicate this matter. The Cromars raised the same arguments in their "Objection to the Order of the Court and Motion to Suspend Proceedings for Lack of a Demonstrated subject-matter jurisdiction."[3]

Several federal statutes authorize the court to exercise subject matter jurisdiction in this case. 28 U.S.C. § 1345 provides that district courts have original jurisdiction over any action

---

[1] *See* Dkt. 2 at ¶1.
[2] Dkt. 11, Dkt. 12.
[3] Dkt. 29.

"commenced by the United States." Under 28 U.S.C. § 1340, Congress conferred upon district courts original jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue." 26 U.S.C. § 7402 similarly authorizes district courts to enforce "the internal revenue laws." Finally, 26 U.S.C. § 7403 provides that in a tax liability case, district courts shall "adjudicate all matters . . . and finally determine the merits of all claims to and liens upon the property." The Tenth Circuit has affirmed that district courts are authorized by Congress, pursuant to the statutes named above, to exercise subject matter jurisdiction over this type of case.[4]

For the reasons stated, the Cromars' Motions[5] and Objection[6] are DENIED.

SO ORDERED this 26th day of April, 2018.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[4] *See U.S. v. Wells Fargo Home Morg.*, 631 Fed.Appx. 632, 632-35 (10th Cir. 2015).
[5] Dkt. 11, Dkt. 12.
[6] Dkt. 29.