```
 1              IN THE UNITED STATES DISTRICT COURT

 2                       DISTRICT OF UTAH

 3                       CENTRAL DIVISION

 4

 5   UNITED STATES OF AMERICA,    )

 6             Plaintiff,         )

 7   vs.                          )    Case No. 2:17-CV-1223RJS

 8   PAUL KENNETH CROMAR and      )

 9   BARBARA ANN CROMAR,          )

10             Defendants.        )

11   _____)

12

13

14         BEFORE THE HONORABLE EVELYN J. FURSE

15   -------------------------------------

16                    May 9, 2018

17

18              Initial Pretrial Conference

19

20   Transcript of Electronically Recorded Proceedings

21

22

23

24

25
```

```
 1                    A P P E A R A N C E S

 2               All Appearances Telephonically
                 -------------------------------
 3

 4    For Plaintiff:            RYAN S. WATSON
                                P.O. Box 683
 5                              Washington, D.C.

 6

 7

 8

 9

10    For Defendants:           PAUL KENNETH CROMAR, pro se
                                BARBARA ANN CROMAR, pro se
11                              9870 N. Meadow Drive
                                Cedar Hills, Utah
12

13

14

15

16

17

18

19

20

21
      Court Reporter:           Ed Young
22                              351 South West Temple
                                Room 3.302
23                              Salt Lake City, Utah 84101-2180
                                801-328-3202
24                              ed_young@utd.uscourts.gov

25
```

```
 1   May 9, 2018
 2                    P R O C E E D I N G S
 3
 4           THE COURT:  Good morning.  My name is Judge Evelyn
 5   Furse.
 6           Could I have the parties please put their
 7   appearance on the record.
 8           MR. WATSON:  Yes, Your Honor.  Good morning.  This
 9   is Ryan Watson from the U.S. Department of Justice on behalf
10   of the United States.
11           THE COURT:  Thank you.
12           I believe Mr. Paul Cromar and Ms. Barbara Cromar
13   are also on the telephone; is that correct?
14           MR. CROMAR:  Yes, that is correct.
15           MS. CROMAR:  Yes.
16           THE COURT:  All right.  Thank you.
17           We had set this case today for initial scheduling.
18   I have received the proposed scheduling order and the
19   attorneys' planning meeting report from the government and I
20   noticed that the Cromars did not participate in that.
21           Have each of you had a chance to review the
22   attorneys' planning meeting report that has been submitted?
23           MR. CROMAR:  Yes, but we object in that the
24   plaintiff has yet to respond to our motion to dismiss.
25           THE COURT:  Okay.  The Court ruled on your initial
```

1  motions to dismiss indicating that there was subject matter
2  jurisdiction, and the rules require that we enter a
3  scheduling order within so many days of defendants appearing
4  and having been served.  So I'm going to go ahead and enter
5  an order, and if you want to comment on any of the dates or
6  the limits set in the request, I would be happy to hear your
7  thoughts on that.  Otherwise, I will go ahead and enter the
8  order as requested.
9           MR. CROMAR:  I object, Your Honor.  Subject matter
10 jurisdiction has not been clearly established and the
11 plaintiff needs to establish that plainly and it is a very
12 simple matter.  There are three items that are required for
13 subject matter jurisdiction.  Number one, specific power
14 must be identified as granted by the Constitution.  Number
15 two, the specific grant of authority for Congress to write
16 the law must be made by the Constitution or amendment with
17 respect to the administration and enforcement of the
18 specific granted power.  Number three, then the specific
19 statute must be legislatively enacted by an authorized
20 Congress that has specific application to the enforcement of
21 the power granted and exercised in number one above, and
22 made enforceable with law from so authorized Congress under
23 number two above.  It is very simple.  It is freshman law
24 school law and I imagine that the plaintiff would know that.
25          THE COURT:  Okay.  Ms. Cromar, is there anything

```
 1  that you would like to add about the scheduling?
 2              MS. CROMAR:  No.  I agree with my husband.
 3              THE COURT:  All right.
 4              Mr. Watson, in looking at your proposed order --
 5              MR. CROMAR:  Your Honor, Barbara has something to
 6  add.
 7              MS. CROMAR:  I also object along with my husband.
 8              THE COURT:  Okay.  Thank you.
 9              Mr. Watson, in looking at your order, I would
10  change the date for the initial disclosures being due from
11  May 1st to being due May 23rd, given that the May 1st date
12  has already passed.
13              Is there anything else that you would like to add
14  with respect to scheduling at this point?
15              MR. WATSON:  No, Your Honor.  The United States
16  has served its initial disclosures, but I am perfectly fine
17  with that date change.
18              THE COURT:  All right.  So I will go ahead then
19  and enter the requested dates and limits that you have asked
20  for in the attorneys' planning meeting report.
21              Have you already submitted a draft order?
22              MR. WATSON:  I have not, Your Honor.  I would be
23  happy to do so if that would be convenient.
24              THE COURT:  If you would do so, that would be
25  helpful.  Then we'll go ahead and get that issued and go
```

1 forward from there.

2 Now, your objections, Mr. and Mrs. Cromar, your
3 objections are on the record.

4 MR. CROMAR: Thank you.

5 THE COURT: I would --

6 MR. CROMAR: May I ask some questions, Your Honor,
7 please?

8 THE COURT: You can. I'm not sure I will be able
9 to answer them, but you're welcome to ask.

10 MR. CROMAR: Thank you, Your Honor. Thank you.

11 Is this proceeding that we're on, is this being
12 recorded for a written transcript that will go on the
13 record?

14 THE COURT: This hearing is being recorded. It
15 has an audio recording. If you want a transcript made, a
16 written transcript made, you can request that.

17 MR. CROMAR: Yes.

18 THE COURT: But you need to do that through the
19 clerk's office.

20 MR. CROMAR: I understand. How soon would that be
21 possible?

22 THE COURT: You can request that today and then
23 I'm not sure how long it will take to get you a transcript
24 of that, but it shouldn't be very long.

25 MR. CROMAR: Very good. May I ask another couple

1  of questions, please?
2      THE COURT:  Sure.
3      MR. CROMAR:  Did the plaintiff read our most
4  recent motion to dismiss?
5      THE COURT:  I don't know if they have or not.
6  This is not the proper venue for that sort of questioning.
7  If you want to make that inquiry outside of the hearing,
8  you're welcome to do that.
9      MR. CROMAR:  Your Honor, forgive me, but I must
10 object.  This goes straight to the heart of the matter of
11 subject matter jurisdiction.  The plaintiff has not risen to
12 the level of explaining the law, the specific code that
13 relates to us, and under which congressionally authorized
14 code and under which constitutional provision, so I would
15 simply ask this question.  Can the plaintiff tell us if he
16 is making his claim under Article One, Section Eight or
17 something else, please?
18     THE COURT:  Well, the plaintiff has filed a
19 complaint which sets forth what their claims are.
20     MR. CROMAR:  Right.
21     THE COURT:  Anything he would tell you today would
22 not affect that because the United States, as any plaintiff
23 would be, is bound by what they state in their complaint.  I
24 would also state that Judge Shelby has read your previous
25 motions about your concerns about subject matter

1   jurisdiction and has issued an order on that.  He is the
2   district judge in this case and so his ruling will govern
3   that.  Your objection and his ruling preserves that issue,
4   but the case is going to go forward despite your
5   interpretation of the law, because Judge Shelby is the
6   district judge and he has ruled on that.  You will have an
7   opportunity, obviously, at a later date to challenge that
8   issue, but as for right now, that issue is decided and the
9   district judge has found there is subject matter
10  jurisdiction and he has set forth the basis of that in his
11  order.
12            MR. CROMAR:  Again, we object to proceeding
13  without proper, lawful items one, two and three being
14  clearly established, otherwise the proceedings will be
15  arbitrary and capricious.  And it is not due process for the
16  plaintiff to have not clearly defined those issues.  And the
17  Court needs -- I move that the court dismiss their petition
18  immediately, today.
19            THE COURT:  Okay.  Well, the Court is not going to
20  accept an oral motion to dismiss.  I do note that on the
21  record you have I believe filed another motion to dismiss
22  and so that will be decided at the appropriate time.  We'll
23  go forward from there.
24            MR. CROMAR:  It was filed on May 4th and it is, to
25  be clear for the record, it is defendants' motion to dismiss

1  for lack of subject matter jurisdiction of the District
2  Court, which cannot be taken under statutes alone, which is
3  what the argument was, without identified constitutional
4  authority.  This is law school 101 and the plaintiff is
5  using the court as a collection agency without properly
6  identifying any law, constitutionally authorized law.  So we
7  object to any proceeding, any scheduling, anything and
8  everything until this item is addressed on the record of the
9  Court in writing covering items one, two and three as
10 outlined in our motion to dismiss.
11          THE COURT:  Mr. Cromar, do you have a law degree?
12          MR. CROMAR:  No, ma'am.
13          THE COURT:  Ms. Cromar, do you have a law degree?
14          MS. CROMAR:  No, I do not.
15          THE COURT:  I just ask that because when a party
16 appears without an attorney, there is a certain amount of
17 leeway that the Court allows for people that don't have law
18 degrees.  So I just wanted to check that for the record so
19 that you will get the benefit of that.
20          MR. CROMAR:  Relating to your question, Your
21 Honor, the authority of the Court is by the Constitution and
22 those officers of the court swear an oath to that
23 Constitution; is that correct?
24          THE COURT:  Mr. Cromar, I am not sure what you
25 want to accomplish today, because I do not have the

authority to dismiss your case.

        MR. CROMAR:  I understand, Your Honor, but I want to make it very clear that we object to any steps further forward until this issue is clearly identified.

        THE COURT:  And I have told you that your objection is on the record, so I'm not sure what more you would like to accomplish today.

        MR. CROMAR:  Well, so noted.  Thank you for noting such.

        THE COURT:  All right.  Thank you very much.

        We will be in recess on this matter.

        MR. WATSON:  Thank you, Your Honor.

        MR. CROMAR:  Thank you.

        (Proceedings concluded.)