**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR; BARBARA ANN CROMAR; UTAH HOUSING FINANCE AGENCY; UNIVERSAL CAMPUS FEDERAL CREDIT UNION; STATE OF UTAH TAX COMMISSION; and UTAH COUNTY,<br><br>Defendants. | **ORDER DENYING MOTION TO DISMISS**<br><br>Case No. 2:17-CV-01223<br><br>Judge Robert J. Shelby<br>Magistrate Judge Evelyn J. Furse |

This is a civil action brought by the United States to reduce to judgment outstanding federal tax liability against Defendants Paul Kenneth Cromar and Barbara Ann Cromar ("the Cromars"), and to foreclose related federal tax liens on real property. The Cromars filed identical "Motions to Determine the Subject-Matter Jurisdiction of the Court,"[1] arguing the court lacked jurisdiction to adjudicate this matter, and then renewed the same arguments in a later filed "Objection to the Order of the Court and Motion to Suspend Proceedings for Lack of a Demonstrated Subject-Matter Jurisdiction."[2] The court construed these submissions as motions brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and denied them on April 27, 2018.[3]

---

[1] Dkts. 11, 12.

[2] Dkt. 29.

[3] Dkt. 30.

On May 4, 2018, the Cromars filed another Motion, making what are essentially the same arguments concerning the court's subject matter jurisdiction.  If construed as a motion to dismiss, the Motion would be improper given the court's previous ruling on subject matter jurisdiction.  The Cromars are instructed that the filing of improper and frivolous motions may result in the imposition of sanctions.[4]  The Cromars are also instructed that "[e]fforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either 'silly' or 'frivolous' by a myriad of courts throughout the nation."[5]

If construed as a motion for reconsideration, the Motion fails on its face.  The Cromars have not demonstrated "(1) an intervening change in controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."[6]  A motion for reconsideration is not an appropriate vehicle to "revisit issues already addressed."[7]

The Motion[8] is DENIED.  Pursuant to Rule 12(a)(4)(A), the Cromars must respond to the United States' Complaint within 14 days of this Order.

SO ORDERED this 14th day of May, 2018.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[4] *See Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007) ("[T]his court has the inherent power to impose sanctions that are necessary to regulate its docket, promote judicial efficiency, and deter frivolous filings.").

[5] *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990).

[6] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[7] *Id.*

[8] Dkt. 39.