FILED
U.S. DISTRICT COURT
2018 MAY 23 A 8: 49
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, <br><br> v. <br><br> PAUL KENNETH CROMAR, and BARBARA ANN CROMAR, et al. Defendants. | CASE NO.: 2:17-cv-01223-RJS <br><br> Defendant's Objection and Motion to Strike Improper Pleadings for Lack of a Demonstrated subject-matter jurisdiction of the court that is properly and fully shown on the record of the action |

### Defendant's Objection and
### Motion to Strike Improper Pleadings
### for Lack of a Demonstrated subject-matter jurisdiction
### of the court that is properly and fully shown on the record of the action

1. Comes now, Paul Kenneth: Cromar and Barbara Ann: Cromar, *pro se, en pauperis*, Defendants who hereby files this *Objection* and *Motion to Strike* the improper pleadings [Scheduling Order] that are being improperly filed with the court by the plaintiff United States, because neither the plaintiff United States nor the court itself, have yet properly identified and fully established on the written record of the civil action, all of the required legal elements of the alleged constitutionally granted *subject matter jurisdiction* of the court that it can lawfully take over this civil action.

> "So, we conclude, as we did in the prior case, that, although these suits may sometimes so present questions arising under the Constitution or laws of the United States that the Federal courts will have jurisdiction, **yet the mere fact that a suit is an adverse suit authorized by the statutes of Congress is not in and of itself sufficient to vest jurisdiction in the Federal courts.**" *Shoshone Mining Co. v. Rutter*, 177 U.S. 505, 513 (1900).

1

2. Until all three required elements of the alleged constitutionally granted *subject matter jurisdiction* of the court, that it can lawfully take over this civil action, are established on the formal record of the action in the court, the court cannot allow or entertain any other pleadings.

> "There is a presumption against existence of federal jurisdiction; thus, party invoking federal court's jurisdiction bears the burden of proof. 28 U.S.C.A. §§ 1332, 1332(c); Fed. Rules Civ. Proc. Rule 12(h)(3), 28 U.S.C.A."

> "Federal courts are courts of limited jurisdiction. They possess only power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkenen V. Guardian Life ins. Co. of America*, 511 US 375 (1994)

3. The Plaintiff must establish the fully granted subject-matter jurisdiction of the court that it can take over this action, before the court can allow, entertain, or rule on, any other pleadings submitted by the plaintiff, or schedule any further proceedings in the matter. Furthermore, the defendant cannot be expected, or required by the court, to answer or respond to any other pleadings improperly submitted by the plaintiff, until **all three elements** of this *essential*, fully granted *subject-matter jurisdiction* of the court that can be taken over this action is **first identified and established** on the record of the court.

> "Once challenged, jurisdiction cannot be assumed, it must be proved to exist." *Stuck v. Medical Examiners*, 94 Ca.2d 751. 211 P.2d 389.

4. It is well established that it is absolutely necessary for any litigant in the courts to fully know and understand the true *subject-matter jurisdiction* of the court that exists to be taken over the action, before that litigant can properly argue any issue in the case, correctly.

> "Lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction, or stipulation. 28 U.S.C.A. §1332."

5. Before proceeding even one step further, in any manner at all, the plaintiff must establish the alleged *subject matter jurisdiction* of the court that it alleges exists, sufficient to support the claims, as **specifically** argued in the plaintiff's *Complaint*

> "However late this objection has been made or may be made in any cause in an inferior or appellate court of the United States, it must be considered and decided **before any court can move one further step in the cause**, as any movement is necessarily the exercise of jurisdiction. Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them; ; the question is, whether on the case before a court, their action is judicial or extra-judicial; with or without the authority of law, to render a judgment or decree upon the rights of the litigant parties " *State of Rhode Island v. The State of Massachusetts*, 37 U.S. 657, 718 (1838)

6. This court cannot ignore the *Motions* of the defendant challenging the absence of a properly identified and declared, fully granted, *subject-matter jurisdiction* of the court that can be taken over this action. Subject-matter jurisdiction of the court must be established on the record of the action in the court. This court cannot allow or rule on any other pleadings or filings, or allow any *scheduling* of subsequent matters, or allow any other proceedings to go forward in the federal district court in this action, - including any filing or pleading by the plaintiff United States seeking to move forward in any way at all, until **all three elements** of the granted *subject-matter jurisdiction* of the court that can be taken over this action are plainly and clearly **fully identified and properly** established on the record of the action in the court.

> "It is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."
> *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003)

> "It remains rudimentary law that "[a]s regards all courts of the United States inferior to this tribunal [United States Supreme Court], two things are necessary to create jurisdiction, whether original or appellate. The **Constitution must have given to the court the capacity to take it**, and an act of Congress must have supplied it. . . ." [Emphasis in original.] *Finley v. United States, 490 U.S. 545 (1989).*

7. In order for the plaintiff (or the court itself) to lawfully and properly, **fully** establish the granted *subject-matter jurisdiction* of the district court that is alleged to exist, and that allegedly can be taken over the civil action by the court, - to sustain the action in the court; - it is absolutely necessary for the plaintiff to fully **identify** on the record of the action, **all three** of the **required elements** of a **properly** and **fully** *constitutionally* granted *subject-matter jurisdiction* of the court that can be taken over the civil action, *i.e.*:

(1) a **specific *power*** must be identified as **granted** by the Constitution (or Amendment) for the U.S. Congress to exercise;

(2) a specific **grant** of authority for Congress **to write law** must be made by the Constitution (or Amendment), with respect to the administration and enforcement of the **specific power** granted in (#1) above[1]; and,

(3) a specific statute must be legislatively enacted by an **authorized** Congress, that has specific application to the enforcement of the *power* granted and exercised in (#1) above and **made *enforceable*** with law from a so-authorized Congress, under (#2) above.

8. Until the plaintiff, or this court itself, have properly **fully** established the alleged *subject matter jurisdiction* of the court that has been taken over the civil action, which it has not yet done on the record of the action, defectively invoking **only** vague and arbitrary, non-specific statutes that do not appear to establish the necessary *legal cause* for the *claims* with **specific** respect to the defendant in this action, but which, are in fact so vague as that they do **not** apply to any defendant as a *legal cause*. The plaintiff fails to

---

[1] *i.e.*: a specific *enabling enforcement clause* of the Constitution, **or one of its** Amendments, must be shown to have been made applicable to the **specific** *taxing power* alleged *constitutionally* granted, and *operationally practiced* under (#1) above;

identify any specific alleged fundamental constitutional authority or power alleged exercise, that is made *enforceable* by an applicable ***enabling enforcement clause*** of the U.S. Constitution, as the constitutional foundation to the entire action.  It is legally insufficient to vaguely infer *constitutionality* as the basis for an alleged *subject-matter jurisdiction* of the court. As stated by the Defendants in the pretrial hearing presided over by Judge Furse on May 9, 2018 via teleconference, the transcript reads:

> MR. CROMAR:  This is law school 101 and the plaintiff is using the court as a collection agency without properly identifying any law, -- constitutionally authorized law.  So we object to any proceeding, any scheduling, anything and everything until this item is addressed on the record of the Court in writing covering [subject-matter jurisdiction] items one, two and three as outlined in our [May 4, 2018] motion to dismiss.

9. Furthermore, claiming the defendant is presenting *frivolous* arguments, does **not satisfy** the legal burden of the plaintiff to then establish **what is correct and lawful** as to the alleged *subject-matter jurisdiction* of the court that can be taken over the action.  Nor does a claim of *frivolity* relieve the plaintiff of its *due process* legal duty to **fully** identify **all three elements** of the alleged *subject-matter jurisdiction* of the court alleged taken over the action

> A court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction in a particular case only, and undertakes to exercise the jurisdiction conferred in a case to which the statute has no application, the judgment rendered is void. The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments § 25, pp. 388-89.

10. It is now clear, after repeated *Motions* for the plaintiff United States to fully **identify** the alleged *subject-matter jurisdiction* of the court, that the Plaintiff **obviously cannot** do what is required by law to proceed; - as made evident from its ludicrous *subject-matter*

*jurisdiction* claims defectively invoking **only** vague and non-specific statutes and *irrelevant opinions* (which do not provide, and which cannot be, the legal basis for a claimed *subject-matter jurisdiction* of the court) - without citing any **specific** legitimate constitutional *power exercised* or granted as the legal foundation to the civil action in the court; and without citing any **applicable** *enabling enforcement clause* that is properly associated with the enforcement of the specific *power alleged* granted and exercised in the plaintiff IRS' *operational practices*. Therefore, this so called legal action cannot proceed any further in the federal district court, and the plaintiff's improper pleadings must be **stricken from the record** and cannot be ruled upon by the court **without first identifying and declaring** all three elements of the alleged *subject matter jurisdiction* of the district court that can be, and has been, taken over the *claims* made in the *Complaint* filed by the plaintiff in the civil action.

> "The law provides that once State and Federal Jurisdiction has been challenged, it must be proven ... Jurisdiction, once challenged, **cannot be assumed** and must be decided." *Maine v Thiboutot*, 100 S. Ct. 2502 (1980).

> "Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." *United States v. Cotton*, 535 U.S. 625, 630 (2002); *Accord Jordon v. Gilligan*, 500 F.2d 701 (6th CA, 1974) ("[A] court must vacate any judgment entered in excess of its jurisdiction."); *State v. Swiger*, 125 Ohio.App.3d 456. (1995) ("If the trial court was without subject matter jurisdiction of defendant's case, his conviction and sentence would be void *ab initio*."): *Burrell v. Henderson, et al.*, 434 F.3d 826, 831 (6th CA 2006) ('[D]enying a motion to vacate a void judgment is a per se abuse of discretion.").

11. Therefore, as there is no proper or complete declaration of the specific *subject matter jurisdiction* of the court that was taken over the civil action that is present on the record of the action in the court, the plaintiff's *pleadings* are certainly filed with the court prematurely and improperly, and cannot entertained by it, until these live issues of the

granted *subject-matter jurisdiction* of the court that can properly and lawfully be taken over this civil action, are settled. Based on the defective filing by plaintiff United States, the only lawful action allowed the court under its limited authority is to dismiss the case. If at some future time the plaintiff can discover and define a subject-matter jurisdiction path that can be proven to fully and lawfully lead directly to the Defendants, only then could this or some other lawful court address this issue.

> "In a long and venerable line of cases, the Supreme Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit. See, *e.g., Capron v. Van Noorden*, 2 Cranch 126; *Arizonans for Official English v. Arizona*, 520 U.S. 43, (1997). *Bell v. Hood, supra; National Railroad Passenger Corp. v. National Assn. of Railroad Passengers*, 414 U.S. 453, 465, n. 13; *Norton v. Mathews*, 427 U.S. 524, 531; *Secretary of Navy v. Avrech*, 418 U.S. 676, 678 (per curiam); *United States v. Augenblick*, 393 U.S. 348; *Philbrook v. Glodgett*, 421 U.S. 707, 721; and *Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 86-88, distinguished. For a court to pronounce upon a law's meaning or constitutionality when it has no jurisdiction to do so is, by very definition, an *ultra vires* act. Pp. 93-102." *Steel Co., aka Chicago Steel & Pickling Co. v. Citizens For a Better Environment*, No. 96-643, 90 F.3d 1237 (1998)

12. Further proceedings in this action are therefore procedurally **barred** by the Federal Rules of Civil Procedure from going forward, until the plaintiff makes a proper and full disclosure of the alleged *subject matter jurisdiction* of the federal district court that it is alleged can be taken over the civil action, to allow the court to entertain the action, to allow it to proceed in the federal courts under the specifically identified, legitimate, *enforceable subject matter jurisdiction* of the court.

> "If parties do not raise question of lack of jurisdiction, it is the duty of the federal court to determine the manner sua sponte. 28 U.S.C.A. §1332."

13. The plaintiff's *pleading* is obviously filed with the court **improperly** and **prematurely**, and **cannot** be properly or lawfully accepted, heard, or entertained by the

7

court at this time, until the apparent **lack** of a granted *subject-matter jurisdiction* of the court that can lawfully be taken over the civil action, is resolved and remedied, and the granted *subject-matter jurisdiction* taken, is properly shown on the formal record of the action in the court by the plaintiff United States.

Respectfully submitted,

by: *[signature]*
Paul Kenneth: Cromar
9870 N. Meadow Drive
Cedar Hills, UT 84062  usA

And

*[signature]*
Barbara Ann: Cromar
9870 N. Meadow Drive
Cedar Hills, UT 84062  usA

May 23, 2018