# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR, BARBARA ANN CROMAR, UNIVERSAL CAMPUS FEDERAL CREDIT UNION, and UTAH COUNTY,<br><br>Defendants. | **ORDER DENYING MOTION TO STRIKE IMPROPER PLEADINGS (ECF NO. 48) AND MOTION FOR HEARING (ECF NO. 49)**<br><br>Civil No. 2:17-cv-01223-RJS-EJF<br><br>District Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

Defendants Paul Kenneth Cromar and Barbara Ann Cromar (the "Cromar Defendants"), proceeding pro se and <u>in forma pauperis</u>, move the Court[1] to strike the proposed scheduling order that the Plaintiff, the United States of America, filed on May 14, 2018 (ECF No. 45) (Mot. to Strike Improper Pleadings for Lack of a Demonstrated subject-matter jurisdiction of the court that is properly and fully shown on the record of the action ("Mot."), ECF No. 48.)  The Docket states that the Cromar Defendants seek to strike the "Improper Pleadings for Lack of a Demonstrated subject-matter jurisdiction of the court that is properly and fully shown on the record of the action."  (ECF No. 48.)  The Court DENIES the Cromar Defendants' Motion to Strike because the Federal Rules of Civil Procedure ("Rules") and the local rules for the District of Utah do not permit

---

[1] On January 5, 2018, District Judge Robert J. Shebly referred this case to the undersigned Magistrate Judge pursuant to § 636 (b)(1)(A).  (ECF No. 9.)

1

motions to strike in this context.  The Court also DENIES the Cromar Defendants' Motion for Hearing regarding their Motion to Strike.

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or redundant, immaterial, impertinent, or scandalous matter" by motion or on its own. Fed. R. Civ. P. 12(f) (emphasis added).  Rule 7(a) defines "pleadings" as a complaint, answers, a third-party complaint, and a reply to an answer if the court orders one.  Fed. R. Civ. P. 7(a).  While the Rules also allow parties to file a motion to strike unsigned papers under Rule 11 and third-party claims under Rule 14, see Fed. R. Civ. P. 11(a) & 14(a)(4), no provision in the Rules authorizes motions to strike other motions and memoranda.  Searcy v. Soc. Sec. Admin., 956 F.3d 278 (table decision), 1992 WL 43490, at 2* (10th Cir. Mar. 2, 1992) (unpublished) (citing JAMES MOORE & JO DESHA LUCAS, 2A MOORE'S FEDERAL PRACTICE ¶ 12–21 AT 12–164 (Matthew Bender, 2d ed. 1991)); see also 2 MOORE'S FEDERAL PRACTICE, §12.37[2] (Matthew Bender 3d ed. 2015.  Thus, courts in the Tenth Circuit have repeatedly denied motions to strike other motions and memoranda.  See Searcy, 1992 WL 43490, at *2 (denying motion to strike motion to dismiss and memorandum); Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d 1176, 1184 (D. N.M. 2009) (holding parties may not use a motion to strike to attack motions, briefs, and memoranda); Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp. 2d 1022, 1028–29 (D. Kan. 2006) (overruling motions to strike brief in support of a Daubert motion).  Therefore, this Court finds the Cromar Defendants' Motion to Strike prohibited by the Rules.

The Court also notes that the Cromar Defendants' Motion to Strike is at least their third attempt to challenge this Court's subject matter jurisdiction over their case.

(<u>See</u> ECF Nos. 11, 12, and 48.) On April 27, 2018, this Court entered an Order denying the Cromar Defendants' Motion challenging this Court's subject jurisdiction. (<u>See</u> Order, ECF No. 30.) The Cromar Defendants filed another Motion challenging this Court's subject matter jurisdiction. (Mot . to Dismiss for Lack of <u>subject-matter jurisdiction</u> of the District Court, which cannot be taken under statutes alone, - without an identified constitutional authority, ECF No. 39.) On May 15, 2018, this Court entered an Order denying the Cromar Defendants' Motion to Dismiss and issued a warning that "the filing of improper and frivolous motions may result in the impositions of sanctions." (Order Denying Mot. to Dismiss 2, ECF No. 46.) The Court again reminds the Cromar Defendants that the continued failure to abide by the Court's Order will result in sanctions.

    DATED this 29th day of May, 2018.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge