# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR, BARBARA ANN CROMAR, UTAH HOUSING FINANCE AGENCY, UNIVERSAL CAMPUS FEDERAL CREDIT UNION, STATE OF UTAH, TAX COMMISSION, AND UTAH COUNTY, UTAH,<br><br>　　Defendants. | **ORDER TO SHOW CAUSE**<br><br>Case No. 2:17-cv-1223<br><br>Judge Robert J. Shelby<br>Magistrate Judge Evelyn J. Furse |

On June 19, 2018, the United States filed a Motion for Entry of Default[1] against Defendants Paul Kenneth Cromar and Barbara Ann Cromar (the Cromars) based on their failure to answer or defend against the Complaint. Alternatively, the United States asks the court to order the Cromars to answer or suffer entry of default.

The Cromars have mounted numerous challenges to the court's subject matter jurisdiction over this action.[2] The court has rejected each challenge, finding jurisdiction to be proper.[3] On May 14, 2018, the court denied the Cromars' Motion to Dismiss and ordered them to respond to the United States' Complaint within fourteen days of the Order pursuant to Federal Rule of Civil

---

[1] Dkt. 56.

[2] *See* dkts. 11, 12, 26, 29, 39, 48, 49, 53.

[3] *See* dkts. 27, 46, 51.

Procedure 12(a)(4)(A).[4]  Rather than answer the Complaint, the Cromars asserted yet another challenge to the court's subject matter jurisdiction in the form of a "Motion for a More Definitive Statement."[5]  The court denied that Motion[6] and issued an Order to Show Cause why a $100 sanction should not be imposed.[7]

The Cromars are ordered to file an answer to the Complaint within fourteen days of this Order.  Failure to answer or otherwise defend within fourteen days may result in the entry of default against them pursuant to Rule 55(a).[8]

SO ORDERED this 27th day of June, 2018.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[4] Dkt. 46.

[5] Dkt. 53.

[6] Dkt. 57.

[7] Dkt. 58.

[8] Fed. R. Civ. P. 55(a) ("Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").