# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

FILED
U.S. DISTRICT COURT

2018 JUN 28 ⊃ 1: 10

DISTRICT OF UTAH

BY_____
DEPUTY CLERK

CASE NO.: 2:17-cv-01223-RJS

UNITED STATES OF AMERICA,
Plaintiff,

v.

PAUL KENNETH CROMAR, and
BARBARA ANN CROMAR, et al.
Defendants.

Defendants' Motion to Dismiss
For Lack of *subject-matter jurisdiction*
of the District Court that can be taken
under statutes alone,
- without an identified constitutional
authority and
MOTION FOR HEARING

---

## Defendants' Motion to Dismiss for Lack of *subject-matter jurisdiction* of the District Court that can be taken under statutes alone, - without an identified constitutional authority And MOTION FOR HEARING

1.      Comes now, Paul Kenneth: Cromar, and Barbara Ann: Cromar, *pro se, en pauperis,* under the Federal Rules of Civil Procedure (F.R.C.P.) Rule 12(b)(1) - *Lack Of Subject-Matter Jurisdiction*; Rule 12(b)(2) - *Lack Of Personal Jurisdiction*; Rule 12(h)(3) - *Lack of Subject-Matter Jurisdiction*; and Rule 12(b)(6) - *Failure To State A Claim Upon Which Relief Can Be Granted*, and moves this honorable court to dismiss this action *with prejudice* for **lack** of a constitutionally granted *subject-matter jurisdiction* of the federal district court over this matter that can be taken by the court under only the authority of statutes, without citing the **specific** underlying, fully and properly granted constitutional *power* to exercise, or the applicable constitutional enabling enforcement authority that authorizes Congress to write the law that the statutes invoked represent.

2.      Is the district court prosecuting this civil action, or is the plaintiff?

3.     The plaintiff has a legal duty to fully and properly identify all three elements of the alleged subject-matter jurisdiction of the court that can be taken over the action.

> "There is a presumption against existence of federal jurisdiction; thus, party invoking federal court's jurisdiction bears the burden of proof.  28 U.S.C.A.  §§ 1332, 1332(c); Fed. Rules Civ. Proc. Rule 12(h)(3), 28 U.S.C.A."

> "Once challenged, jurisdiction cannot be assumed, it must be proved to exist." *Stuck v. Medical Examiners*, 94 Ca.2d 751. 211 P.2d 389.

> "Jurisdiction, once challenged, cannot be assumed and must be decided." *Maine v Thiboutot*, 100 S. Ct. 2502 (1980).

> "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but rather should dismiss the action." *Melo v. U.S.*, 505 F.2d 1026 (1974)

4.     The plaintiff has failed and is attempting to *prejudicially* avoid performing that legal duty.  In refusing to disclose the fundamental *taxing power*, **direct** or **indirect,** and in refusing to identify the applicable *enabling enforcement power,* the plaintiff **violates** the required legal *due process* owed the defendants, and makes it impossible for the defendants to **ever** answer the *Complaint* because of the plaintiff-*engineered* **absence** of the *constitutional* information absolutely necessary and required to be present on the record of the action in the court, in order to allow the defendants to be able to answer the *Complaint* with the correct and appropriate facts, laws, clauses of the Constitution, precedents, and legal arguments that would be applicable and which would then be framed around either the *apportionment* and *proportionate imposition* limitations that still controls and limits all constitutional *direct taxation* under Article I (Section 2, clause 3 and Section 9, clause 4), **or,** they would be otherwise framed around the (*geographical*) *uniformity* limitation that controls and limits all of the *indirect powers* of Congress to tax under Article I, Section 8, clause 1, **depending upon what the PLAINTIFF argues.**

5.      The *subject-matter jurisdiction* of the court **cannot lawfully be established** alone, **solely under the alleged authorities of the statutes** that have been cited deficiently by the plaintiff in its *Complaint* and *Reply*, nor by any unsupported *declaration* of the district court itself in this action, *i.e.*: under IRC §§ 1340, 1345, 7402, 7403; - **without making** the required identification of any underlying *constitutionally* granted *power* to exercise, that is actually made enforceable by an associated *enabling enforcement clause* of the U.S. Constitution, that serves as the fully identified constitutional foundation for the alleged *subject-matter jurisdiction* of the court, to enforce the *claims* for the payment of the particular and specific **constitutional type** of tax alleged by the plaintiff to be owed by the ss.

6.      There is no constitutionally granted *subject-matter jurisdiction* of the federal district court that exists for it to take over this civil action to enforce the payment by the individual defendants, of a tax that was assessed by the IRS under its published operational practices as a *direct* and *unapportioned* tax on *income*, allegedly under a new *taxing power* created under alleged authority of the 16th Amendment alone.

7.      It is obvious now, that both the court and the plaintiff are completely unable to cite any specific constitutional authorities at all that would enable the court to properly and lawfully take a properly and fully-granted *subject-matter jurisdiction* over the civil action to enforce the *tax* actually *operationally practiced* within the IRS to make the claimed assessments of tax alleged owed by the defendants, *i.e.*: the *direct unapportioned* taxation of all *labor* under the 16th Amendment.

8.      It is irrefutable that there is **no** *enabling enforcement clause* in the 16th Amendment to grant to Congress the *power* to enforce with law an alleged new taxing power created under the 16th Amendment. Therefore, there is no properly or fully granted *subject-matter jurisdiction* for the district court to invoke or take, under the 16th Amendment, to allow it to enforce the payment of a *direct unapportioned* tax upon an individual citizen in blatant violation of Article I, Section 2, clause 3 and Article I, Section 9, clause 4 of the U.S. Constitution, - as is being unlawfully attempted by the Plaintiff and the court now, in this civil action.

"...We admit, as all must admit, that the powers of the government **are limited**, and that its limits are **not to be transcended**.  But we think the sound construction of the constitution must allow to the national legislature that discretion, with respect to the means by which the powers it confers are to be carried into execution, which will enable that body to perform the high duties assigned to it, in the manner most beneficial to the people.  Let the end be legitimate, let it be **within** the **scope** of the constitution, and all means which are appropriate, which are plainly adapted to that end, **which are <u>not</u> prohibited**, but **<u>consistent</u>** with the **letter** and **spirit** of the constitution, are constitutional ..." *McCulloch v. State of Maryland*, 17 U.S. 316 (1819)

9.     The 16th Amendment authorizes **no** such unlimited *direct* taxing power; nor is any type of taxing power allegedly newly created thereunder, ever **made** *enforceable* with law through the adoption of an associated **enabling** *enforcement clause* (because there is **none** in 16th Amendment), that would apply to any new *taxing power* allegedly created thereunder; - that would give the court the lawful ability to take an **identifiable** *constitutionally* **fully** <u>granted</u> *subject-matter jurisdiction* of the district court, that could be lawfully taken over the civil action to enforce against an individual, any assessment of tax that was assessed by the IRS as a *direct unapportioned* tax under the 16th Amendment, rather than as an *indirect* tax under Article I.

"by the previous ruling [*Brushaber v Union Pacific R. Co.*] it was settled that the provisions of the Sixteenth Amendment **conferred no new power of taxation** but simply <u>prohibited</u> the previous complete and plenary power of income taxation possessed by Congress from the beginning <u>from being taken out of</u> the **category** of *indirect* **taxation <u>to which it inherently belonged</u>**" *Stanton v. Baltic Mining Co.*, 240 U.S. 103 (1916), at 112

10.     The statutes cited by the court, alone and by themselves, IRC §§ 1340, 1345, 7402, 7403; - invoked by the court without any accompanying identification of the underlying constitutionally granted *power* or authority alleged exercised in the action, do not establish by themselves, the *subject-matter jurisdiction* of the federal district court that can be taken over the civil action.  The *subject-matter jurisdiction* of the court cannot be established under statutes alone.

4

"So, we conclude, as we did in the prior case, that, although these suits may sometimes so present questions arising under the Constitution or laws of the United States that the Federal courts will have jurisdiction, yet the mere fact that a suit is an adverse suit authorized by the statutes of Congress is not in and of itself sufficient to vest jurisdiction in the Federal courts." *Shoshone Mining Co. v. Rutter, 177 U.S. 505, 513 (1900).*

11.    The silence of the plaintiff United States on the subject is fatal to the civil action, as it is beyond the court's authority to invent its own *subject-matter jurisdiction* to enforce *direct taxation* on the individual citizens.

"Federal courts are courts of limited jurisdiction. They possess only power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkenen V. Guardian Life Ins. Co. of America,* 511 US 375 (1994)

12.    First, Title 28 USC §1340, simply says:

**§ 1340 - Internal revenue; customs duties**

The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade.

13.    This statute establishes the jurisdiction of the court arising out of Acts of Congress that are **authorized by the Constitution.** The court however fails to identify what specific "*Act of Congress providing for internal revenue*" it relies on in this case. Would that be the **Underwood-Simmons Tariff Act of Oct. 3, 1913** ?   If not the Tariff Act, then what Act is referenced in this case?   The Defendants, who are strictly within only the State of Utah, have **no** identifiable *subjectivity* to any **foreign tariff** <u>within the lands of the state of Utah</u>.

14.    And Title 28 USC § 1345 simply states:

**§ 1345 - United States as plaintiff**

Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

15.     This statute also has absolutely **no** applicability at all to the specific defendants in this instant civil action, sufficient to establish any properly and fully identified *subject-matter jurisdiction* of the court that may be lawfully taken over the specific ***claims*** against the defendants that have been made in the [authorized] civil action.   It is not the *subject-matter jurisdiction* over the civil action that is actually most important, it is the ability of the court to lawfully **take** a granted *subject-matter jurisdiction* to enforce the *claims* that are made <u>within</u> the *Complaint* that was filed by the plaintiff in the civil action, <u>*as argued*</u> <u>and presented</u> <u>therein,</u> that is important; - and that should be the focus of the court in making this determination, **not** simply its grant of legal authority to **generally entertain** civil actions in federal court, without applicable specificity to any defendant in that court, and without the required identification of the specific foundational granted *taxing power* exercised in operational practice by the plaintiff's IRS.

16.     The court has a legal *due process* duty to positively identify the *subject-matter jurisdiction* of the court that may be lawfully taken over the **specific** *claims* that have been made against the defendants, and **not** just the ***general*** authority to entertain a civil action - without regard for the <u>actual *claims* made within that action</u> against a **particular** defendant's *person.*

17.     The alleged *subject-matter jurisdiction* of the court must be established with specificity that actually relates to the *claims* made against the defendants, and not just the general authority of the court.   The plaintiff's cite of these vague code sections to attempt to establish its specific *subject-matter jurisdiction* <u>over the specific claims and specific</u> <u>defendants</u>, is ***disingenuous*** at best, and a **complete fraud** at worst.

"A void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties." *Rook v. Rook*, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987)

We think, however, that it can be reasoned that a decision produced by fraud on the court is not in essence a decision at all, and never becomes final." *Kenner v. C.I.R.*, 387 F.2d 689, (7th CA, 1968)

18.    Next, we have IRC § 7402, also invoked by this court.  It simply says:

**Sec. 7402. Jurisdiction of district courts**

**(a) To issue orders, processes, and judgments**

The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

19.    IRC § 7402 is **also** far too vague and non-specific to identify or establish the specific *subject-matter jurisdiction* alleged taken by the court over the civil action, referring only vaguely and without specificity (with regards to the plaintiff's *claims* made in its *Complaint*), to "*the enforcement of the internal revenue laws*", which is without the required statutory **specificity** necessary as to **_which_** "*internal revenue law*", **with respect to the defendants**, rather than the court, is referenced, - to properly establish all three of the <u>specific</u> ***constitutionally* required** components of the alleged *subject-matter jurisdiction* of the district court that can be taken over the civil action.

20.    And IRC § 7403 also simply states:

**Sec. 7403. Action to enforce lien or to subject property to payment of tax**

**(a) Filing**  In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability. For purposes of the preceding sentence, any acceleration of payment under section 6166(g) shall be treated as a neglect to pay tax.

**(b) Parties**  All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto.

21.   IRC § 7403 is also, clearly, too vague and arbitrary by itself to properly establish the **specific** *subject-matter jurisdiction* of the district court that can be taken over the civil action and the defendants, as it simply says that it may be used to enforce the payment of "*any tax*". The **specific "*which tax*"** is **never specified,** and therefore **insufficient** to properly and fully establish the granted *subject-matter jurisdiction* of the court that lawfully can be taken over the civil action with respect to the individual defendants, and thereby deprives the defendants of *due process* by refusing to disclose the foundational information that is absolutely required to allow a defendant to answer a *Complaint.*

22.   Clearly, the authority granted in this statute, to enforce "***any*** *tax*", is again far too vague and arbitrary to be used properly as a *subject-matter* foundation to a specific *claim* within a civil legal action, against a specific defendant.   Establishing the general authority of the court to hear legal actions, is certainly **not** the same as establishing the courts' authority to act with specific respect to a *claim* made by a specific plaintiff, against a particular, specified defendant, under a specific statutory requirement or command, under a specifically granted and identified constitutional *taxing power*, that is constitutionally made *enforceable* with law by an associated *enabling enforcement clause* of the U.S. Constitution.

23.   Where is the **essential** statute that applies to the defendants, rather than the court? Where is the constitutional *taxing power* allegedly exercised, identified; or the authority to

enforce *direct unapportioned* taxation on the citizens granted? As opposed to the authorized enforcement upon the "*several states*" required by Article I, Section 2, clause 3. These required *subject-matter jurisdiction* elements (the specific *taxing power* exercised, and the associated *enabling enforcement clause* of the Constitution) are **missing** in the *Complaint* because they **do not lawfully exist** under the Constitution, which **requires** a specifically associated *enabling enforcement clause*, which **irrefutably does not exist** in the 16th Amendment.

24.     Is this court really trying to claim a jurisdiction over the defendants, simply because the court is authorized to conduct trials?  In other words, is the court really claiming that despite the fact that there is no identifiable charge or statute that relates specifically to the defendants, the court is going to conduct a trial, **not** because there is a statute that the defendants allegedly violated, but simply because the court is authorized to conduct trials? Of course, that's prejudicially insane star-chamber FRAUD.

25.     Is this court *prejudicially* trying to help the plaintiff by wrongfully **ignoring** all **of the controlling** fundamental constitutional law concerning the proper establishment of a *subject-matter jurisdiction*, in order to effect an obviously pre-determined outcome with its rulings, without a *due process* regard for either Fact or Law?

26.     What is the specific statute the defendants have allegedly violated?  What is the constitutional basis for the enforced payment of any claim for the payment of a *direct unapportioned* tax against an individual citizen, where the tax is assessed in operation by the plaintiff's IRS as a *direct* tax without *apportionment*, rather than as a *geographically uniform, enforceable, Impost, Duty, or Excise*?

27.     An enforceable *constitutional power* and a specific statute, with specific, identified, applicability to the defendants, with regards to the plaintiff's *claims* that are made in its *Complaint*, must be identified and produced to allow the plaintiff and the court to proceed in the litigation.

"Jurisdiction can be challenged at any time." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 910.

"There is no discretion to ignore lack of jurisdiction." *Joyce v. U.S.*, 474 F.2d 215 (1973).

"In a long and venerable line of cases, the Supreme Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit.  See, *e.g.*, *Capron v. Van Noorden*, 2 Cranch 126; *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997), 117 S. Ct. 1055, 137 L. Ed. 2d 170. *Bell v. Hood, supra*; *National Railroad Passenger Corp. v. National Assn. of Railroad Passengers*, 414 U.S. 453, 465, n. 13; *Norton v. Mathews*, 427 U.S. 524, 531; *Secretary of Navy v. Avrech*, 418 U.S. 676 , 678 (per curiam);  *United States v. Augenblick*, 393 U.S. 348 ; *Philbrook v. Glodgett*, 421 U.S. 707, 721;  and *Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 86-88, distinguished. For a court to pronounce upon a law's meaning or constitutionality when it has no jurisdiction to do so is, by very definition, an *ultra vires* act." Pp. 8-17."  *Steel Co., Aka Chicago Steel & Pickling Co.  v.  Citizens for a Better Environment*, No. 96-643, 90 F.3d 1237 (1998)

28.    A legal foundation properly and fully establishing the true *subject-matter jurisdiction* of the court that can be taken over the civil action to allow the court to hear the action, **requires both** *constitutional* **and** *statutor*y **specificity** of the *powers* alleged *exercised,* - which are **also** *constitutionally* **made** *enforceable***;** - and without the specificity necessary in each of those elements to actually establish the **specific** *subject-matter jurisdiction* of the district court that can be taken over the civil action with respect to the defendants and the **specific** claims made against them, it is impossible for any defendant to answer a *Complaint* or properly argue an applicable defense, or to argue any defense at all in fact, if the *constitutional* nature of the claims made are not fully identified, disclosed, and made known on the formal record of the civil action in the court in the form of the **completely** identified, alleged *subject-matter jurisdiction* of the court that may be taken over the civil action.

29.    These statutes *erroneously* invoked by the court, alone and by themselves, to claim a *subject-matter jurisdiction* of the court that can be taken over the civil action, **do not apply** to the defendants, **but the court**.   These statutes are so vague and non-specific with respect to

any claim made against any specific defendant, that they are virtually irrelevant and absolutely insufficient to properly and fully establish the lawful *subject-matter jurisdiction* of the district court that is alleged to be constitutionally granted and **made *enforceable***, and that can therefore properly and lawfully be taken over the civil action by the court.

> It remains rudimentary law that "[a]s regards all courts of the United States inferior to this tribunal, **two things are necessary to create jurisdiction,** whether original or appellate. **The Constitution must have given to the court the capacity to take it,** *and an act of Congress must have supplied it* **....** To the extent that such action is not taken, the power lies dormant." *The Mayor v. Cooper,* 6 Wall. 247, 252, 18 L.Ed. 851 (1868); accord, *Christianson v. Colt Industries Operating Co., 486 U.S. 800,* 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368,* 379-380, 101 S.Ct. 669, 676-677, 66 L.Ed.2d 571 (1981); *Kline v. Burke Construction Co.,* 260 U.S. 226, 233-234, 43 S.Ct. 79, 82-83, 67 L.Ed. 226 (1922); *Case of the Sewing Machine Companies,* 18 Wall. 553, 577-578, 586-587, 21 L.Ed. 914 (1874); *Sheldon v. Sill,* 8 How. 441, 449, 12 L.Ed. 1147 (1850); *Cary v. Curtis,* 3 How. 236, 245, 11 L.Ed. 576 (1845); *McIntire v. Wood,* 7 Cranch 504, 506, 3 L.Ed. 420 (1813). *Finley v. United States,* 490 U.S. *545* (1989).

30.     Neither the Plaintiff United States, nor the court itself, can properly fully establish the *subject-matter jurisdiction* of the federal district court in this case by statutes alone, as it has improperly attempted to do in its incomplete and erroneous pleadings or *Orders.* Nor may the district court establish its *subject-matter jurisdiction* under either a single clause of the Constitution or an Amendment without an associated and applicable *enabling enforcement clause;* **nor** may *subject-matter jurisdiction* be lawfully taken under a mere *Opinion.*

31.     This is all especially true where those invoked statutes, like Title 28 USC § 1340, 1345, and IRC §§ 7402 and 7403, - the statutes relied upon in this action, are so vague and **non-specific** that it is **impossible** for any defendant to identify or determine the **specific** constitutionally granted *taxing power* alleged exercised in *operational practice,* as argued in the *claims* made in the plaintiff's original *Complaint.* Nor can *subject-matter jurisdiction* be identified from such *claims* where that alleged *taxing*

*power* exercised, is **not** made *constitutionally* **enforceable** by an applicable, congressionally enacted statute that actually has a published applicability to the *taxing power* <u>exercised in *operational practice*</u> by the plaintiff's IRS; which statutes cannot exist under the 16th Amendment for lack of an *enabling enforcement clause* contained therein.

## Authorities

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR | 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
|---|---|---|---|
| 7209 | 27 Part 70 | 9003 | 11 Parts 9003, 9033 |
| 7212 | 27 Parts 40, 41, 44, 45, 46 | 9004 | 11 Part 9004 |
| 7213 | 27 Part 17 | 9005 | 11 Part 9005 |
| 7214 | 5 Part 3101 | 9006 | 11 Part 9006 |
|  | 15 Part 0 | 9007 | 11 Parts 201, 9007 |
|  | 27 Part 70 | 9008 | 11 Parts 201, 9008 |
| 7216 | 26 Part 301 | 9009 | 11 Parts 201, 9001, 9002, 9003, 9004, 9005, |
| 7302 | 27 Part 24 |  | 9006, 9007, 9008 |
| 7304 | 27 Part 70 | 9012 | 11 Part 9012 |
| 7322—7326 | 27 Part 72 | 9031 | 11 Part 9031 |
| 7325 | 27 Part 40 | 9032 | 11 Part 9032 |
| 7327 | 23 Part 773 | 9033 | 11 Part 9033 |
| 7342 | 27 Parts 24, 25, 40, 41, 44, 45, 46 | 9034 | 11 Part 9034 |
| 7401 | 27 Part 70 | 9035 | 11 Part 9035 |
| 7403 | 27 Part 70 | 9036 | 11 Part 9036 |
| 7406 | 27 Part 70 | 9037 | 11 Part 9037 |
| 7423—7426 | 27 Part 70 | 9038 | 11 Parts 201, 9038 |
| 7429—7430 | 27 Part 70 | 9039 | 11 Parts 201, 9031, 9032, 9033, 9034, 9035, |
| 7432 | 27 Part 70 |  | 9036, 9037, 9038, 9039 |

32.    Without statutory *applicability* under Title 27, Part 70 (ATF – *commodities* & *articles of commerce*), the court is plainly without proper *subject-matter jurisdiction* under the statutes invoked.   Without *subject-matter jurisdiction* to entertain the civil action, the district court **must** **dismiss the action with prejudice.  It has no other choice.**

> The Supreme Court has repeatedly told the federal judiciary it may not rely on a conclusive presumption to find against a defendant on an essential element of a cause of action. *See Sandstrom v. Montana*, 442 U.S. 510, 521-523, 99 S.Ct. 2450, 2458-2459 (1979); *Stanley v. Illinois*, 405 U.S. 645, 654-657, 92 S.Ct. 1208, 1214-1216 (1972); *Heiner v. Donnan*, 285 U.S. 312, 325-29, 52 S.Ct. 358, 360-362 (1932); *Schlesinger v. State of Wisconsin*, 270 U.S. 230, 46 S.Ct. 260 (1926); *Tot v. United States*, 319 U.S. 463, 468-69, 63 S.Ct. 1241, 1245-1246 (1943); *Vlandis v. Kline*, 412 U.S. 441, 446, 93 S.Ct. 2230, 2233 (1973); *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318-19, 119 S.Ct. 1961, 1977 (1999), and *Jones v. Bolles*, 76 U.S. 364, 368 (1869).

"Lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction, or stipulation. 28 U.S.C.A. §1332."

33.     In this civil action and legal dispute, the plaintiff United States' IRS unarguably assessed a *direct unapportioned* tax upon the defendants' labor, under an alleged and argued, sole authority of the 16th Amendment to tax the defendants *directly* and without *apportionment* or any other limitation, which *erroneous* claim for the payment of that *direct* tax, the plaintiff now seeks the court's assistance with an *ordered* enforcement for the payment by the defendants of the *claim* lodged.

34.     There is no doubt that the IRS Agents and Officers *operating* today, assess the federal personal *income* tax within its institutional assessment *practices*, **only** as a *direct unapportioned* tax that is allegedly authorized under the 16th Amendment, according to their claims that are routinely made in all of their *Complaints* seeking enforcement of the federal personal income tax.  In fact, the United States labels as *frivolous* any assertion or argument made by any defendant asserting that the *income* tax is not authorized as a *direct* and *unapportioned* tax under the 16th Amendment.  Here is their position verbatim from their published *Frivolous Positions Paper,* **as published on the internet for almost twenty years.**

---

**6. Contention: The Sixteenth Amendment does not authorize a direct non-apportioned federal income tax on United States citizens.**

Some assert that the Sixteenth Amendment does not authorize a direct non-apportioned income tax and thus, U.S. citizens and residents are not subject to federal income tax laws.

---

**The Law:** The constitutionality of the Sixteenth Amendment has invariably been upheld when challenged. And numerous courts have both implicitly and explicitly recognized that the Sixteenth Amendment

authorizes a non-apportioned direct income tax on United States citizens and that the federal tax laws as applied are valid. In United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990), cert. denied, 500 U.S. 920 (1991), the court cited to Brushaber v. Union Pac. R.R., 240 U.S. 1, 12-19 (1916), and noted that the U.S. Supreme Court has recognized that the "sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation."

**Relevant Case Law:**
In re Becraft, 885 F.2d 547 (9th Cir. 1989) – the court affirmed a failure to file conviction, rejecting the taxpayer's frivolous position that the Sixteenth Amendment does not authorize a direct non-apportioned income tax.

United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) – the court found defendant's argument that the Sixteenth Amendment does not authorize a direct, non-apportioned tax on United States citizens similarly to be "devoid of any arguable basis in law."

Lovell v. United States, 755 F.2d 517, 518 (7th Cir. 1984) – the court rejected the argument that the Constitution prohibits imposition of a direct tax without apportionment, and upheld the district court's frivolous return penalty assessment and the award of attorneys' fees to the government "because [the taxpayers'] legal position was patently frivolous." The appeals court imposed additional sanctions for pursuing "frivolous arguments in bad faith."

Broughton v. United States, 632 F.2d 706 (8th Cir. 1980) – the court rejected a refund suit, stating that the Sixteenth Amendment authorizes imposition of an income tax without apportionment among the states.

Stearman v. Commissioner, T.C. Memo. 2005-39, 89 T.C.M. (CCH) 823 (2005), aff'd, 436 F.3d 533 (5th Cir. 2006) – the court imposed sanctions totaling $25,000 against the taxpayer for advancing arguments characteristic of tax-protester rhetoric that has been universally rejected by the courts, including arguments regarding the Sixteenth Amendment. In affirming the Tax Court's holding, the Fifth Circuit granted the government's request for further sanctions of $6,000 against the taxpayer for maintaining frivolous arguments on appeal, and the Fifth Circuit imposed an additional $6,000 sanctions on its own, ...

35.     It is absolutely **irrefutable** that the IRS Revenue Agents and Officers operating today, **only** assess the personal income tax **as a _direct_** tax **without** _apportionment_. This _policy_ statement, from the IRS' "_Frivolous Arguments_" document, is what is **factually** _practiced_, _operationally_, by the IRS Agents and Officers.    The fact that the U.S. Constitution **never** gives Congress the authority to write law with respect to the enforcement of this alleged _direct_ taxing power under the 16th Amendment, is just ignored by the IRS in **blatant violation** of the Supreme Law of the Land.

36.     By disingenuously proposing a _subject-matter jurisdiction_ under statutes alone, in an obvious attempt by the court to fundamentally deceive a _pro se_ litigant who the plaintiff apparently feels may not be completely familiar with all of the true legal requirements laid upon an **honest court** in properly establishing its **complete** _subject-matter jurisdiction_ over a **specific** claim, made within a specific _Complaint_, in a specific civil action, rather than "_any_".

37.     The statutes wrongfully invoked by the court and the Plaintiff are known to have no published applicability under the law to the defendants because these statutes (IRC §§ 7402, 7403) were enacted by Congress with a **limited** applicability, that **only applies** to the enforcement of Article I, Section 8, clause 1, _Excise_ taxes that are enforced under "**Title 27, Part 70**"; _i.e._: the enforcement of the _indirect Excise_ taxation of **commodities** and **articles of commerce**.  This is plainly evidenced in the CFR Table of Parallel Authorities.  Again:

## Authorities

| 26 U.S.C. (1986 I.R.C.)—Continued | CFR | 26 U.S.C. (1986 I.R.C.)—Continued | CFR |
|---|---|---|---|
| 7209 | 27 Part 70 | 9003 | 11 Parts 9003, 9033 |
| 7212 | 27 Parts 40, 41, 44, 45, 46 | 9004 | 11 Part 9004 |
| 7213 | 27 Part 17 | 9005 | 11 Part 9005 |
| 7214 | 5 Part 3101 | 9006 | 11 Part 9005 |
|  | 15 Part 0 | 9007 | 11 Parts 201, 9007 |
|  | 27 Part 70 | 9008 | 11 Parts 201, 9008 |
| 7216 | 26 Part 301 | 9009 | 11 Parts 201, 9001, 9002, 9003, 9004, 9005, |
| 7302 | 27 Part 24 |  | 9006, 9007, 9008 |
| 7304 | 27 Part 70 | 9012 | 11 Part 9012 |
| 7322—7326 | 27 Part 72 | 9031 | 11 Part 9031 |
| 7325 | 27 Part 40 | 9032 | 11 Part 9032 |
| 7327 | 23 Part 773 | 9033 | 11 Part 9033 |
| 7342 | 27 Parts 24, 25, 40, 41, 44, 45, 46 | 9034 | 11 Part 9034 |
| 7401 | 27 Part 70 | 9035 | 11 Part 9035 |
| 7403 | 27 Part 70 | 9036 | 11 Part 9036 |
| 7406 | 27 Part 70 | 9037 | 11 Part 9037 |
| 7423—7426 | 27 Part 70 | 9038 | 11 Parts 201, 9038 |
| 7429—7430 | 27 Part 70 | 9039 | 11 Parts 201, 9031, 9032, 9033, 9034, 9035, |
| 7432 | 27 Part 70 |  | 9036, 9037, 9038, 9039 |

38.     Now this plaintiff and this court too, appear to be in error, as they attempt to invoke statutes that have no applicability or enacted association with the enforcement of the **specific** illegitimate *direct unapportioned* tax that was assessed by the IRS in *operational practice*, in blatant violation of the controlling provisions of Article I, Section 2, clause 3 and Article I, Section 9, clause 4 of the U.S. Constitution; - and whose collection and demand for payment are disputed in this action.

> A court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction in a particular case only, and undertakes to exercise the jurisdiction conferred in a case to which the statute has no application, the judgment rendered is void. The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments § 25, pp. 388-89.

39.     Additionally, the court is now confronted with the ***Constitutional Authority Statement*** for the new federal personal *income* tax law, just enacted by Congress as H.R. 1 (Dec. 1917), which ***Statement*** **directly contradicts** the IRS' ***operational practice*** of assessing a *direct unapportioned* tax on individuals under the 16th Amendment; - which is **not** *constitutionally* authorize (- rather than the ***indirect*** *Impost, Duty, or Excise* tax that is authorized).  But the granted *indirect* taxing powers of the Constitution don't reach the defendants in this action with any legal effect, as they do not engage in any activity that may be lawfully subject to the imposition or payment of any *Impost, Duty, or Excise* tax that exists in the written law.

**ℚonstitutional Authority Statement**
[Congressional Record Volume 163, Number 178 (Thursday, November 2, 2017)]
From the Congressional Record Online through the Government Publishing Office
[www.gpo.gov]
By Mr. BRADY of Texas:
H.R. 1.
Congress has the power to enact this legislation pursuant
to the following:
Article I, Section 8, Clause 1 of the Constitution of the
United States.
[Page H8444]


**About Constitutional Authority Statements**
On January 5, 2011, the House of Representatives adopted an amendment to House
Rule XII. Rule XII, clause 7(c) requires that, to be accepted for introduction by the

40.     This court has **no** fully granted *subject-matter jurisdiction* that would allow it to enforce the payment of the plaintiff's assessments of a *direct* tax against an individual citizen. The Article I, Section 8, clause 1, *indirect* taxing authorities **cannot** be lawfully invoked or used by the court to enforce a tax that was assessed in *operational practice* by the plaintiff's IRS as a *direct* tax, because the statutes invoked by the court **only** *legally* apply to the enforcement of the *indirect,* Article I taxation by *Excise*, authorized in statute **only** under Title "**27 Part 70**".

41.     The government's "*direct tax*" argument, supposedly "*under the 16th Amendment*", is therein and herein exposed as a **complete and total FRAUD** that has been perpetrated on the federal courts by the Department Of Justice **for 60 years**, - as Congress confesses now, in **its** *Constitutional Authority Statement* for the new income tax law, that the **only** taxing *power* actually exercised in the taxation of *income* under the 16th Amendment, is the ***indirect*** taxing powers of Article I, Section 8, clause 1, *i.e.*: the power to tax *uniformly* (through "*geographical uniformity*") by *Impost, Duty*, and *Excise*; **BUT never *directly* or without** the still *constitutionally* required *apportionment* of the *direct* tax to the states for payment, as **erroneously ignored** by this court in its *Order*.

42.     It is now therefore **impossible** in this case, from the Plaintiff's arguments and pleadings, to legally identify the required constitutional foundation and associated *subject-matter jurisdiction* of the court that can be lawfully taken over the civil action to enforce the claims *as made* in the *Complaint as argued* in the filing, to allegedly enforce upon an individual defendant the payment of a *direct unapportioned* tax on labor, - and thus the complete, full, proper *subject-matter jurisdiction* of the court alleged taken in this action **has neither been identified nor established** on the record of the action as required by the Federal Rules of Civil Procedure, Rule 12.

> "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal."
> *Williamson v. Berry*, 8 HOW. 945, 540 12 L.Ed. 1170, 1189 (1850).

"A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well-established law that a void order can be challenged in any court", *Old Wayne Mut. L. Assoc. v. McDonough*, 204 U. S. 8, 27 S. Ct. 236 (1907).

43.     This court *lacks* *subject-matter jurisdiction* **under the 16th Amendment** to enforce a *direct* tax on an individual.   Under FRCP Rule 12(b)(1), 12(b)(6), and 12(h)(3), the court **must dismiss** this action for lack of a granted *subject-matter jurisdiction* to enforce an improper application of the granted taxing powers.

"A void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties." *Rook v. Rook*, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987)

A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect. *Lubben v. Selective Service System*, 453 F.2d 645, 649 (1st Cir. 1972)

44.     *Direct* *unapportioned* taxes on the income of the American people cannot be *directly* assessed by the IRS simply as a function of *labor*, and the constitutionally prohibited *direct* *unapportioned* taxation of the American People and their *income* by the IRS, cannot be sustained under either the 16th Amendment or the U.S. Constitution, under the pretense of **in**direct taxation; - because that *unapportioned* *direct* taxation is still **constitutionally prohibited** from being exercised by the plaintiff United States' IRS, or enforced by the federal courts, by the unrepealed and unamended Article I clauses prohibiting such *direct* tax and taxing power[1].

"Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." *United States v. Cotton*, 535 U.S. 625, 630 (2002);   *Accord Jordon v. Gilligan*, 500 F.2d 701 (6th CA, 1974) ("[A] court must vacate any judgment entered in excess of its jurisdiction."); *State v. Swiger,* 125

---

[1] see Article I, Section 2, clause 3, and Article I, Section 9, clause 4, and see *McCulloch v. State of Maryland*, 17 U.S. 316 (1819).

Ohio.App.3d 456. (1995) ("If the trial court was without subject matter jurisdiction of defendant's case, his conviction and sentence would be void *ab initio*."): *Burrell v. Henderson, et al.*, 434 F.3d 826, 831 (6th CA 2006) ('[D]enying a motion to vacate a void judgment is a per se abuse of discretion.").

"A court lacking subject-matter jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. 28 U.S.C.A. §§ 1330-1369."

"A judgment is void if the court acted in a manner inconsistent with due process. A void judgment is a nullity and may be vacated at any time." 261 Kan. at 862.

"...In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material acts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, **the plaintiff will have the burden of proof that jurisdiction does in fact exist**."

"Court **must prove on the record, all jurisdiction facts related to the jurisdiction asserted**." *Latana v. Hopper*, 102 F.2d 188; *Chicago v. New York*, 37 F.Supp. 150

45. The IRS *wrongfully* *practices* in *operation*, and *erroneously* argues in its legal pleadings made on the record of the court in the action, that the federal personal *income* tax is a *direct tax* under the 16th Amendment. **This is FATAL error.** These are erroneous pleadings that should be rejected **by this court**, because an impartial court **cannot** now legitimately or lawfully sustain these *operational practices* of the plaintiff's IRS attempting this *__un__constitutional, __un__*limited, *Direct taxation* of the *We the* American *People*.

46. The inherent contradictions at Law that are present now in these pleadings are obvious, and they show a <u>clear</u> **improper** *prejudice* of the court against the Defendant, and for the Plaintiff United States. The court's preliminary holding was obviously both *erroneous* and *prejudicial*.

47.    The *subject-matter jurisdiction* of the federal district court, that can be taken over any specific civil action filed by the United States as a plaintiff, has **three** components.   **Two**   of **those components** are *constitutional* in nature.   All three components of the jurisdiction alleged must be present and established on the formal record of the action in the court, or the platform to establish the *legal standing* of the plaintiff before the court, **does not exist**. Those three legs of the subject-matter jurisdiction platform are:

(1) a specific power granted by the Constitution for the federal government to exercise;

(2) a constitutionally granted legislative authority for the Congress to write law **specific to the enforcement of the power granted** in (1); and,

(3) a specific statute enacted by Congress with specific applicability to the specific power alleged granted in (1) and made enforceable in (2).

48.    In this case, the plaintiff, and the court itself, have failed to fully and properly establish the *subject-matter jurisdiction* of the court that can be taken over the action, citing only vague and non-specific statutes of the U.S.C., without reference to any specific statute affecting the defendants, and without even identifying the specific granted taxing power allegedly exercised under the cited [vague and non-specific] statutes, or pursued for judicial enforcement with the filing of the civil action.

49.    The court now fails in its legal duty to fully and properly identify all of the elements of the court's alleged *subject-matter jurisdiction*, which it cannot establish, or take under statutes alone, as attempted.   Obviously, the court **cannot** identify a **constitutionally granted** *taxing power* or a fully granted *subject-matter jurisdiction* of the court that can be taken over the civil action to allow this action to proceed in the court, **so the action must be dismissed with** *prejudice*.   The Defendants are **unlawfully being** *defrauded* of both their *Rights* to **private property** and legal *due process* in the court.

50.    The defendants are entitled to a **complete** declaration by this court, of **precisely** what: the constitutional foundation is to this civil action; *i.e.*: what is the specific constitutional

*taxing power* being exercised; and what does the fully identified *subject-matter jurisdiction* of the court **actually consist of**; - that is allegedly taken by this court over this civil action.

# MOTION FOR HEARING

51.     The defendants therefore *move* the court for a **hearing before the court** to address, and properly and fully identify and establish, the specific *subject-matter jurisdiction* alleged to exist, that can be taken by this court over this action, *as argued* by the plaintiff United States in the *claims* made in its *Complaint*; - and specifically to address the issue of the two specific constitutional components of the ***alleged subject-matter jurisdiction*** of the court that authorizes this civil action.

52.     The *Complaint* filed by the Plaintiff United States in this matter again wrongfully and unlawfully seeks judgment for assessments of a *direct unapportioned* tax and penalty amounts assessed by the IRS ***erroneously*** as *direct unapportioned* tax under sole authority of the 16th Amendment **without ANY of the imposed, *controlling*, UNrepealed, UNamended *limitations* of Article I that apply and *control***.   The assessments of *direct unapportioned taxation* cannot be ***constitutionally*** sustained or enforced in the federal courts, for lack of a granted *subject-matter jurisdiction* of the court that can be taken over any such "*direct tax*" claim.

53.     In this civil action the Code of Federal Regulations (CFR) (Exhibited) plainly shows that IRC §§ 7401 and 7403 have been adopted and implemented in law with respect to **only** the enforcement of the tax laws **under Title 27**, *i.e.*: the statutory law under Title 27 Part 70, as published in that CFR, and exactly as stated in IRC § 7608(a) establishing the authority of the Revenue agents and officers to act.

> **§ 7608. Authority of internal revenue enforcement officers.**
>
> (a) Enforcement **of subtitle E** and other laws **pertaining to liquor, tobacco, and firearms**
>
> > Any investigator, **agent,** or other internal revenue **officer** by whatever term designated, whom the Secretary charges with the duty of enforcing any of

the criminal, seizure, or forfeiture provisions **of subtitle E or** of any other law of the United States **pertaining to the commodities subject to tax** under such subtitle for the enforcement of which the Secretary is responsible may –

**(1)** carry firearms;
**(2) execute and serve** search warrants and arrest warrants, and **serve** subpoenas and summonses issued under authority of the United States;
**(3)** in respect to the performance of such duty, **make arrests** without warrant for any offense against the United States committed in his presence, or for any felony cognizable under the laws of the United States if he has reasonable grounds to believe that the person to be arrested has committed, or is committing, such felony; and
**(4)** in respect to the performance of such duty, **make seizures** of property subject to forfeiture to the United States.

54.    This statute only authorizes the enforcement by any "*internal revenue **officer** by whatever term designated,*" to pursue the "*... criminal, seizure, or forfeiture provisions of subtitle E or of any other law of the United States **pertaining to the commodities subject to tax**". There is no such *commodity* based *taxable* activity conducted by either defendant in this case, upon which to base a legitimate and authorized civil action to enforce the *indirect* Article I, Section 8, Subtitle E, *Excise* taxation of income, whose enforcement **is** constitutionally authorized.

55.    The publication of the law in the CFR, with **published *applicability*** under **only Title 27,** legally declares that the enforcement authorities of IRC §§ 7401 and 7403, the statutes *erroneously* cited by this court, apply to "*any tax*" that is ***indirect*** in its application under authority of Title 27 and Article I, Section 8, clause 1, of the U.S. Constitution, *i.e.*: as an *indirect* excise tax. But it does **not** apply to any alleged ***direct** taxing power* that is improperly practiced in operation by the IRS employees (Revenue Agents and Officers) outside of the granted *indirect* enforcement authorities as identified in IRC § 7608(a), and under the *now exposed* **false belief** that the 16th Amendment created a new and *direct* taxing power to exercise and enforce, upon which the requested enforcement of the income tax against the Defendants as a *direct* tax without *apportionment*, was predicated.

"The Congress "shall have power to lay and collect taxes, duties, imposts and excises." Art. 1, § 8. If the tax is a direct one, it shall be apportioned according to the census or enumeration. If it is a duty, impost, or excise, it shall be uniform throughout the United States. Together, these classes include every form of tax appropriate to sovereignty. *Cf. Burnet v. Brooks,* 288 U. S. 378, 288 U. S. 403, 288 U. S. 405; *Brushaber v. Union Pacific R. Co.,* 240 U. S. 1, 240 U. S. 12." *Steward Mach. Co. v. Collector*, 301 U.S. 548 (1937), at 581.

56.     This court surely is aware that it is important in each and every civil action in the federal courts, to fully identify the specific "*any tax*" serving as the legal foundation to the tax enforcement requested by the civil action; - because that constitutional foundation **must be fully identified** in order to properly and fully establish the *subject-matter jurisdiction* of the court that may be lawfully taken over the civil action as argued in the *Complaint*.   Which is absolutely necessary as a function of the court providing legal *due process* to any Defendant, in order for a charged Defendant to be able to properly deny, and or even answer, the specific *claims* that are made within a specific *Complaint*.

57.     Otherwise, without that full disclosure of *subject-matter* authority, it is **not** possible, in fact **impossible**, for any Defendant (or attorney) to argue any defense for himself (or on behalf of a client) without knowing for certain both the statutory and constitutional foundations for the legal claim(s) made against the Defendant in the action.   *i.e.*: the specific *subject-matter jurisdiction* of the court that it has been argued has been taken and applies.

"The law provides that once State and Federal Jurisdiction has been challenged, it must be proven ...   Jurisdiction, once challenged, cannot be assumed and must be decided" *State of Maine et al. v. Joline Thiboutot, et vir.*, *etc.*, 448 U.S. 1 (100 S.Ct. 2502, 65 L.Ed.2d 555)  (1980).

"Once challenged, jurisdiction cannot be assumed, it must be proved to exist."
*Stuck v. Medical Examiners*, 94 Ca.2d 751. 211 P.2d 389.

58.     In this case, this Plaintiff has specifically argued that the *subject-matter jurisdiction* of the court that has been taken over this action is based on an alleged power to tax *directly* under the 16th Amendment, under authority of the Title 26 statutes alone.

59.     The *Constitutional Authority Statement* for H.R. 1 makes it clear that there is **no *direct***
*unapportioned* taxation that is authorized by the 16th Amendment, or under Article I, and that
the 16th Amendment is not the applicable constitutional authority that authorizes the federal
personal income tax.   It is authorized under Article I, Section 8, clause 1 of the U.S.
Constitution, as a *uniform indirect* tax, and nothing else.

60.     Because the specific statutes claimed by the Plaintiff United States in its pleadings,
and invoked by the court in its *Order,* as the basis for the *subject-matter jurisdiction* and legal
foundation to the legal action, *i.e.*: IRC §§ 7402 and 7403, are **not** made applicable, **nor**
authorized for use outside of Subtitle E and Title 27 Part 70, with respect to the enforcement
of any taxation; and because the statutes alone, IRC §§ 7402 and 7403, are without specific
applicability to the defendants, and are far too vague and non-specific to serve as a *subject-
matter jurisdiction* basis on their own;  - the court is therefore quite obviously without
*subject-matter jurisdiction* **over <u>this</u> civil action** as there is no declared constitutional
authority that is applicable to *taxing power* wrongfully *practiced* in *operation* by the plaintiff.

61.     Therefore, dismissal by this court, with *prejudice* is now mandated by the Federal
Rules of Civil Procedure, Rules 12(b)(1), 12(b)(6) and 12(h)(3), as the court is now plainly
**without** *subject-matter jurisdiction* over the action to enforce a *direct* tax under the 16th
Amendment*,* and the court is without *personal jurisdiction* under Rule 12(b)(2), over the
defendants under Article I, Section 8, clause 1, as neither defendant is involved in any *Impost,*
*Duty* or *Excise* taxable activity that would create the personal jurisdiction of the court needed
over the defendants, necessary for the enforcement of any Article I, Section 8 based claim for
tax, to proceed in the court.

> A judgment rendered by a court without personal jurisdiction over the
> defendant is void. It is a nullity. *Sramek v. Sramek*, 17 Kan. App. 2d 573,
> 576-77, 840 P.2d 553 (1992), rev. denied 252 Kan. 1093 (1993).

62.     The district court is plainly and clearly wrongfully and erroneously using the statutes
of Title 26 that were cited by the Plaintiff as foundation to the action, *i.e.*: IRC §§ 7401, 7402,

and 7403, in a manner that is **not** in accord with the published law under both the C.F.R. and the U.S. Constitution, and which is in fact, **not** authorized for use in law in the manner undertaken (to enforce a *direct unapportioned* assessment of tax), or to be enforced in such an inherently contradictory, arbitrary, and capricious manner as is being done.

> "Federal courts are courts of limited jurisdiction. They possess only power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkenen V. Guardian Life I ns. Co. of America,* 511 US 375 (1994)

## MOTION FOR HEARING

63.  Defendants herein again *move* the court for a hearing within 30 days, to hear arguments before the court, on the record of the action in the court, on the obvious **lack** of *subject-matter jurisdiction* of the court that can be taken over the entire civil action under **either** Article I (for lack of *personal* subjectivity to any authorized *indirect* tax (*Impost, Duty,* or *Excise*) under Article I, Section 8 and Title 15 U.S.C. Section 17), **or** the 16th Amendment, for lack of an *enabling enforcement clause* that would authorize the U.S. Congress to write any law under the 16th Amendment to enforce a *direct unapportioned* tax, that was in fact **erroneously** and **unlawfully** assessed against the individual defendants as a *direct* tax in *operational practice* by the plaintiff's IRS.

## SUMMARY

64.  The facts and law in this case plainly and clearly combine to show that there simply can be **no** *subject-matter jurisdiction* for the district court to take or exercise in this matter under the cited Title 28 statutes, §§ 1340 and 1345, or IRC statutes, Title 26 §§ 7402 and 7403, to allow the plaintiff's *Complaint* to move forward in the federal courts beyond this *Motion to Dismiss*.

65.     The blatant **violation** by the IRS of the constitutional and jurisdictional limitations imposed on the *direct* taxing powers; and the improper *defacto operational* enforcement *practices* of the IRS and its Agents and officers, routinely practiced in operation by the entire IRS as though the federal personal *income* tax was authorized by the 16th Amendment as a **direct tax without** the *apportionment* limitation, is ***ultra vires***, and cannot be sustained any longer by the H.R. 1 evidence and the controlling precedents of *Brushaber v. Union Pacific RR Co* (1916), *Stanton v. Baltic Mining* (1916), *and Flint v Stone Tracy* (1911).

66.     The enforcement by the federal courts of the IRS-practiced, and DOJ-argued, *direct* taxation of the American people**, without limitation**, is still both constitutionally **prohibited**, and is constitutionally **unenforceable** in the federal courts under the extant prohibitions and mandates of Article I, Section 2, clause 3, and Article I, Section 9, clause 4 of the U.S. Constitution, which still prohibit *direct* taxation unless apportioned, and laid proportionately to the last census.   The 16th Amendment does **not** remove these limitations that are still imposed on **any** and **all** *direct* taxation of *income*.     And now the *Constitutional Authority Statement* for H.R. 1 **irrefutably proves it on the *Congressional Record*.**

> "... the Sixteenth Amendment **conferred no new power of taxation** ..."
> *Stanton v. Baltic Mining Co*., 240 U.S. 103 (1916), at 112

67.     Finally, Title 15 USC Section 17, **removes** the defendants citizens' labor from **all** *subjectivity* to **any** and **all** *constitutional Excise* taxation under alleged authority of Article I, Section 8, clause 1.

### § 17 - Antitrust laws not applicable to labor organizations

The **labor** of a human being is **not** a *commodity* or *article of commerce*. ...

68.    As it is only *commodities* and *articles of commerce* (and the *privileged* corporate *person*) that are subject to taxation by *Excise*, this statute **removes** the *labors* of *We the People* from constitutional *subjectivity* to any *Excise* taxation under Article I, Section 8.

69.    In *McCulloch v. State of Maryland*, 17 U.S. 316 (1819) [i], the Supreme Court held that the limits of federal power under the Constitution must be honored, obeyed and enforced, and that the *Necessary and Proper* enforcement powers of Article I should **never be allowed** by the federal courts to be used by the Plaintiff United States to effect in *practice* the enforcement of a constitutionally **prohibited** power that is practiced in operation outside of identifiable or demonstrable constitutional or  statutory authorities (as under IRC § 7608(a)).

> We admit, as all must admit, that the powers of the government **are limited**, and that its limits are **not to be transcended**. But we think the sound construction of the constitution must allow to the national legislature that discretion, with respect to the means by which the powers it confers are to be carried into execution, which will enable that body to perform the high duties assigned to it, in the manner most beneficial to the people. **Let the end be legitimate**, let it be **within the scope** of the constitution, and all means which are appropriate, which are plainly adapted to that end, **which are not prohibited**, but consistent with the letter and spirit of the constitution, are constitutional ..." *McCulloch v. State of Maryland*, 17 U.S. 316 (1819)

> "A judgment is void if the court acted in a manner inconsistent with due process.  A void judgment is a nullity and may be vacated at any time."   261 Kan. at 862.

> A judgment obtained without jurisdiction over the defendant is void. *Overby v. Overby*, 457 S.W.2d 851 (Tenn. 1970).

> We think, however, that it can be reasoned that a decision produced by fraud on the court is not in essence a decision at all, and never becomes final." *Kenner v. C.I.R.*, 387 F.2d 689, (7th CA, 1968)

> "The law is well-settled that a void order or judgment is void even before reversal", *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 41 S.Ct. 116 ( 1920 )

# PRAYER FOR RELIEF

~~68~~ *70*. Defendant prays this honorable court, under the Federal Rules of Civil Procedure (F.R.C.P.) Rule 12(b)(1) - *Lack Of Subject-Matter Jurisdiction*; Rule 12(b)(2) - *Lack Of Personal Jurisdiction*; Rule 12(h)(3) - *Lack of Subject-Matter Jurisdiction*; and under Rule 12(b)(6) - *Failure To State A Claim Upon Which Relief Can Be Granted*; **either** **dismiss this action** in its entirety*, **with prejudice***, for lack of *subject-matter jurisdiction* of the federal district court to entertain this action as **specifically** argued by the Plaintiff United States under IRC § 7402 and 7403 - and as *improperly, **erroneously***, and **fatally** argued by the Plaintiff United States, to be a *direct tax* without *apportionment* under alleged authority of the 16th Amendment, and **not** as the authorized *indirect* tax under Article I, Section 8, clause 1 that was declared lawful and legitimate by the U.S. Supreme Court, **or schedule a Hearing** on the matter before the open court, on the record of the court in the civil action.


      Respectfully submitted,


Paul-Kenneth:Cromar
9870 N. Meadows Dr.
Cedar Hills, UT   84062


      And


Barbara Ann: Cromar
9870 N. Meadow Drive
Cedar Hills, UT 84062  usA


      June 28, 2018

## CERTIFICATE OF SERVICE

We, Paul Kenneth: Cromar and Barbara Ann: Cromar, certify that a true copy of the attached *Motion* has been served via Certified Mail (or via means as otherwise noted) to the following:


Ryan S. Watson, Trial Attorney
US Department of Justice, Tax Division
P.O. Box 683
Washington, D.C.  20044                 Certified Mail  #7018 0680 0001 1802 0066

KENYON D. DOVE & THOMAS W. FARRELL
SMITH KNOWLES, PC
2225 Washington Blvd, Suite 200
Ogden, UT 84401                  via email    kdove@smithknowles.com
                                              tfarrell@smithknowles.com


STEVEN W. LEWIS
Utah Attorney General's Office
160 East 200 South, 5th Floor
Salt Lake City, UT 84114              via email    swlewis@agutah.gov

JEFFREY R. BUHMAN (7401)
Utah County Attorney
M. CORT GRIFFIN (4583)
Deputy Utah County Attorney
100 E. Center, Suite 2400
Provo, UT  84606                 via email    cortg@utahcounty.gov

PAUL JARVIS
UCCU
188 West 5200 North
Provo, UT  84604              via email    paulj@uccu.com


by: *Paul Kenneth: C* And *Barbara Ann: Cromar*
Paul Kenneth: Cromar                Barbara Ann: Cromar
9870 N. Meadow Drive                9870 N. Meadow Drive
Cedar Hills, UT 84062  usA          Cedar Hills, UT 84062  usA


June 28, 2018