**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

FILED
U.S. DISTRICT COURT

2018 JUL -3 P 1: 44

DISTRICT OF UTAH

BY:_____
     DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR, and<br>BARBARA ANN CROMAR, et al.<br>Defendants. | CASE NO.:<br><br>2:17-cv-01223-RJS<br><br>Defendant's Explanation of Why It is<br>IMPOSSIBLE for ANY *person* to<br>properly Answer the *Complaint* |

**Defendant's Explanation of Why it is IMPOSSIBLE for ANY *person***
**to properly Answer the *Complaint***

*1.*       Comes now, Paul Kenneth: Cromar and Barbara Ann: Cromar, *pro se, en pauperis,* in this matter, who hereby files under the Fed.R.Civ.P. Rule 84, Form 2, this *Explanation of Why it is IMPOSSIBLE for ANY of the defendants, or ANY person at all, to properly Answer the Complaint* as presented and argued by the plaintiff in the district court under IRC statutes alone, without the required specific identification and establishment by the plaintiff of any specific granted and enforceable *taxing power* allegedly properly and constitutionally exercised within the *operational practices* of the plaintiff's Internal Revenue Service, which is why the defendants are unable to Answer the *Complaint* at this time, for lack of understanding, and required declaration by the plaintiff, of the *constitutional nature* of the *claims* for tax that have been made, ***direct*** or ***indirect***.

2.       In order for a federal court to be able to lawfully take an honest and fully granted *subject-matter jurisdiction* over any *claim* that is made in the district court by the plaintiff United States for the payment of ***any*** federal tax, it is absolutely necessary for the U.S. Constitution to be explicitly cited in order to properly establish the **specific** granted *power*

*to tax* that Congress has legislatively exercised to cause the defendant to owe the "*any tax*" that is alleged owed by the *Complaint*.

3.       Of course, the U.S. Constitution grants the U.S. Congress **only TWO** <u>fundamental</u> *powers* to *exercise* in enacting tax law to implement and enforce lawful taxation in America.  Under the U.S. Constitution, the U.S. Congress is authorized to tax:

      1.) the "*several States*", ***<u>directly</u>***, under authority granted by Article I, Section 2, clause 3, - where the *power* to tax (*directly*) is made subject to the *Rule of **<u>apportionment</u>***; and,

      2.) the U.S. Congress may tax ***<u>indirectly</u>*** under authorities granted by Article I, Section 8, clause 1; by *Impost, Duty* and *Excise*, - where the *power* to tax (*indirectly*) is made subject to the *Rule of **<u>uniformity</u>***.

3.)       Under the U.S. Constitution, **all *Direct*** taxes are *apportioned*, and **all *Indirect*** taxes must be *uniform*[1].

> "The great object of the Constitution was, to give Congress a power to lay taxes, adequate to the exigencies of government; but they were to observe two rules in imposing them, namely, the rule of uniformity, when they laid duties, imposts, or excises; and the rule of apportionment, according to the census, when they laid any direct tax."   *Hylton v U.S.*, 3 U.S. 171 (1796)

> "The subject matter of taxation open to the power of the Congress is as comprehensive as that open to the power of the states, though the method of apportionment may at times be different. "The Congress shall have power to lay and collect taxes, duties, imposts and excises." Art. 1, § 8. If the tax is a **direct** one, it shall be *apportioned* according to the census or enumeration.  If it is a **<u>duty, impost, or excise</u>**, it shall be *uniform* <u>throughout the United States</u>.  **Together, these classes include every form of tax appropriate to sovereignty.**  *Cf. Burnet v. Brooks*, 288 U. S. 378, 288 U. S. 403, 288 U. S. 405; *Brushaber v. Union Pacific R. Co.,* 240 U. S. 1, 240 U. S. 12." *Steward Mach. Co. v. Collector*, 301 U.S. 548 (1937), at 581

---

[1] The *Rule of uniformity* has historically been enforced as a requirement to provide *geographical uniformity* throughout the fifty states with regards to the enforcement of the ***indirect*** tax that is constitutionally authorized **only** in the form of **either** an *Impost, Duty* or *Excise* (tax).

"The tax is uniform when it operates with the same force and effect in every place where the subject of it is found. "Uniformity" means all property belonging to the same class shall be taxed alike.  it does not signify an intrinsic [*uniformity*], but simply **a *geographic uniformity*** (*Churchill & Tait v. Conception*, 34 Phil. 969). Uniformity does not require the same treatment; it simply requires reasonable basis for classification.

4.)     However, **the** specific *fundamental* **constitutionally granted** *power* **to tax**, allegedly *exercised* in *operational practice* by the plaintiff's I.R.S. in this case to allege the defendants are liable for, or constitutionally legally responsible for the payment of, "*any tax*"[2], has **never** been properly **identified** or **established** on the formal record of this civil action in this district court.

5.)     Unless the **specific** constitutional *power* to tax that is being *exercised* and pursued for enforcement in the court is identified on the **formal** record of the court in the action; - then **because** there are **TWO** *powers* granted that can potentially be *exercised* in operation by the plaintiff United States; - then if **ONE** of the **TWO** possible *powers* granted is not **specifically** identified on the record as the **single** legal foundation for the *claims* made in the plaintiff's *Complaint*, then the entire civil action is rendered and becomes completely ***vague, arbitrary*** and ***capricious,*** - as without that identification of the **specific** constitutionally granted *power* to tax that is brought to bear upon the defendant within the action, then no defendant, nor any *person* alive, can properly answer the *claims* or the *Complaint*, because no *person* can know for sure whether or not to frame their *Answer* to the *Complaint* around arguments and pleadings addressing the *apportionment* limitation that controls **all *direct*** *taxation*, or around arguments addressing the *uniformity* limitation that controls **all *indirect*** *taxation*.

6.)     This is of course precisely why it is required for the plaintiff United States to **fully** *identify* and **properly** *establish* on the formal record, the **specific** constitutional power exercised in making the *claims* for the specific tax alleged owed.  It is a required and ***irreplaceable*** element, of the plaintiff properly establishing the *subject-matter jurisdiction*

---

[2] Defendant is *vaguely* accused by the plaintiff United States in its *Complaint* of failing payment of "*any tax*".

of the district court to enforce the *claims* for the **specific** tax that have been lodged in the plaintiff's *Complaint*; **OR** if that *subject-matter jurisdiction* is ***lacking*** over those **specific** *claims* - ***as argued*** by the plaintiff in its *Complaint.*

7.)     Therefore, unless the **specific** granted *constitutional power to tax* allegedly *exercised* in *operation* by the plaintiff United States is plainly and clearly identified on the record of the civil action in the court, it is **impossible** for **any** defendant *person* to be able to properly *Answer* an *arbitrary* claim made by the United States as a plaintiff for "*any tax*", because the claim is both *vague, arbitrary* and *capricious*.  Which of "any tax" is it?

8.)     It is of course therefore a **fatal** and ***erroneous*** legal **mistake** for any defendant to even attempt to answer any such **non-specific** *Complaint,* lacking a full and complete knowledge of, and understanding of, the specific *constitutional* foundation alleged at work against their *person* in the civil action.

9.)     A proper declaration by the plaintiff of a specific fully granted constitutional *power* that is made enforceable and is being *exercised* by the plaintiff United States, and which is *lawfully* serving as the constitutional foundation for the *claims* made against the defendant for tax in this case, **does NOT yet exist** on the formal record of the action in the court.

10.)    If a constitutionally granted *subject-matter jurisdiction* exists under the U.S. Constitution for the court to lawfully *take* over this civil action; - **WHAT IS IT ?**

11.)    **Does this *Complaint* pursue the enforced payment** of an ***indirect*** tax under the granted legal authorities of Article I, Section 8, clause 1 to tax by *Impost, Duty* and *Excise*, **or something else**?  If so, **what is it?**    If **not**, please **state that on the formal record** of the action in the court.

12.)    As long established in the Federal Rules of Civil Procedure, Rule 84 – "**Forms**", within Form 2 "***Allegation of Jurisdiction***", it plainly specifies the *form* to be used to make the *Allegation* of *Jurisdiction* in the district court.   It states therein that the **specific** *form* to be used is:

4

"… The action arises under [the Constitution of the United States, Article
___, Section ____ ]; [the ___ Amendment to the Constitution of the United
States, Section ____ ];…"

13.)    Can the defendant's please be given a simple statement by the plaintiff, that is
plainly and clearly made **in this** *form* that is identified under the Forms used under
Fed.R.Civ.P, Rule 84, plainly stating the **specific** underlying constitutional authority that
has been relied upon and invoked in this civil action to seek the court's enforcement of the
*claims* for tax that have been made.

14.)    Can the plaintiff also please specify the **specific clause of the Constitution** or
**Section of an invoked Amendment**, that *constitutionally* authorizes the U.S. **Congress to
write law** to administer and enforce the specific *power to tax* that is identified and invoked
in paragraph thirteen (13) herein as the applicable, foundational, *constitutionally* granted
*power to tax* that is exercised and pursued for enforcement by the *claims* made in the
plaintiff's *Complaint*.

15.)    The district court should not allow the plaintiff United States to ***use*** (abuse?) the
federal courts to operate under a *vague* and *arbitrary* **star-chamber**-like proceeding,
without providing the *due process* disclosures owed to all defendants, by allowing the
plaintiff to operate under a **secret** *law*, a **secret** *jurisdiction*, and an **undisclosed** *alleged,*
but never-the-less ***secret power,*** that it will **not** identify, disclose, or reveal to the
defendants **on the record** as the alleged source of its alleged constitutional authority to
pursue the defendants in this court for the payment of a certain "*any tax*", under statutes
that are properly made applicable to the enforcement of that type of (constitutionally
granted) tax that is identified as owed.

16.)    Without positive and specific assertion in each and every case in the district court,
of the specific alleged constitutional foundation applicable to the instant *claims* before the
court in each unique *Complaint*, then the alleged legal foundation of every case becomes

so *vague, arbitrary* and *capricious* that the **true** *constitutional* ***nature*** of the tax pursued for enforcement, **cannot be identified** by defendants.

17.)   **AS PROOF** of this **completely improper** *vague, arbitrary* and *capricious* nature of the enforcement that is sought by the plaintiff United States in the different district courts, this court should note that the plaintiff United States enforces *claims* for the federal personal income tax that are made in the state of New Jersey, as a ***direct*** tax under the 16th Amendment[3], **but** it enforces the *claims* for the same federal personal income tax that are made in the Commonwealth of Virginia, as an ***indirect*** tax under authority of Article I, Section 8, clause 1[4] !  How could this possibly be considered consistent and "equal justice under the law"?

18.)   So, apparently, the **same** federal personal income tax, is **impossibly** and **unconstitutionally** based, on **TWO** **entirely different** taxing *powers,* **depending** upon **which** State of the United States **it is being enforced in**.   Of course, this **completely destroys** the ***constitutionally*** **required** *"geographical uniformity"* of the tax within the fifty states.

19.)   So, **which is it,** in this case?   **No** proper declaration of the **specific** *taxing power* that is constitutionally fully-granted, or invoked, or relied upon by the plaintiff to bring the action as an authorized action in the court, has ever been made on the formal record of the civil action in the court, in this case.

20.)   Therefore, it is *constitutionally* **impossible** for any party or *person* or defendant, who is even **half-educated** *at Law*, to know what the *subject*-matter jurisdiction of the district court over this action actually is, **until** it has been properly and fully identified, disclosed, *proved*, and shown **on the record of the action in the court**, in this case, as required by law and legal *due process*.   Jurisdiction may be *asserted* by the plaintiff (and the court) in this case, but it is **neither** *shown* **nor** *proved* on the **formal** *written* **record** of the civil action in this district court.

---

[3] See attached *Opinion* excerpt from the New Jersey District Court ruled in its *Orders* in Case Number: 14-3937 (KM)(JBC).
[4] See attached *Opinion* excerpt from the Virginia Eastern District Court, Richmond Division, in its *Orders* in Case Number: 3:15cv161.

21.)    The *subject-matter jurisdiction* of the court has been only ***erroneously*** asserted to exist under **only** statues.  But it is **neither** *shown* **nor** *proved* on the record of the action as required, in order for the court to be able to show that it provided *due process* to the defendants by requiring the plaintiff in this legal action to disclose to the defendants **both** the *nature* and the *cause* for the plaintiff's filing of the civil action against all of the defendants.

> "So, we conclude, as we did in the prior case, that, although these suits may sometimes so present questions arising under the Constitution or laws of the United States that the Federal courts will have jurisdiction, yet the mere fact that a suit is an adverse suit authorized by the statutes of Congress is not in and of itself sufficient to vest jurisdiction in the Federal courts." *Shoshone Mining Co. v. Rutter, 177 U.S. 505, 513 (1900).*

22.)    Without **complete** disclosure of **all** of the elements of jurisdictional authority required and needing to be disclosed; and without any ***fundamental*** understanding or knowledge at all of the true nature of the *claims* made against them; - only a **fool** would plead an **uncertain** *Answer* to this *Complaint*.  Would or could any officer of the court, or anyone associated with this Complaint, be so reckless and unwise as to answer this vague and arbitrary Complaint if they themselves were presented a civil action such as this?

23.)    Defendant may be a *pro se* litigant, but he is **NOT** your common fool.

24.)    No sanction against the defendants are warranted.  No *summary judgment* pleadings are appropriate to consider at this time.  No *default judgment* may be rendered at this time by the court, for lack of the full disclosure by the plaintiff United States, of the fundamental *constitutional source-authority* information necessary to be disclosed to fully identify and properly establish the **specific** *subject-matter jurisdiction* of the court to act, that may be lawfully taken over the civil action to enforce the plaintiff's claims <u>*as argued*</u> by the plaintiff in its *Complaint.*

"Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." *Latana v. Hopper*, 102 F.2d 188; *Chicago v. New York*, 37 F.Supp. 150

"However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them; the question is, whether on the case before a court, their action is judicial or extra-judicial; with or without the authority of law, to render a judgment or decree upon the rights of the litigant parties." *State of Rhode Island v. Com. of Massachusetts*, 37 U.S. 657, 718 (1838)

"The consequences of an act beyond the court's jurisdiction in the fundamental sense differ from the consequences of an act in excess of jurisdiction. An act beyond a court's jurisdiction in the fundamental sense is void; it may be set aside at any time and no valid rights can accrue thereunder." *People v. Ruiz*, (1990) 217 Cal. App. 3d 574, 265 Cal. Rptr. 886

"A judgment is void if the court acted in a manner inconsistent with due process. A void judgment is a nullity and may be vacated at any time." *In re Marriage of Hampshire*, 261 Kan. 854, 862, 934 P.2d 58 (1997).

25.)   Therefore, until the **specific** *constitutional* foundation alleged, and **specific** *power to tax* that has been *exercised* in *operational practice* by the plaintiff's IRS, - and that has been relied upon by the plaintiff United States in its *Complaint* to lodge its *claims* against the defendants for tax alleged owed, is **fully identified** and completely **disclosed** to the defendants **on the formal record** of the civil action in the court, it is ***obviously*** **IMPOSSIBLE** for any defendant to properly legally *Answer* such *vague, arbitrary* and *capricious claims* as those made in the plaintiff's *Complaint*; - and that **inability** to *Answer* appears to be **intentionally** *engineered* by the plaintiff in this case, who steadfastly **refuse** to identify or invoke any **specific** constitutionally granted *power to tax* as the **specific** legal

<u>foundation</u> to **both** the *claims* that have been made in the *Complaint*, and the alleged *subject-matter jurisdiction* of the court (over the entire civil action).

26.)    Plaintiff obviously does not wish to be pinned down (and exposed) by a positive and complete declaration of the constitutional elements of its alleged subject-matter jurisdiction, because it becomes FATAL to the claims.

27.)    If that is wrong, and the plaintiff can do it; - **THEN DO IT** on the record of the action in the court.   How hard could it be for the plaintiff United States (or the court) to formally, properly identify, if it does exist.   **So please, TELL US** <u>on the *formal* record</u> of the civil action in the court – or, the court MUST dismiss the action.

> "Once challenged, jurisdiction cannot be assumed, it must be proved to exist." *Stuck v. Medical Examiners*, 94 Ca.2d 751. 211 P.2d 389.

> "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but rather should dismiss the action." *Melo v. U.S.*, 505 F.2d 1026 (1974)

> "The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." *Maine v Thiboutot,* 100 S. Ct. 2502 (1980)

> "The burden shifts to the court to prove jurisdiction." *Rosemond v. Lambert*, 469 F.2d 416

> "Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." *Latana v. Hopper*, 102 F.2d 188; *Chicago v. New York*, 37 F.Supp. 150

> "Party invoking jurisdiction of the court has duty to establish that federal jurisdiction does not exist. 28 U.S.C.A.  §§1332, 1332(c)."

"The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." *Hagans v. Lavine*, 415 U. S. 533.

"There is a presumption against existence of federal jurisdiction; thus, party invoking federal court's jurisdiction bears the burden of proof. 28 U.S.C.A. §§ 1332, 1332(c); Fed. Rules Civ. Proc. Rule 12(h)(3), 28 U.S.C.A."

"Lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction, or stipulation. 28 U.S.C.A. §1332."

"If parties do not raise question of lack of jurisdiction, it is the duty of the federal court to determine the manner *sua sponte*." 28 U.S.C.A. §1332

28.)    The plaintiff appears to be intentionally attempting to perpetrate a monumental **fraud** upon the court and the defendants in order to deceive the court into granting *summary judgment* against defendants who **have not been *allowed*** by the plaintiff's deceptions to be informed of, and to fully understand, the *nature* of the charges and *claims* for the payment of "*any tax*" that are made against them, for a plain and clear **lack** of a proper and complete declaration by the plaintiff of the *subject-matter jurisdiction* of the court that can be taken over the civil action.

"A void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties." *Rook v. Rook*, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987)

We think, however, that it can be reasoned that a decision produced by fraud on the court is not in essence a decision at all, and never becomes final." *Kenner v. C.I.R.*, 387 F.2d 689, (7th CA, 1968)

29.)    Therefore, the Defendants both ***move*** and urge this district court to **immediately** *stay* all further proceedings in this civil action, and **compel** the plaintiff United States to properly make a ***complete*** and ***proper statement*** on the record of the action, making the

complete identification and full and proper disclosure of the constitutional authorities invoked and relied upon to sue the defendant in the court, and that properly establish the fully-granted *subject-matter jurisdiction* of the court alleged to exist in order for it to be able to take jurisdiction over the specific *claims* made by the plaintiff's *Complaint* in this legal action. This **must be done** so that the defendants **WILL HAVE ALL OF THE REQUIRED DISCLOSURES** of the *jurisdictional* information **that it must have, to be able** to properly *Answer* the *Complaint*.

30.)   **Without further disclosure** of the required ***constitutional*** <u>foundations at *Law*</u>, clearly establishing the alleged *subject-matter jurisdiction* of the court that can be taken over the plaintiff's *claims* and this entire civil action, ***as argued*** in the *Complaint*; - **NO** further legal *Answer* **is possible**.

> "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal." *Williamson v. Berry*, 8 HOW. 945, 540 12 L.Ed. 1170, 1189 (1850).

> A court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction in a particular case only, and undertakes to exercise the jurisdiction conferred in a case to which the statute has no application, the judgment rendered is void. The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments § 25, pp. 388-89

> In a long and venerable line of cases, the Supreme Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit. See, *e.g.*, *Capron v. Van Noorden*, 2 Cranch 126; *Arizonans for Official English v. Arizona*, 520 U.S. 43, (1997). *Bell v. Hood, supra*; *National Railroad Passenger Corp. v. National Assn. of Railroad Passengers*, 414 U.S. 453, 465, n. 13; *Norton v. Mathews*, 427 U.S. 524, 531; *Secretary of Navy v. Avrech*, 418 U.S. 676, 678 (per curiam); *United States v. Augenblick*, 393 U.S. 348; *Philbrook v.*

*Glodgett*, 421 U.S. 707, 721; and *Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 86-88, distinguished. For a court to pronounce upon a law's meaning or constitutionality when it has no jurisdiction to do so is, by very definition, an *ultra vires* act. Pp. 93-102. STEEL CO., AKA CHICAGO STEEL & PICKLING CO. v. CITIZENS FOR A BETTER ENVIRONMENT, No. 96-643, 90 F.3d 1237 (1998)


"Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." *United States v. Cotton*, 535 U.S. 625, 630 (2002); *Accord Jordon v. Gilligan*, 500 F.2d 701 (6th CA, 1974) ("[A] court must vacate any judgment entered in excess of its jurisdiction."); *State v. Swiger,* 125 Ohio.App.3d 456. (1995) ("If the trial court was without subject matter jurisdiction of defendant's case, his conviction and sentence would be void *ab initio*."): *Burrell v. Henderson, et al.,* 434 F.3d 826, 831 (6th CA 2006) ("[D]enying a motion to vacate a void judgment is a per se abuse of discretion.").



Respectfully submitted,


by Paul Kenneth: C

Paul Kenneth: Cromar
9870 N. Meadow Drive
Cedar Hills, UT 84062  usA


And



Barbara Ann: Cromar
Barbara Ann: Cromar
9870 N. Meadow Drive
Cedar Hills, UT 84062  usA



July 3, 2018


12

Case 2:14-cv-03937-KM-JBC  Document 102  Filed 01/05/07/08  Page 1 of 8 PageID: 844

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | Civ. No. 14-3937 (KM)(JBC) |
| **Plaintiff,** | **MEMORANDUM AND ORDER** |
| **v.** |  |
| **MICHAEL BALICE,** |  |
| **Defendant.** |  |

This is an action by the United States to reduce the tax liability of
defendant Michael Balice to a judgment, and to foreclose on certain
property. Before the Court are two motions by defendant Michael Balice
to dismiss the complaint. (ECF Nos. 74, 75) (The motions are essentially
identical; I treat them as a single motion.) The United States has filed
papers in opposition. (ECF No. 77)

Balice answered the complaint on August 25, 2014. Since then, he
has nevertheless peppered the Court with multiple Rule 12(b) motions to
dismiss the complaint. (How to count certain of these motions is
debatable, but by the government's reckoning, these are his eighth and
ninth.) A thread running through Balice's papers is his belief that the
government is constitutionally prohibited from collecting and enforcing
the income tax.

Most relevant here is my prior opinion and order, filed on July 10,
2015 (ECF No. 71), disposing of motions filed by various parties, some
fifteen of them filed by Balice. I discussed and disposed of issues raised
by Balice, including the lack of an enforcement provision in the Sixteenth
Amendment; the impermissibility of delegation of tax collection authority
to the executive; the government's lack of standing; and other matters.

1

Approximately one month after that decision, on August 11, 2015, Balice filed the motion (ECF Nos. 74, 75) that is now before the Court. This motion repeatedly refers to my July 10, 2015 decision; Balice contends that the Court has now declared, in effect, that "the Plaintiff United States may now engage in conduct that is **_constitutionally prohibited_** under Article I, Section 9, clause 4 of the U.S. Constitution, which **_constitutionally prohibits_** the enforcement upon the American People (and the Defendant) **_of any tax_** as a **_direct_** tax unless **_laid in proportion to the census_**, irregardless of the adoption of the 16th Amendment! ~~the district court's holding that the income tax is a direct~~ ~~tax is erroneous~~" (ECF No. 75, at 1; emphasis in original) Balice goes on to enumerate a number of other errors in my prior ruling.

~~The ruling stands~~ The ultimate remedy for an erroneous decision is an appeal from the final judgment in the case. It is not to bring serial motions continuing to seek the same relief.

This is, in substance, a motion for reconsideration of my July 10, 2015, order and opinion. Viewed as such, it is untimely; it was filed some 31 days afterward. See Local Rule 7.1(i) (motion must be brought within 14 days).

Even if I overlooked the untimeliness of the motion, I would deny it as futile. Reconsideration is granted sparingly, and only in three situations: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. See *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 U.S. Dist. LEXIS 11742 (D.N.J. May 21, 2004). "A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F.

Mar 20 2018 03:35PM HP Fax                               page 1

Case 2:17-cv-01223-RJS-EJF   Document 61   Filed 07/03/18   Page 15 of 18
Case 3:15-cv-00161-MHL   Document 108   Filed 03/09/18   Page 1 of 13 PageID# 1259

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA,

      Plaintiff,

v.   .                            Civil Action No. 3:15cv161

LEWIS F. CARTER,

      Defendant.

### MEMORANDUM OPINION

This matter comes before the Court on three motions filed by Defendant Lewis F. Carter:

(1) Carter's "Motion to Alter or Amend the Order of the Court" pursuant to Federal Rule of Civil

Procedure 59(e)[1] (the "Motion to Alter or Amend"), (ECF No. 99); (2) Carter's "Motion by New

Evidence to Void Judgment for Lack of Subject-Matter Jurisdiction of the District Court to

Enforce Plaintiff's Assessments of a Direct and Unapportioned Tax on Income under Article I,

Section 8 Authorities as Erroneously Done by the Court; and for Fraud Upon the Court" pursuant

to Federal Rules of Civil Procedure 60(b)(3),(4), and (6)[2] and 60(d)(3)[3] (the "First Motion to

---

[1] Rule 59(e) states: "(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

[2] Rule 60(b) states, in relevant part:

    (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    . . .

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

Mar 20 2018 03:37PM HP Fax                                                    page 8
Case 2:17-cv-01223-RJS-EJF   Document 61   Filed 07/03/18   Page 16 of 18
Case 3:15-cv-00161-MHL   Document 108   Filed 03/09/18   Page 8 of 13 PageID# 1266

to resolve whether the movant has made an adequate showing of misconduct. *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 21–22 (1st Cir. 2002).

### b.     Rule 60(b)(3) Analysis

Carter filed his Motions to Void, like his Motion to Alter or Amend, more than one year after the Court's December 31, 2015 final judgment.[7] As with his Motion to Alter or Amend, the Court could deny the Motions to Void as untimely. However, even if the Court were to consider this aspect of the Motions to Void, it would reject it on the merits.

In his Motions to Void, Carter repeats his Constitutional Authority Argument. Carter contends that Article I, Section 2, Clause 3 and Article I, Section 9, Clause 4 of the Constitution distinguish between "direct" and "indirect" taxation, a distinction restraining Congress' power to tax pursuant to Article I, Section 8. (First Mot. Void 3–4, ECF 104; Second Mot. Void 10, ECF No. 106.) Carter asserts that the Sixteenth Amendment did not alter this limitation on Article 1, Section 8 to authorize the present federal income tax. (First Mot. Void 3–4; Second Mot. Void 10). Relying on this theory, he alleges that the United States has filed a "frivolous [c]omplaint seeking . . . enforcement" against him for his failure to pay income taxes, (First Mot. Void 3), and seeks to collect "a prohibited direct unapportioned tax," (*Id.*; Second Mot. Void 5–7). Further invoking this same theory, he argues that any judgment based on this Complaint is void due to "constitutional fraud." (First Mot. Void 12.)

The Court has already rejected this argument, holding that the Internal Revenue Service (the "IRS") and the United States have proper authority to pursue the claim in Carter's case. (Dec. 31, 2015 Mem. Op. 9–10). "[T]he United States Supreme Court has consistently

---

[7] Any argument that this Court's April 29, 2016 Final Order denying Carter's first timely Motion to Void, (ECF No. 80), restarted the running of the statute of limitations is of no moment. The statute of limitations has run regardless.

Mar 20 2018 03:33PM HP Fax                                      page 9
Case 2:17-cv-01223-RJS-EJF   Document 61   Filed 07/03/18   Page 17 of 18
Case 3:15-cv-00161-MHL   Document 108   Filed 03/09/18   Page 9 of 13 PageID# 1267

interpreted the federal income tax for [now over 100 years]. Since 1916, the [Supreme] Court
has construed the tax as an indirect tax authorized by Article I, Section 8, Clause 1 of the [United
States] Constitution, as amended by the Sixteenth Amendment." *United States v. Melton*, No.
94-5535, 1996 WL 271468, at *2 (4th Cir. 1996) (citing *Brushaber v. Union Pac. R.R. Co.*, 240
U.S. 1, 16–19 (1916)). Under current, constitutionally sound tax statutes, the IRS may enforce
this law. *See United States v. Bartrug*, 777 F. Supp. 1290, 1292 (E.D. Va. 1991), *aff'd*, No. 91-
5895, 1992 WL 259194, at *1 (4th Cir. Oct. 7, 1992). Due to this authority, the United States'
Complaint is not "frivolous" and no "constitutional fraud" exists voiding this Court's judgment.
Carter offers no other evidence of misconduct by the United States and his Motions to Void fail
under Rule 60(b)(3).

### 3.   Federal Rule of Civil Procedure 60(b)(4)

#### a.   Rule 60(b)(4) Legal Standard

Rule 60(b)(4) authorizes relief from void judgments. Unlike other provisions of 60(b),
the reviewing court has no discretion in deciding to grant the motion; either a judgment is void or
it is valid. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and
Procedure* § 2862, at 429–31 (3d ed. 2012). If void, the court must grant the motion; but if valid,
the court must deny the motion. *See id.* at 431. However, "[a] judgment is not 'void' under Rule
60(b)(4) merely because it is erroneous." *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d
812, 817 (4th Cir. 2004). Instead, "[i]t is void only if the court that rendered it lacked
jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due
process of law." *Id.* (quoting *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir. 1992)).[8]

_____

[8] Unlike Rule 59(e) and Rules 60(b)(1)–(3), Rule 60(b)(4) does not contain a specific
statute of limitations. The motion need be made "within a reasonable time." Fed. R. Civ.
P. 60(c)(1).

## CERTIFICATE OF SERVICE

I, Paul Kenneth Cromar, certify that a true copy of the attached *Explanation Why No Answer Can Be Made* has been served via Certified Mail, or as otherwise noted, to the following:

Ryan S. Watson, Trial Attorney
US Department of Justice, Tax Division
P.O. Box 683
Washington, D.C.  20044                  Certified Mail # 7018 0680 0001 1802 0080

KENYON D. DOVE & THOMAS W. FARRELL
SMITH KNOWLES, PC
2225 Washington Blvd, Suite 200
Ogden, UT 84401                  via email    kdove@smithknowles.com
                                              tfarrell@smithknowles.com

STEVEN W. LEWIS
Utah Attorney General's Office
160 East 200 South, 5th Floor
Salt Lake City, UT 84114           via email   swlewis@agutah.gov

JEFFREY R. BUHMAN (7401)
Utah County Attorney
M. CORT GRIFFIN (4583)
Deputy Utah County Attorney
100 E. Center, Suite 2400
Provo, UT  84606                  via email      cortg@utahcounty.gov

PAUL JARVIS
UCCU
188 West 5200 North
Provo, UT  84604                  via email    paulj@uccu.com


by: _____  And  _____
Paul Kenneth: Cromar              Barbara Ann: Cromar
9870 N. Meadow Drive              9870 N. Meadow Drive
Cedar Hills, UT 84062  usA        Cedar Hills, UT 84062  usA


July 3, 2018