IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR; BARBARA ANN CROMAR; UTAH HOUSING FINANCE AGENCY; UNIVERSAL CAMPUS FEDERAL CREDIT UNION; STATE OF UTAH TAX COMMISSION; and UTAH COUNTY,<br><br>Defendants. | **ORDER**<br><br>Case No. 2:17-CV-01223<br><br>Judge Robert J. Shelby<br>Magistrate Judge Evelyn J. Furse |

On July 12, 2018, the court entered default against Defendants Paul Kenneth Cromar and Barbara Ann Cromar (the Cromars) for failing to defend against the United States' claims.[1] The Cromars subsequently filed a "Motion to Set Aside the Entry of Default and to Void or Vacate the Order of the Court for Lack of Subject-Matter Jurisdiction,"[2] and an "Objection to the Order of the Court for Entry of Default."[3]

Under Rule 55 of the Federal Rules of Civil Procedure, the court "may set aside an entry of default for good cause." "In deciding whether to set aside an entry of default, courts may consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[4]

Good cause does not exist here. The Cromars have repeatedly challenged the court's subject matter jurisdiction over this case, and the court has rejected each of those challenges,

---

[1] Dkt. 63.
[2] Dkt. 71.
[3] Dkt. 70.
[4] *Watkins v. Donnelly*, 551 Fed. Appx. 953, 938 (10th Cir. 2014).

1

finding jurisdiction to be proper. On June 27, 2018, the court ordered the Cromars to answer the Complaint within fourteen days or suffer entry of default.[5] Rather than answering, the Cromars instead filed several submissions reasserting their jurisdictional arguments.[6] The court therefore entered default against them on July 12, 2018.[7]

The Cromars' latest submissions merely restate their previously asserted arguments. Specifically, the Cromars argue they cannot answer the Complaint as they "fundamentally do not understand the claims . . . because they are both vague and arbitrary about the specific constitutional taxing authority, and enabling enforcement power, invoked."[8] And because the record "lacks the identification of the specific fully-granting taxing power that is allegedly being exercised,"[9] the Cromars argue, the court lacks subject matter jurisdiction over the case.

The court will not engage in a discussion of the constitutional basis for the government's taxing authority and enforcement power, but will reiterate that a number of federal statutes provide a basis for subject matter jurisdiction over this case, including 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ."). Challenges to the government's authority to tax speak to the merits of the case, not to the court's subject matter jurisdiction.

---

[5] Dkt. 59.
[6] Dkt. 60, Dkt. 61.
[7] Although the court ordered entry of default against the Cromars, the court docket text erroneously reflected that a default judgment had been entered. Dkt. 63. The docket text was corrected on July 17, 2018; the Cromars filed several Motions and an Objection the same day. Dkt. 64; Dkt. 65; Dkt. 66; Dkt. 67. It appeared to the court that the Cromars filed those Motions and the Objection with a reasonable but mistaken understanding that default judgment had been entered against them, and the court therefore denied the Motions without prejudice. Dkt. 69.
[8] Dkt. 70 at 1.
[9] Dkt. 70 at 2.

The Cromar's Motion[10] is DENIED.

SO ORDERED this 3rd day of August, 2018.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[10] Dkt. 71.