## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR; BARBARA ANN CROMAR; UTAH HOUSING FINANCE AGENCY; UNIVERSAL CAMPUS FEDERAL CREDIT UNION; STATE OF UTAH TAX COMMISSION; and UTAH COUNTY,<br><br>Defendants. | **ORDER DENYING MOTION TO VACATE**<br><br><br>Case No. 2:17-CV-01223<br><br>Judge Robert J. Shelby<br>Magistrate Judge Evelyn J. Furse |

Defendants Paul Kenneth Cromar and Barbara Ann Cromar (the Cromars) have mounted numerous challenges to the court's subject matter jurisdiction over this case.[1] The court has rejected each challenge, finding jurisdiction to be proper.[2] On July 12, 2018, the court entered default against the Cromars for failing to defend against the United States' claims.[3] The court denied the Cromars' subsequent Motion to Set Aside the Entry of Default, as it restated previously rejected jurisdictional arguments.[4]

The Cromars have now filed a "Motion to Vacate the Order of the Court for Lack of a Subject-Matter Jurisdiction."[5] The Motion is denied. As the court has stated numerous times, it is satisfied it has subject-matter jurisdiction over this action. And the Cromars' "new evidence

---

[1] *See* dkts. 11, 12, 26, 29, 39, 48, 49, 53.
[2] *See* dkts. 27, 46, 51.
[3] Dkt. 63.
[4] Dkt. 72.
[5] Dkt. 73. The Motion's full title is "Defendants' Motion to VACA TE the Order of the Court For Lack of a subject matter jurisdiction Proven By New Evidence, Documenting the Lack of the constitutionally required geographical uniformity of the 1986 IRC Section 1 'Tax imposed'', in Violation of the 'uniformity' clause of Article I, Section 8, clause 1 of the U.S. Constitution."

documenting the lack of constitutionally required geographical uniformity" in federal tax law –

consisting of a copy of a Complaint filed by several states in the Southern District of New York

– does nothing to change that conclusion or warrant reprieve from the entry of default.

The Cromars are welcome to pursue any appellate rights they may have if or when those

rights vest.  But they may not continue to litigate settled questions in this case before this court.

To that end, the court finds circumstances warrant the imposition of restrictions on the Cromars'

ability to file motions or other documents in this case.  "Federal courts have the inherent power

to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the

appropriate circumstances."[6]  Accordingly, it is hereby ORDERED as follows:

(1) The Cromars are RESTRICTED from filing additional motions or other documents in
    this case without first obtaining written permission from the Court.

(2) Any motions for such leave should bear the title "Motion for Leave to File Motion."
    Any such motion for leave shall not exceed two (2) pages in length and shall contain,
    as attachments, each motion the Cromars wish to file.  The Motion for Leave to File
    Motion must state "succinctly the precise relief sought and the specific grounds for
    the motion" as required by the District of Utah Local Rules.[7]

(3) Any response to the Motion for Leave to File Motion must be filed within seven (7)
    days.

(4) The Motion for Leave to File Motion will be considered ten days after it was filed.  If
    leave to file the motion is granted, it may be filed within fourteen days.  If the motion
    for which leave was given is not timely filed it may not be later filed without a new
    Motion for Leave to File Motion.  If there is any variation in form of the motion

---

[6] *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quotation omitted).
[7] *See* DUCivR 7-1(a).

actually filed from the form attached to the Motion for Leave to File Motion, the

variant motion shall be stricken without notice.

(5) Any motion filed without first obtaining leave will be summarily denied.

SO ORDERED this 28th day of August, 2018.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

3