FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 30, 2018**

_____

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PAUL KENNETH CROMAR;
BARBARA ANN CROMAR,

    Defendants - Appellants,

and

UNIVERSAL CAMPUS FEDERAL
CREDIT UNION; UTAH COUNTY,

    Defendants.

No. 18-4164
(D.C. No. 2:17-CV-01223-RJS-EJF)
(D. Utah)

_____

**ORDER**
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

    Pro se defendants Paul Cromar and Barbara Cromar have filed a second interlocutory notice of appeal in the underlying civil tax suit. They do not identify any particular order as the subject of their appeal. Nevertheless, from the context of information provided in the notice, it appears that the appellants are challenging the part of the district court's docket entry number 85 stating their document titled "Cross-Complaint for Damages" would not be filed. No matter how we interpret the notice of

appeal, however, we do not have jurisdiction to review the district court proceedings at this time.

As an initial matter, the appellants' notice of appeal fails to comply with the requirements of Federal Rule of Appellate Procedure 3. Because the appellants failed to identify with particularity what decision they are challenging, this appeal is subject to dismissal. *See Williams v. Akers*, 837 F.3d 1075, 1078 (10th Cir. 2016).

Even construing the notice of appeal liberally, *see Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 n.7 (10th Cir. 1994), and gleaning from the context that the appellants seek review of docket number 85, we find no path available for this appeal to continue. The general rule is that no appeal may be taken until the district court has entered final judgment. 28 U.S.C. § 1291. "The final judgment rule [] alleviates the substantial burden that would be imposed on the courts of appeals by the 'fragmentary and piecemeal review of the district court's myriad rulings in the course of a typical case.'" *In re: Motor Fuel Temperature Sales Practices Litigation*, 641 F.3d 470, 482 (10th Cir. 2011) (quoting *Boughton v. Cotter Corp.*, 10 F.3d 746, 748 (10th Cir.1993)). "Moreover, deferring appellate review until the district court has finally resolved a case promotes efficient judicial administration by 'reduc[ing] the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals.'" *Id.* (quoting *Flanagan v. United States*, 465 U.S. 259, 264 (1984) (alteration contained in *In re: Motor Fuel*). Since the district court has not entered final judgment, the appellants cannot rely on § 1291 for jurisdiction.

Similarly, we see no alternate route for the appellants to proceed with their appeal. The appellant cannot satisfy any section of 28 U.S.C. § 1292. The district court has not certified a partial final judgment under Federal Rule of Civil Procedure 54(b). And the collateral order doctrine does not apply to procedural decisions like the one at issue here. To apply the collateral order doctrine, an interlocutory district court order must "(1) finally decide (2) an important question collateral to (or separate from) the merits of the underlying proceeding, and (3) be 'effectively unreviewable' after final judgment." *United States v. Wampler*, 624 F.3d 1330, 1334 (10th Cir. 2010). The appellants cannot establish that the docket text satisfies the requirements for application of the collateral order doctrine. We note in particular that docket entry number 85 is far from a final decision. To the contrary, the docket text provides a potential remedy to the appellants, which they have thus far not attempted.

Further, to the extent that the appellants may be implicitly challenging the district court's imposition of filing restrictions, they cannot do so now. Sanctions orders like the filing restrictions imposed here are not appealable on an interlocutory basis. *See generally Cunningham v. Hamilton Cty.*, 527 U.S. 198, 205-10 (1999) (holding sanctions order not appealable under collateral order doctrine). Besides, the appellants already attempted to challenge the restrictions order in their last premature appeal. *United States v. Cromar*, No. 18-4128. This court dismissed the prior appeal for lack of jurisdiction. Our conclusion that their appeal was premature is now the law of the case, and the appellants must wait until final judgment has been entered for another opportunity to challenge the filing restrictions. *See Dobbs v. Anthem Blue Cross and Blue Shield*, 600

F.3d 1275, 1279-80 (10th Cir. 2010) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)).

For these reasons, we conclude that this court lacks jurisdiction to consider this appeal. *Arthur Anderson & Co. v. Finesilver*, 546 F.2d 338, 342 (10th Cir. 1976) ("Every interlocutory order involves, to some degree, a potential loss or harm. That risk, however, must be balanced against the need for efficient federal judicial administration, the need for the appellate courts to be free from the harassment of fragmentary and piecemeal review of cases otherwise resulting from a succession of appeals from the various rulings which might arise during the course of litigation." (internal quotations omitted)).

APPEAL DISMISSED.

> Entered for the Court
> ELISABETH A. SHUMAKER, Clerk
>
> *Lara Smith*
>
> by: Lara Smith
>     Counsel to the Clerk