UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH - CENTRAL DIVISION

RECEIVED CLERK

FEB 22 2019

U.S. DISTRICT COURT

Judge: Robert J. Shelby

| UNITED STATES OF AMERICA, Plaintiff, | CASE NO.: 2:17-cv-01223-RJS |
|---|---|
| v. Paul Kenneth Cromar, Barbara Ann Cromar, et. al, Defendants. | Defendants' Objection to *ex-parte Pleading* and Motion to VOID the *ex-parte* Judgment Order |

## Defendants' Objection to *ex-parte Pleading* and Motion to VOID the *ex-parte* Judgment Order

1.  Comes now, Paul and Barbara Cromar, *pro se* Defendants, under Fed.R.Civ.Pr. R. 7, 8, 9, 12(a), 12(c), and 55(c) and file this *Objection* to the court's improper reliance upon, and use of, an ***ex-parte* submission of pleadings** made by the plaintiff United States in granting the Plaintiff's *Motion for Default Judgment* **after only 1 day** and without allowing the defendants any opportunity at all to plead in reply to the *Motion* as required under the Federal Rules of Civil Procedure; and Defendants further hereby *Moves* this honorable court, under the Federal Rules of Civil Procedure, Rule 60(b)(4), to **VACATE, VOID, or RESCIND** the *Order* of the court granting default judgment, for violations of the prerequisite legal ***due process*** rights of the Defendants to have timely filed pleadings taken into consideration by the court after a reply is made within the time allowed, as specified in required under the applicable Federal Rules of Civil Procedure (Fed.R.Civ.P) as argued below.

2.  Federal Rules of Civil Procedure, Rule 55(c) specifies that: "*For good cause shown the court may set aside an entry of default*".

1

> **Rule 55. Default**
>
> **(c) SETTING ASIDE DEFAULT.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

3. Pursuant to the Federal Rules of Civil Procedure, Rule 60(b), the district court "*may relieve a party or its legal representative from a final judgment, Order, or proceeding*" if, inter alia, "***the judgment is void***." Fed.R.Civ.P. 60(b)(4). "**Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, *or if it acted in a manner inconsistent with due process of law*.**" Burke, 252 F.3d at 1263.

4. Fed.R.Civ.P. Rule 12(a), Rule 12(c), and work together to plainly and clearly specify that to provide the required legal *due* process at law, a litigant must be given time to answer a pleading like the plaintiff's *Motion for default judgment*. In this case, the Defendants were **improperly and prejudicially NOT** even given 1 day to answer the United States' *Motion for Default Judgment* which was improperly wrongfully granted by the court just 1 day after the Defendants received *service* of the plaintiff's *Motion*, before the defendants could file any reply at all with the court.

5. The issued *Order of the court* granting default judgment was a plain and clear **violation** of the controlling applicable Federal Rules of Civil Procedure, and the standards at law in the United States of America for affording and providing legal *due process*, and the litigants' *Rights* to *due process, t*o all litigants in all judicial proceedings occurring in all of the federal district courts.

6. Proper, legal ***due process*** at law plainly and clearly requires opportunity to be heard.

> "The essential elements of due process of law are **notice and opportunity to defend**;" *Simon v. Craft*, 182 U.S. 427, 436, 21 SUP. CT. 836, 45 L. ED 1165

Case 2:17-cv-01223-RJS Document 97-1 Filed 02/22/19 Page 3 of 8

> "Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty, or property, in its most comprehensive sense; **to be heard, by testimony or otherwise**, and to **have the right of controverting**, by proof, **every material fact which bears on the question of right** in the matter involved. If any question of fact or liability be conclusively presumed against him, this is not due process of law." Black's Law Dictionary 500 (6th ed. 1990); accord, *U.S. Department of Agriculture v. Murry*, 413 U.S. 508 [93 S.Ct. 2832, 37 L.Ed.2d 767] (1973); *Stanley v. Illinois*, 405 U.S. 645 [92 S.Ct. 1208, 31 L.Ed.2d 551] (1972)

7. *Due process* of law under FRCP requires that time be given to the Defendants in order to answer the plaintiff United States' *Motion for Default judgment*. This **absolute requirement** of **legal *due process***, to provide time to answer a *Motion for default judgment*, has been **blatantly violated by the district court** in this matter by granting the Plaintiff United States' *Motion for Default judgment* after only 1 days' time, **without** allowing Defendants **any time at all** to answer the *Motion* under the Federal Rules of Civil Procedure.

8. Therefore, obvious violations of the **required** legal *due process Rights* of the defendants have plainly and clearly occurred in this matter, in an inexplicable apparent attempt by the court to silence the Defendants by effectively acting pre-emptively and prematurely to wrongfully prevent him from being allowed to raise legal issues and argue in support of his statutory defenses available in this matter.

9. **This is reversible error**, obviously **prejudicial to the Defendants**, and it is **sufficient cause** to invoke Fed.R.Civ.P. Rule 60(b)(4) in order to ask the court to reconsider its premature ruling, and **VACATE, VOID** or **rescind** the *ex-parte Order* of the court wrongfully granting default judgment to the plaintiff, to allow the Defendants to make a reply to the United States' *Motion for Default judgment*, instead of proceeding with this **improper,** court-engineered vacuum (absence) of opposition from the Defendants on the record of the court in the action.

3

## Prohibited *ex-parte* Communications

10. To accept an *ex-parte* filing at the court, and then immediately grant the Plaintiff's *Motion for Default judgment*, **without allowing any reply or response, or input, or opposition to be filed by the Defendants**, is plainly and clearly **improper.** Acting in this manner, effectively amounts to a prohibited *ex-parte* **communication** between the Plaintiff United States and the district court, and it is an improper *ex-parte Order of the court* that has issued - where the Plaintiff United States is allowed to argue *ex-parte*, and the Defendants is ***prejudicially*** locked out of the court and prevented from participating in the proceedings by the courts improper, partial, *prejudicial ex-parte* ruling and action.

11. This type of **prohibited *ex-parte*** communications, and actions by the court, are despicable, and plainly and clearly constitutes a violation of the legal *due process* **Rights** of the Defendants, and clearly demonstrate a ***prejudicial*** **favoritism** of the court for the Plaintiff United States and against the Defendants, **that cannot be legitimately allowed** to operate by *ex-parte rulings*, serving as the legal basis for decision, holding, ruling, or *Order* regarding the granting of a *Motion for Default judgment*, because of the **wrongful, improper** and ***violative*** **court-engineered absence** of participation by argument or pleading from the Defendants.

12. Impartiality is the most basic principle of judicial ethics. It means that all parties to a pending case are included in all communications with the court regarding that matter - no party has special or secret access to the judge. Communication to the judge without prior or simultaneous notice to the opponent **is *"ex parte"* and improper** except as specifically provided by applicable law. If the litigant does not know of any applicable law permitting a particular *ex parte* communication it is improper, and it also violates the required constitutional *due process*, and in this particular dispute, it also violates the statutorily required "*appropriate process*", necessary for the district court to properly take and hold legal jurisdiction over this matter, as well.

13. Improper *ex parte* contact occurs when an attorney communicates with another party or the Court (the judge) outside the presence of that other party's attorney, and without ever

4

giving notice of the contact to the other litigants. *Ex parte* contact also describes a judge who communicates with **or rules for one party to a lawsuit to the exclusion of the other party or parties,** or a judge who initiates discussions about a case with disinterested third parties. Canon 3(A)(4) of the American Bar Association (ABA) Model Code of Judicial Conduct discourages judges from such *ex parte* communications.

14. Every lawyer knows nonconsensual *ex parte* contacts with a judge or judicial officer, including court personnel who participate in the decision-making process on the merits of a contested matter are prohibited by Rule of Professional Conduct 5-300(B).

> **Contested matter** "extends to communications of information in which counsel knows or should know the opponents would be interested. (Citation omitted.)....[T]he standard generally bars any *ex parte* communication by counsel to the decision maker of information relevant to issues in the adjudication."

15. In the United States, the availability of *ex parte* orders or decrees from both federal and state courts, and the use of *ex parte* communications as arguments or submissions for consideration by the courts, is sharply limited by the Fifth and Fourteenth Amendments to the U.S. Constitution, which provide that a person shall not be deprived of any interest in liberty or property without due process of law, which includes the right **to legal** *notice*, participation, and **rebuttal opposition**. In practice this has been interpreted to require adequate notice of the request for judicial relief or *Order*, and an opportunity to also be personally heard **in a hearing** concerning the merits of such requests or *Motions*.

16. Judges can be sanctioned for allowing or conducting *ex-parte* proceedings, or for utilizing *ex parte* submissions or issuing *ex-parte* Orders in order to summarily settle disputes. Canon 3(A)(4) of the Code of Judicial Conduct specifically prohibits *ex parte* communication between a judge and a lawyer in any pending or impending proceeding.

17. Subsection 4 of the Canon is based in part on old Canon 11 of the Canons of Judicial Ethics. Canon 17, entitled "*Ex Parte Communication*" was adopted in 1924 by the American Bar Association and remained virtually unchanged for nearly half a century.

Canon 17 specifically prohibited all communications, arguments, and interviews, for the purpose of assisting a judge in the rendering of a decision, unless representatives of all interested parties were actually notified of such, and or present at such time.

18. The rules of Conduct found in the first sentence of the Canon are likewise twofold. Initially, it is stated that a judge should accord every interested person (or his lawyer) a "*full **right to be heard** according to the law*". This requirement covers a vast area of judicial activities and has been applied many times in judicial proceedings in the United States. The second part of adjudicative responsibilities required by Canon 3(A)(4) deals with *ex parte* communication and states that it is expressly prohibited.

19. Judges should be careful not to initiate or accept any *ex parte* communication from anyone other than a judicial colleague or appropriate court officer. In the event other *ex parte* communication is necessary, the notice and hearing requirements of Canon *3(A)(4)* must be strictly adhered to. (see, *Matter of Bonin*, 375 Mass. 680, 378 N.E.2d 669 (1978). See also *Wise*, "New Rule Clarifies Activities For Judges Running For Office," N.Y.L.J. (August I, 1986, p. 1) (§100.7 of the Rules of the Chief Administrator Governing Judicial Conduct, relating to political activity of judges, amended to provide for new rules restricting their political activities.)

## SUMMARY

20. ***Ex-parte*** communications and **acts** undertaken by the court that are not authorized by the FRCP to occur as *ex-parte* proceedings, are a violation of the rules of legal *due process*. Pursuant to the Federal Rules of Civil Procedure, Rule 60(b), the district court "*may relieve a party or its legal representative from a final judgment, Order, or proceeding*" if, inter alia, "**the judgment is void**." Fed.R.Civ.P. 60(b)(4). "**Generally, a judgment is void** under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, **OR if it acted in a manner inconsistent with due process of law**." Burke, 252 F.3d at 1263 (internal quotation marks omitted).

6

21. Therefore, Defendants respectfully moves this honourable court to Vacate, Void or rescind the improper *ex-parte Order* of the court that it has issued wrongfully granting *default judgment* to the plaintiff in an *ex-parte* manner, in violation of the applicable and controlling Rules of the FRCP, and allow the defendants 20 days from the date of that *Order* to plead in reply to the plaintiff's *Motion for default judgment*.

Respectfully submitted,

*[signature]*          *[signature]*
Paul Kenneth: Cromar          Barbara Ann: Cromar
9870 N. Meadows Dr.          9870 N. Meadows Dr.
Cedar Hills, UT 84062          Cedar Hills, UT 84062

February 22nd, 2019

## CERTIFICATE OF SERVICE

We, Paul Kenneth: Cromar and Barbara Ann: Cromar, certify that a true copy of the attached *Objection* has been served via Certified Mail to the following:

Ryan S. Watson, Trial Attorney
Tax Division / U.S. Department of Justice
Ben Franklin Station / P.O. Box 683
Washington, DC.20044-0683             Certified Mail #: 7018 1839 0002 3476 2000

KENYON D. DOVE & THOMAS W. FARRELL
SMITH KNOWLES, PC
2225 Washington Blvd, Suite 200
Ogden, UT 84401                       via email    kdove@smithknowles.com
                                                   tfarrell@smithknowles.com

STEVEN W. LEWIS
Utah Attorney General's Office
160 East 200 South, 5th Floor
Salt Lake City, UT 84114              via email    swlewis@agutah.gov

JEFFREY R. BUHMAN (7401)
Utah County Attorney
M. CORT GRIFFIN (4583)
Deputy Utah County Attorney
100 E. Center, Suite 2400
Provo, UT 84606                       via email    cortg@utahcounty.gov

PAUL JARVIS
UCCU
188 West 5200 North
Provo, UT 84604                       via email    paulj@uccu.com


by: /s/ Paul Kenneth: Cromar              /s/ Barbara Ann: Cromar
Paul Kenneth: Cromar                      Barbara Ann: Cromar
9870 N. Meadows Dr.                       9870 N. Meadows Dr.
Cedar Hills, UT 84062                     Cedar Hills, UT 84062


February 22nd, 2019