UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

RECEIVED CLERK

FEB 2 2 2019

U.S. DISTRICT COURT

Judge: Robert J. Shelby

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>v.<br><br>Paul Kenneth Cromar,<br>Barbara Ann Cromar,<br>et. al,<br>        Defendants. | CASE NO.: 2:17-cv-01223-RJS<br><br>Defendants'<br>Motion to VOID Judgment<br>for *Lack* of<br>*subject-matter jurisdiction*<br>of the district court to<br>Enforce a *Judgment allegedly* Rendered<br>Under Article I, Section 8 Authority;<br>for a NON-*geographically uniform*<br>Tax on *income* Enforced in *violation* of<br>Article I, Section 8, clause 1 of the U.S.<br>Constitution |

**Defendants' Motion to VOID Judgment for *Lack* of *subject-matter jurisdiction* of the district court to Enforce a *Judgment allegedly* Rendered Under Article I, Section 8 Authority; for a NON-*geographically uniform* Tax on *income* Enforced in *violation* of Article I, Section 8, clause 1 of the U.S. Constitution**

1.  Comes now, Paul Kenneth Cromar and Barbara Ann Cromar, Defendants, *pro se*, who herein *moves* this court under Fed.R.Civ.P. Rules 60(b)(3), 60(b)(4), 60(b)(6) and 60(d)(3), to **VOID** the <u>erroneous</u> judgment rendered in favor of the plaintiff United States in the above-captioned legal action, for want of a constitutionally granted ***subject-matter jurisdiction*** of the district court that could lawfully be taken over this legal action by the district court under Article I, Section 8 (as ruled by the court in its *Order* granting *judgment*), to enforce the ***non-geographically uniform*** assessments of the tax on *income* that were made in this case against the defendants by the Plaintiff's IRS, under IRC Section 1 of the 1986 IRC.

1

> "A judgment is void if the court acted in a manner inconsistent with due process. A void judgment is a nullity and may be vacated at any time." *In re Marriage of Hampshire*, 261 Kan. 854, 862, 934 P.2d 58 (1997).

> "The consequences of an act beyond the court's jurisdiction in the fundamental sense differ from the consequences of an act in excess of jurisdiction. An act beyond a court's jurisdiction in the fundamental sense is void; it may be set aside at any time and no valid rights can accrue thereunder." *People v. Ruiz*, (1990) 217 Cal. App. 3d 574, 265 Cal. Rptr. 886

> "Judgment is a "void judgment" if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process." *Klugh v. U.S.*, D.C.S.C., 610 F.Supp. 892, 901.

2.   Defendants further invokes Fed. R. Civ, Proc. Rule 12(b)(1) - *Lack Of Subject-Matter Jurisdiction*; Rule 12(h)(3) - *Lack of Subject-Matter Jurisdiction*; and Rule 12(b)(6) - *Failure To State A Claim Upon Which Relief Can Be Granted*,

> "Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties," *Wahl v. Round Valley Bank* 38 Ariz. 411, 300 P. 955 (1931); *Tube City Mining & Milling Co. v. Otterson*, 16 Ariz. 305, 146 P. 203 (1914); and *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940).

3.   This district courts *lacks* a constitutionally granted *subject-matter jurisdiction* that can lawfully be taken over this civil legal action seeking the judicial enforcement of the claim made by the plaintiff for the payment of the tax demanded, for a clear and pointed **_lack_** of the required **_geographical uniformity_** that is constitutionally required of all lawful *indirect* taxation under Article I, Section 8, clause 1 of the U.S. Constitution, *i.e.*: all **indirect** taxes laid under the Article I, Section 8, clause 1 taxing authorities of *Impost, Duty* or *Excise* **must** be **_geographically uniform_** from State to State

    **Article I, Section 8, clause 1**

> Congress shall have power to lay and collect Taxes, Duties, Imposts and Excises ...; but all Duties, Imposts and Excises shall be uniform through the United States.

4. *Whereas,* the *uniformity* of the authorized *indirect* taxation that is required under Article I, Section 8, clause 1, has been historically held by the federal courts to be a constitutional requirement to provide <u>geographical uniformity</u> within the federal tax laws that are enacted by Congress, - so that the citizens of each State, where similarly economically situated to citizens in the other States, are all treated **the same** by the tax law, *i.e.*: *uniformly* within each State, within each tax bracket, with an equal and uniform effective rate of tax laid on the people of every State, in each bracket.

> "The [income] tax **being an excise**, its imposition must conform to the canon of **uniformity**. There has been no departure from this requirement. According to the settled doctrine the uniformity exacted is geographical, not intrinsic. *Knowlton v. Moore, supra,* p. 178 U. S. 83; *Flint v. Stone Tracy Co., supra,* p. 220 U. S. 158; *Billings v. United States,* 232 U. S. 261, 232 U. S. 282; *Stellwagen v. Clum,* 245 U. S. 605, 245 U. S. 613; *LaBelle Iron Works v. United States,* 256 U. S. 377, 256 U. S. 392; *Poe v. Seaborn,* 282 U. S. 101, 282 U. S. 117; *Wright v. Vinton Branch Mountain Trust Bank,* 300 U. S. 440." *Steward Mach. Co. v. Collector,* 301 U.S. 548 (1937), at 583

> The tax is uniform when it operates with the same force and effect in every place where the subject of it is found. "Uniformity" means all property belonging to the same class shall be taxed alike. it does not signify an intrinsic, but simply a geographic, uniformity (*Churchill & Tait v. Conception,* 34 Phil. 969). Uniformity does not require the same treatment; it simply requires reasonable basis for classification.

5. *And Whereas,* under the federal income tax law of Title 26 U.S.C. (IRC) Section 1 - "*Tax imposed*", of the 1986 - Internal Revenue Code, it is irrefutable that <u>the 1986 IRC tax law(s) specifically allow(s)</u> for the **deduction** from the federal *taxable income* of the *taxpayer*, - of all of the State and local taxes (Salt) that were paid by a *taxpayer* in the tax years that were at issue in this civil action;

6. *And Whereas,* the States and local jurisdictions do **not** have *uniform* tax rates within either the several States or the local jurisdictions;

3

7. *And Whereas*, State citizenship cannot be constitutionally used by Congress as the lawful basis for any inherently ***prejudicial classification***, or tax related *grouping*, of *We the American People*, in order to divide the American People by State, into allegedly different *classes* of citizens within each State, that are then all taxed at different and *non-uniform* effective rates of tax than the citizens of the other several States;

8. *And Whereas*, it is that *arbitrary* and ***non-uniformly*** calculated *taxable income* resulting after the deduction of the **differing** State and local tax (Salt) amounts, that is used by the 1986 IRC *income* tax law of Section 1, to then calculate the amount of federal tax that is to be owed by the federal *taxpayer* <u>in that State **alone**</u>, thus establishing an effective, ***differing*** and ***non-uniform*** rate of *income* tax that is *<u>actually</u>* imposed by the Code Section (1) upon the *taxpayers* **of each and every State**;

9. *And Whereas*, this ***non-uniform*** application of the *indirect* taxing powers that is **not** authorized under the 1986 IRC statutes, has the very real and immediate ***prejudicial*** effect of unconstitutionally **increasing** the now, ***non***-*uniform* federal tax burden imposed upon the citizens of the politically conservative (typically rural) low-tax States, - by **increasing** their effective rate of federal tax and amounts of tax owed <u>by limiting their Salt deduction</u>; **beyond** the effective rate of tax, and amounts of tax that are calculated as being owed, by the similarly economically situated citizens of the liberal, progressive, high-tax States, and local (typically urban) jurisdictions, whose citizens will pay the resultant ***non-uniform*** <u>lower</u> tax-rates and amounts of tax resulting from the ***non-uniform*** higher deductions of their higher-rate-of-tax States and its corresponding **larger** Salt deduction, and thus will share **only** a **smaller** overall <u>federal tax burden</u> than the citizens of other States, and specifically the several low-tax States, whose citizens are ***unconstitutionally*** *prejudiced* by the ***unconstitutional*** taxing statute (IRC Section 1), and are *punished* by the resulting *geographically* **non**-*uniform* higher effective rate of federal taxation thus imposed on them, which effectively compels them to *unconstitutionally* subsidize the liberal State operations of the more progressive high-tax States, by improperly transferring a share of the liberal States' true and honest tax burden under the Constitution, to the more conservative, low-tax States, though the ***non-uniform*** Salt deductions provided in the statute.

4

10. *And Whereas,* this **non-***uniform* application of the Article I, Section 8 *indirect* taxing powers is effected as a direct result of the federal law allowing State and local tax deductions (Salt) to be arbitrarily set at different levels by each and every State legislature through its own rates of taxation imposed, - rather than being *uniformly* established across every state, as set by federal law under the requirements of the Constitution, - at an amount that is equal for every *taxpayer* within every tax bracket, in each and every state, as constitutionally required by the *geographical uniformity* requirement of Article I, Section 8, clause 1;

11. *And Whereas,* this **non-***uniform* application of the federal tax law created by this varying deduction that is defined in State law, rather than federal, has the direct **unconstitutional** result of thereby imposing a *geographically* inherently **different** and **non-***uniform* effective rate of federal tax **within every State**, so that the citizens of each and every State all pay **different** and **non-***uniform* rates of tax, and amounts of federal tax, - which is patently <u>**unconstitutional**</u>;

12. *And Whereas,* all of the claims of debt alleged owed to the claimant United States in this action, are based upon a claim of the *subjectivity* of the defendants Paul Kenneth Cromar and Barbara Ann Cromar, to the enforcement of the payment of this **non-***uniform,* **unconstitutional** application of the *indirect* taxing powers under Article I and IRC Section 1 of the 1986 IRC;

13. *And Whereas,* the Article I, Section 8, clause 18 *Necessary and Proper clause* of the U.S. Constitution **only** enforces the Section 8, clause 1 authorized, *geographically uniform,* <u>*indirect*</u> taxation of the activities of the American People by the *Impost, Duty* and *Excise* taxing *powers*;

14. *And Whereas,* the required *geographically uniformity* of the federal *income* tax is thus completely **destroyed** by this varying "State and local tax" (Salt) deduction amount, which varies from State to State, and thus the required "*geographically uniformity*" **does not exist** under the 1986 IRC Section 1 statutory provisions imposing the tax on *income*;

15. *Therefore*, the taxing statute is **unconstitutional** as written under the 1986 I.R.C. Section 1 - "*Tax imposed*", for **lack** of the required *geographical uniformity* that results from its operation as proscribed in law.

> "The subject matter of taxation open to the power of the Congress is as comprehensive as that open to the power of the states, though the method of apportionment may at times be different. "The Congress shall have power to lay and collect taxes, duties, imposts and excises." Art. 1, § 8. **If the tax is a direct one, it shall be apportioned** according to the census or enumeration. **If it is a duty, impost, or excise, it shall be uniform** throughout the United States. **Together, these classes include every form of tax appropriate to sovereignty.** *Cf. Burnet v. Brooks,* 288 U. S. 378, 288 U. S. 403, 288 U. S. 405; *Brushaber v. Union Pacific R. Co.,* 240 U. S. 1, 240 U. S. 12." *Steward Mach. Co. v. Collector,* 301 U.S. 548 (1937), at 581

16. *Then*, as an obvious constitutional consequence to those irrefutable facts, this honorable court has **no** constitutionally granted *subject-matter jurisdiction* that it can either identify or establish to take over the legal action, on the record of the action, to allow the court to enforce by *Order of the Court* the claims for the *geographically* **non-***uniform* tax-based debt that is alleged to be owed by the defendants to the claimant United States as a result of this unconstitutionally prejudiced, *geographically* **non-***uniform* taxation of *income* under Article I that has occurred to engineer the manufacture of the debt claims of the claimant made in their *Complaint*.

> It remains rudimentary law that "[a]s regards all courts of the United States inferior to this tribunal, two things are necessary to create jurisdiction, whether original or appellate. **The Constitution must have given to the court the capacity to take it**, *and an act of Congress must have supplied it* .... To the extent that such action is not taken, the power lies dormant." *The Mayor v. Cooper,* 6 Wall. 247, 252, 18 L.Ed. 851 (1868); accord, *Christianson v. Colt Industries Operating Co., 486 U.S. 800,* 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368,* 379-380, 101 S.Ct. 669, 676-677, 66 L.Ed.2d 571 (1981); *Kline v. Burke Construction Co.,* 260 U.S. 226, 233-234, 43 S.Ct. 79, 82-83, 67 L.Ed. 226 (1922); *Case of the Sewing Machine Companies,* 18 Wall. 553, 577-578, 586-587, 21 L.Ed. 914 (1874); *Sheldon v. Sill,* 8 How. 441, 449, 12 L.Ed. 1147 (1850); *Cary v. Curtis,* 3 How. 236, 245, 11 L.Ed. 576 (1845); *McIntire v. Wood,* 7 Cranch 504, 506, 3 L.Ed. 420 (1813). *Finley v. United States,* 490 U.S. *545* (1989).

17. The fact that the federal personal income tax is **only** constitutionally authorized, and is **only** constitutionally made *enforceable*, as **the measure** of the amount of an *indirect Impost, Duty* or *Excise* tax that is imposed and enforced under the granted authorities of Article I, Section 8, clauses 1 and 18, is now **irrefutable**.

> "by the previous ruling [*Brushaber v Union Pacific R. Co.*] it was settled that the provisions of the Sixteenth Amendment **conferred no new power of taxation** but simply **prohibited** the previous complete and plenary power of income taxation possessed by Congress from the beginning **from being taken out of the category of indirect taxation to which it inherently belonged** ...." *Stanton v. Baltic Mining Co.*, 240 U.S. 103, 112-113 (1916).

> "The [income] tax **being an excise**, its imposition must conform to the canon of **uniformity**. There has been no departure from this requirement. According to the settled doctrine the uniformity exacted is geographical, not intrinsic. *Knowlton v. Moore, supra,* p. 178 U. S. 83; *Flint v. Stone Tracy Co., supra,* p. 220 U. S. 158; *Billings v. United States,* 232 U. S. 261, 232 U. S. 282; *Stellwagen v. Clum,* 245 U. S. 605, 245 U. S. 613; *LaBelle Iron Works v. United States,* 256 U. S. 377, 256 U. S. 392; *Poe v. Seaborn,* 282 U. S. 101, 282 U. S. 117; *Wright v. Vinton Branch Mountain Trust Bank,* 300 U. S. 440." *Steward Mach. Co. v. Collector,* 301 U.S. 548 (1937), at 583

> "Whether the tax is to be classified as an "*excise*" is in truth not of critical importance. If not that, it is an "*impost*" (*Pollock v. Farmers' Loan & Trust Co.,* 158 U. S. 601, 158 U. S. 622, 158 U. S. 625; *Pacific Insurance Co. v. Soble,* 7 Wall. 433, 74 U. S. 445), or a "*duty*" (*Veazie Bank v. Fenno,* 8 Wall. 533, 75 U. S. 546, 75 U. S. 547; *Pollock v. Farmers' Loan & Trust Co.,* 157 U. S. 429, 157 U. S. 570; *Knowlton v. Moore,* 178 U. S. 41, 178 U. S. 46). **A *capitation* or other "*direct*" tax it certainly is not.**" *Steward Mach. Co. v. Collector,* 301 U.S. 548 (1937), at 581-2

16. And now, by additional evidence from the United States Congress itself, in the form of the H.R.1 *income* tax legislation just enacted by Congress, re-enacting the income tax law of IRC Section 1, effective January 1st, 2018, we again see that it is indeed **Article I, Section 8**, clause 1, that is the true constitutional authority for the *geographically uniform*, and therefore *lawful*, *indirect* taxation of *income* by the United States government.

7

17. This re-enactment of IRC Section 1 (in Dec. 2017), of course constitutes a re-enactment of **exactly the same** income taxing powers, under exactly the same *scheme of taxation*, as **previously** existed under the 1986 IRC code provisions. Congress has simply adjusted the number of tax-brackets from seven to four, with different threshold amounts associated with each tax-bracket, and with a new set of *uniform* allowed or disallowed deductions and exemptions, including those for "State and local taxes".

18. It should be noted by the court that the new H.R. 1 tax law **fixes** the "*geographical uniformity*" **violation** of the 1986 IRC Section 1 because the "State and local tax" (Salt) deduction amount, is now a *fixed* amount that is established by the federal law for all *taxpayers* at $10,000 and is no longer based on a variant State law that *operationally* destroyed the required *geographical uniformity* from State to State, as was done in the previous 1986 IRC Section 1 that was relied upon in this action. But, while the *uniformity* violation has been corrected in the new H.R. 1 legislation, it is still basically the **exact same scheme** of *income* taxation as that which existed before in the 1986 IRC.

19. In the H.R. 1 legislation, just enacted into law, effective January 1st, 2018, the Congress has included a "*Constitutional Authority Statement*" for the income tax law that is re-enacted by the Congress in the Act, *i.e.*: Title 26 U.S.C. (I.R.C.) Section 1 - "*Tax Imposed*". that *Statement* clearly establishes the clause of the Constitution that gives the Congress the constitutional authority to write the law that is proposed in the H.R. 1 Bill (legislation).

20. It plainly states in that "*Constitutional Authority Statement*" for the H.R. 1 legislation:

8



21. The "*Constitutional Authority Statement*" for the federal personal income tax **enactment into law** under this 2017 Act, plainly and clearly states (Congressional Record, Volume 163 Number 178, Thursday November 2nd, 2017, Page H8444) that the constitutional authority for the income tax legislation is "**Article I, Section 8, clause 1 of the Constitution of the United States**".

22. Here is the enlarged "*Constitutional Authority Statement*" declaration of authority:

9

**Constitutional Authority Statement**
[Congressional Record Volume 163, Number 178 (Thursday, November 2, 2017)]
From the Congressional Record Online through the Government Publishing Office
[www.gpo.gov]
By Mr. BRADY of Texas:
H.R. 1.
Congress has the power to enact this legislation pursuant
to the following:
Article I, Section 8, Clause 1 of the Constitution of the
United States.
[Page H8444]


**About Constitutional Authority Statements**
On January 5, 2011, the House of Representatives adopted an amendment to House
Rule XII. Rule XII, clause 7(c) requires that, to be accepted for introduction by the

23. This declaration and published admission of the Congress positively establishes that the constitutional authority for the federal government to tax *income* is based in the *indirect* taxing authorities that are granted under Article I, Section 8, clause 1, and nowhere else.

24. In order for the federal courts to be lawfully and constitutionally empowered to enforce the claims for tax thereunder, the imposition of the tax must be *geographically uniform*. Without that constitutionally required *geographical uniformity* in application of the imposition of the tax, every federal court in the country loses its ability to take a granted *subject-matter jurisdiction* over any legal action seeking the court's enforcement of the payment of that **non-***uniform* ***indirect*** tax.

> "Federal courts are courts of limited jurisdiction. They possess only power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkenen V. Guardian Life ins. Co. of America,* 511 US 375 (1994)

> "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities ; they are not voidable, but simply void, and this even prior to reversal." *Williamson v. Berry*, 8 HOW. 945, 540 12 L.Ed. 1170, 1189 (1850)

> A court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction in a particular case only, and undertakes to exercise the jurisdiction conferred in a case to which the statute has no application, the judgment rendered is void. The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments § 25, pp. 388-89.

25. Pursuant to FRCP Rule 60(b)(3), a party may seek relief from a judgment, order or proceeding, and the court may relieve a party from such (judgment, order or proceeding), for "*fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.*" Fed. R. Civ. P. 60(b)(3). To obtain relief, the moving party must establish fraud, misrepresentation, or misconduct by clear and convincing evidence, as well as resulting prejudice. *Sack*, 2014 U.S. Dist. LEXIS at *59.

> "A void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties." *Rook v. Rook*, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987)

> "Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties," *Wahl v. Round Valley Bank* 38 Ariz. 411, 300 P. 955 (1931); *Tube City Mining & Milling Co. v. Otterson*, 16 Ariz. 305, 146 P. 203 (1914); and *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940).

> "A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that **a void order can be challenged in any court**", *Old Wayne Mut. L. Assoc. v. McDonough*, 204 U. S. 8, 27 S. Ct. 236 (1907).

11

26. Pursuant to Fed.R.Civ.P. Rule 60(b)(4) the district court, **or any court in the United States,** "*may relieve a party or its legal representative from a final judgment, Order, or proceeding*" if, inter alia, "*the judgment is void.*" Fed.R.Civ.P. 60(b)(4). "*Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.*" Burke, 252 F.3d at 1263.

> "Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." *United States v. Cotton*, 535 U.S. 625, 630 (2002); Accord *Jordon v. Gilligan*, 500 F.2d 701 (6th CA, 1974) ("[A] court must vacate any judgment entered in excess of its jurisdiction."); *State v. Swiger*, 125 Ohio.App.3d 456. (1995) ("If the trial court was without subject matter jurisdiction of Defendant's case, his conviction and sentence would be void *ab initio*."): *Burrell v. Henderson, et al.*, 434 F.3d 826, 831 (6th CA 2006) ('[D]enying a motion to vacate a void judgment is a per se abuse of discretion.").

## MOTION TO VOID JUDGMENT

27. Defendants therefore hereby *moves* this court to immediately **VOID** the **un**constitutional, *ultra vires* judgment, that was issued without a *subject-matter jurisdiction* of the district court existing, as again, pursuant to the Federal Rules of Civil Procedure, Rule 60(b)(4), the district court "may relieve a party or its legal representative from a final judgment, *Order*, or proceeding" if, inter alia, "*the judgment is void.*" Fed.R.Civ.P. 60(b)(4). "Generally, **a judgment is void** under Rule 60(b)(4) if the court that rendered it **lacked jurisdiction of the subject matter**, or of the parties, or if it acted in a manner inconsistent with due process of law." Burke, 252 F.3d at 1263.

28. Defendants Paul Kenneth Cromar and Barbara Ann Cromar, therefore respectfully *moves* this honourable court, in the face of these irrefutable facts and incontrovertible evidence, to immediately **VOID, VACATE, and SET ASIDE** the erroneous *judgment* that was improperly *prejudicially* rendered by the court for the claimant United States in this civil

12

action, based on the enforcement of the **non-geographically uniform** tax on *income* that is effected under the **unconstitutional** 1986 IRC Section 1 "*Tax imposed* " and its unlimited State And Local Tax (SALT) deductions, which differ <u>substantially</u> from State to State.

29. This court had **no** constitutional authority, or granted *subject-matter jur*isdiction that it can properly identify, or that it may lawfully have taken over the claims made in this action, to allow it to enforce the payment of an *indirect* tax on *income* that is laid under authority of Article I, Section 8, clause 1, **but** that is <u>imposed by statute</u> **without** the *geographical uniformity* that is **constitutionally required** of all such *indirect* taxation that occurs under that constitutional authority of Article I.

30. **Without** the *constitutionally* **required** *geographical uniformity* of the federal personal *income* tax, the federal district court **never** possessed a granted *subject-matter jurisdiction* that it could have lawfully relied upon to lawfully take jurisdiction over the civil action, to allow it to enforce upon the defendants the payment of the **non-*uniform*** *indirect* tax on *income* under alleged authority of Article I, Section 8, as held by the court in its *Order* **improperly** granting *judgment* for the plaintiff United States without *subject-matter jurisdiction* **or** a trial by jury as required by the **supreme** *Constitutional Law*.

> "In a long and venerable line of cases, the Supreme Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit. See, *e.g.*, *Capron v. Van Noorden*, 2 Cranch 126; *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997), 117 S. Ct. 1055, 137 L. Ed. 2d 170. Bell v. Hood, *supra*; *National Railroad Passenger Corp. v. National Assn. of Railroad Passengers*, 414 U.S. 453, 465, n. 13; *Norton v. Mathews*, 427 U.S. 524, 531; *Secretary of Navy v. Avrech*, 418 U.S. 676 , 678 (per curiam); *United States v. Augenblick*, 393 U.S. 348 ; *Philbrook v. Glodgett*, 421 U.S. 707, 721; and *Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 86-88, distinguished. For a court to pronounce upon a law's meaning or constitutionality when it has no jurisdiction to do so is, by very definition, an *ultra vires* act." Pp. 8-17.

> "The law is well-settled that a void order or judgment is void even before reversal", *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 41 S.Ct. 116 ( 1920 )

A judgment obtained without jurisdiction over the defendant is void. *Overby v. Overby*, 457 S.W.2d 851 (Tenn. 1970).

We think, however, that it can be reasoned that a decision produced by fraud on the court is not in essence a decision at all, and never becomes final." *Kenner v. C.I.R.*, 387 F.2d 689, (7th CA, 1968)

"Denying a motion to vacate a void judgment is a per se abuse of discretion." *Burrell v. Henderson, et al.*, 434 F.3d 826, 831 (6th CA 2006)

*In re Marriage of Hampshire*, 261 Kan. 854, 862, 934 P.2d 58 (1997). "A judgment is void if the court acted in a manner inconsistent with due process. A void judgment is a nullity and may be vacated at any time." 261 Kan. at 862.

Respectfully submitted,

_____          _____
Paul Kenneth: Cromar              Barbara Ann: Cromar
9870 N. Meadows Dr.               9870 N. Meadows Dr.
Cedar Hills, UT  84062            Cedar Hills, UT  84062

February 22nd, 2019

14

## CERTIFICATE OF SERVICE

We, Paul Kenneth: Cromar and Barbara Ann: Cromar, certify that a true copy of the attached *Motion To VOID Judgment* has been served via Certified Mail to the following:

Ryan S. Watson, Trial Attorney
Tax Division / U.S. Department of Justice
Ben Franklin Station / P.O. Box 683
Washington, DC. 20044-0683              Certified Mail #: 7018 1839 0002 3476 2000

KENYON D. DOVE & THOMAS W. FARRELL
SMITH KNOWLES, PC
2225 Washington Blvd, Suite 200
Ogden, UT 84401                         via email     kdove@smithknowles.com
                                                      tfarrell@smithknowles.com

STEVEN W. LEWIS
Utah Attorney General's Office
160 East 200 South, 5th Floor
Salt Lake City, UT 84114                via email     swlewis@agutah.gov

JEFFREY R. BUHMAN (7401)
Utah County Attorney
M. CORT GRIFFIN (4583)
Deputy Utah County Attorney
100 E. Center, Suite 2400
Provo, UT 84606                         via email     cortg@utahcounty.gov

PAUL JARVIS
UCCU
188 West 5200 North
Provo, UT 84604                         via email     paulj@uccu.com


by Paul Kenneth: Cromar              Barbara Ann: Cromar
Paul Kenneth: Cromar                  Barbara Ann: Cromar
9870 N. Meadows Dr.                   9870 N. Meadows Dr.
Cedar Hills, UT 84062                 Cedar Hills, UT 84062

February 22nd, 2019