IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR, BARBARA ANN CROMAR, UTAH HOUSING FINANCE AGENCY, UNIVERSAL CAMPUS FEDERAL CREDIT UNION, STATE OF UTAH, TAX COMMISSION, AND UTAH COUNTY, UTAH,<br><br>Defendants. | **ORDER CONFIRMING SALE AND DISTRIBUTING PROCEEDS**<br><br>Case No. 2:17-cv-01223-RJS<br><br>Chief Judge Robert J. Shelby |

On March 20, 2019, the court entered an Order of Foreclosure and Judicial Sale.[1] The Order directed the United States to sell Paul Kenneth Cromar's property located at 9870 N. Meadow Drive, Cedar Hills, Utah 84062-9430 (the property), which is more particularly described as:

> Lot 3, Plat "C", Amended North Meadows Estates Subdivision, according to the official plat thereof on file in the office of the Recorder, Utah County, Utah.

The court now has before it the United States' Motion for Order Confirming Sale and Distributing Proceeds,[2] together with Defendants Paul Kenneth Cromar and Barbara Ann Cromar's Objection to Plaintiff's Motion for Disbursement and Rejection of Default Judgment for Fraud and Swindle in Dishonor.[3] Upon review, the Cromars' Objection raises no evidentiary objections to the United States' Motion and offers no legal or factual arguments justifying denial

---

[1] Dkt. 104.

[2] Dkt. 117.

[3] Dkt. 118.

1

of the Motion.[4] Instead, the Objection relies on the same frivolous arguments the Cromars have raised throughout this case, i.e., that their due process rights have been violated and this court lacks subject matter jurisdiction over this case.[5] But this court and the Tenth Circuit have repeatedly rejected these arguments, and the court declines to readdress the arguments here other than to note that they unequivocally fail.[6] For that reason, the Motion is substantially unopposed and is well taken. Therefore, for good cause appearing, the United States' Motion is GRANTED as follows:

IT IS ORDERED THAT the sale on September 10, 2019, of the property was properly conducted, and the sale is hereby confirmed.

IT IS FURTHER ORDERED THAT the Internal Revenue Service is authorized to execute and deliver to the purchaser a Certificate of Sale and Deed conveying the property to the purchaser or assignee(s).

IT IS FURTHER ORDERED THAT, on delivery of the Certificate of Sale and Deed, all interests in, liens against, or claims to the property (including the June 28, 2019 *lis pendens* that Paul Kenneth Cromar filed in Utah County, Utah, and that is attached in Exhibit H to the United States' Motion) that are held or asserted in this action by the United States or any of the Defendants are discharged and extinguished. On the delivery of the Certificate of Sale and Deed, the property shall be free and clear of the interests of all parties to this action.

---

[4] *See id.*

[5] *See id.*

[6] *See United States v. Cromar*, Case No. 2:17-cv-01223, 2020 WL 1488763 (10th Cir. Mar. 26, 2020) (unpublished); *see also United States v. Cromar*, Case No. 2:17-cv-01223, 2018 WL 3719258 (D. Utah Aug. 3, 2018); *United States v. Cromar*, Case No. 2:17-cv-01223, 2018 WL 9371363 (D. Utah May 14, 2018). The Cromars make other similarly frivolous arguments based on the misapplication of various statutory provisions and improperly include requests for relief in their Objection. *See* DUCivR 7-1(b)(1)(A) ("No motion . . . may be included in a response or reply memorandum.").

IT IS FURTHER ORDERED THAT possession of the property sold shall be yielded to the purchaser or assignee(s) upon the production of a copy of the Certificate of Sale and Deed; if there is a refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of Court to compel delivery of the property to the purchaser or assignee(s).

IT IS FURTHER ORDERED THAT the proceeds of the sale on September 10, 2019, of the property shall be distributed by the Clerk of Court as follows:

1. First, by check made payable to the "Internal Revenue Service" in the amount of $683.80 for costs of sale, mailed to:

> Internal Revenue Service
> c/o Gary Chapman
> IRS Property Appraisal & Liquidation Specialist
> 1201 Pacific Ave., Suite 550, M/S W802
> Tacoma, WA 98402

2. Second, by check made payable to "Utah County, Utah" in the amount of $2,114.49, as of March 3, 2020, plus an additional $0.44 for each day past March 3, 2020, mailed to:

> Utah County Treasurer
> 100 E. Center Street, Suite 1200
> Provo, Utah 84606

3. Third, by check made payable to the "United States Department of Justice," with "*United States v. Cromar, et al.*, Case No. 2:17-cv-01223" written in the memo field, in the amount of the remaining proceeds from the sale, mailed to:

> Department of Justice, ATTN: TAXFLU
> P.O. Box 310 – Ben Franklin Station
> Washington, DC 20044

SO ORDERED this 15th day of April 2020.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge