Nathan S. Dorius (8977)
Andrew V. Collins (11544)
**MITCHELL BARLOW & MANSFIELD, P.C.**
Boston Building
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
Email:  ndorius@mbmlawyers.com
        acollins@mbmlawyers.com

*Attorneys for Copper Birch Properties, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR, BARBARA ANN CROMAR, UTAH HOUSING FINANCE AGENCY, UNIVERSAL CAMPUS FEDERAL CREDIT UNION, STATE OF UTAH, TAX COMMISSION, and UTAH COUNTY, UTAH,<br><br>    Defendants. | **EX PARTE APPLICATION FOR WRIT OF ASSISTANCE**<br>**(Federal Rule of Civil Procedure 70)**<br><br><br>Case No. 2:17-cv-01223-RJS<br><br><br>Chief Judge Robert J. Shelby |

Copper Birch Properties, LLC, a Utah limited liability company, by and through its undersigned counsel, hereby applies for the issuance of a writ of assistance pursuant to Rule 70 of the Federal Rules of Civil Procedure. This application is more fully supported by the below statement of facts and points of law.

**STATEMENT OF FACTS**

1. On March 20, 2019, and following the entry of default judgment against the above-named Defendants Paul Kenneth Cromar and Barbara Ann Cromar, this Court entered an order of Foreclosure and Judicial Sale (the "Order of Foreclosure"), whereby the real property situated at 9870 N. Meadow Drive, Cedar Hills, Utah 84062 (the "Property") previously owned by Paul Kenneth Cromar and Barbara Ann Cromar (the "Cromars") was to be sold at public sale to the highest bidder. *See* Order of Foreclosure, ECF No. 104, on file with the clerk of the court.

2. The Order of Foreclosure also directed the Cromars to vacate the Property and for the locks on the Property to be changed to preserve the Property pending the public sale. *See* Order of Foreclosure, ECF No. 104, on file with the clerk of the court.

3. The Order of Foreclosure ordered the Cromars to "not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Subject Property," and warned the Cromars that "violation of this paragraph shall be deemed a contempt of court and punishable as such." *See* Order of Foreclosure, ECF No. 104, on file with the clerk of the court.

4. The Order of Foreclosure required all persons occupying the Property to "leave and vacate permanently the property no later than 15 days after the date of this Order, each taking with them his or her personal property." The Order of Foreclosure further states that the United States Marshal's Office is "authorized to take whatever action it deems appropriate to remove such person or persons from the premises." *See* Order of Foreclosure, ECF No. 104, on file with the clerk of the court.

5.      Finally, the Order of Foreclosure states that if "after the sale of the Subject Property is confirmed by this court, the Subject Property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of the Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the Subject Property to the purchaser or purchasers thereof." *See* Order of Foreclosure, ECF No. 104, on file with the clerk of the court.

6.      The sale of the Property was held on September 10, 2019, and on April 15, 2020, this Court issued an Order Confirming Sale and Distributing Proceeds (the "Order Confirming Sale"). *See* Order Confirming Sale, ECF No. 119, on file with the clerk of the court.

7.      The successful purchaser of the Property was Copper Birch Properties, LLC, a Utah limited liability company ("Copper Birch"), and the IRS prepared, executed and delivered to Copper Birch a Deed to Real Property (the "Deed") on April 29, 2020, transferring title to the Property to Copper Birch. *See* Order Confirming Sale, ECF No. 119, on file with the clerk of the court; *see also* a true and correct copy of the executed Deed attached hereto as <u>Exhibit A</u>.

8.      While the U.S. Marshal's Office had previously forcibly removed the Cromars from the Property pursuant to the Order of Foreclosure, between the sale of the Property and the date the Deed was delivered to Copper Birch, the Cromars broke into and began occupying the Property. *See* Declaration of Nathan S. Dorius, ¶ 2, attached hereto as <u>Exhibit B</u>.

9.      Counsel for the United States of America, Ryan Watson ("Watson"), had been informed by an owner of Copper Birch, Tyler Belliston, on March 23, 2020, that the Cromars were showing up to the Property, placing signs on the Property, and telling people that they still own the Property. *See* copy of email exchanges with Watson attached hereto as <u>Exhibit C</u>.

10.     On April 13, 2020, another owner of Copper Birch, Brett Belliston, contacted Watson to notify him that the Cromars were damaging the Property and placing more signs asseting the Cromars' ownership of the Property. *See* Exhibit C.

11.     On April 23, 2020, Tyler Belliston notified Watson by phone that the Cromars had broken into the Property and were removing personal property. Mr. Watson responded by email suggesting that Copper Birch notify the local authorities of the crime. *See* Exhibit C.

12.     The Bellistons contacted the local police department about the break-in, the police showed up at the Property to confront the Cromars, but because the Deed had not yet been delivered to Copper Birch and recorded with the county recorder the police would not take any action on behalf of Copper Birch. *See* Exhibit B, ¶ 3.

13.     On or about April 24, 2020, the Cromars began posting videos online stating that they are the title owners of the Property, that the government tried to take their home from them, and that they were not vacating the Property. On April 27, 2020, the video was sent to Watson with a request that he work with Copper Birch to unwind the sale given the Cromars' actions. *See* Exhibit B, ¶ 4.

14.     On or about April 30, 2020, Copper Birch began working with Watson, the American Fork Police Chief, and the Utah County Sheriff to enforce Utah's criminal trespass law and remove the Cromars and other occupants from the Property to deliver possession to Copper Birch. *See* Exhibit B, ¶ 5.

15.     Despite many broken commitments to help remove the Cromars from the Property, the local law enforcement ultimately refused to take any action to remove the Cromars

from the Property, asking that Copper Birch instead work with the federal government to resolve the situation. *See* Exhibit B, ¶ 6.

16.     The federal government refused to take action to remove the Cromars, requesting Copper Birch to work with local authorities to resolve the situation. *See* Exhibit B, ¶ 7.

17.     On May 5, 2020, Copper Birch emailed a copy of the recorded Deed to the Cromars, along with a letter explaining that Copper Birch was the lawful purchaser of the Property and demanding that the Cromars immediately vacate the Property. *See* Exhibit B, ¶ 8; *see also* a true and correct copy of said letter attached hereto as Exhibit D.

18.     On May 8, 2020, the Cromars responded to the May 5th letter from Copper Birch, acknowledging receipt of the Deed and letter from Copper Birch, notifying Copper Birch that the Cromars are the lawful owners of the Property, and making veiled threats against the owners of Copper Birch. *See* Exhibit B, ¶ 9; *see also* a copy of the Cromars' email and attached correspondence from the Cromars attached hereto as Exhibit E.

19.     To date, the Cromars are in violation of the Court's Order of Foreclosure and Order Confirming Sale and are retaining unlawful possession of the Property, the local law enforcement and the US government representatives are refusing to forcibly remove the Cromars and deliver possession to the Property to Copper Birch despite this Court's Order of Foreclosure and Order Confirming Sale and despite the multitude of pleas from Copper Birch to assist them in gaining possession of their property, and Copper Birch's only lawful recourse appears to be to petition this Court to issue a Writ of Assistance to compel the U.S. Marshal's Office to remove the Cromars from the Property pursuant to the Order Confirming Sale. *See* Exhibit B, ¶ 10.

## ARGUMENT

Rule 70 of the Federal Rules of Civil Procedure provides in relevant part as follows:

(a) *Party's Failure to Act; Ordering Another to Act*. If a judgment requires a party to . . . perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. . . . (d) *Obtaining a Writ of Execution or Assistance.* On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance.

This Court's Order Confirming Sale expressly allows for Copper Birch, as the successful purchase of the Property, to obtain, without further notice, a writ of assistance "to compel delivery of the property to" Copper Birch. *See* Order Confirming Sale, ECF No. 119, on file with the clerk of the court.

Copper Birch is the lawful owner of the Property and is entitled to immediate possession and quiet enjoyment of the Property. Copper Birch was the successful purchaser of the Property pursuant to the Order of Foreclosure. Copper Birch presented the Cromars with a copy of the recorded Deed and demanded that they vacate the Property immediately. The Cromars have refused to honor the Court's Order Confirming Sale and Copper Birch's right to possession of the Property. Furthermore, Copper Birch has exhausted all efforts to gain the assistance of local law enforcement and the U.S. government to aid Copper Birch in restoring lawful possession of the Property per this Court's Order of Foreclosure and Order Confirming Sale.

The provisions of Rule 70 of the Federal Rules of Civil Procedure governing writs of assistance are "designed 'to deal with parties who seek to thwart judgments by refusals to comply with orders to perform specific acts." *U.S. v. One (1) Douglas A-26B Aircraft*, 662 F.2d 1372, 1374 (11th Cir. Ct. App. 1981) (citing 12 C. Wright & A. Miller, *Federal Practice & Procedure*, Civil s 3021 (1973)). In this case, default judgment was entered against the Cromars,

and the Court thereafter ordered that the Property be sold and that the Cromars permanently vacate the Property. Rule 70 was designed with this very situation in mind. Furthermore, this Court expressly allowed for the utilization of a writ of assistance by the purchaser of the Property to remove the Cromars and any other occupants from the Property upon presentation of the Deed to the Cromars. Copper Birch has fulfilled all of its obligations under the Order of Foreclosure and the Order Confirming Sale, and it is now entitled, without further notice, to a writ of assistance directing the U.S. Marshal's Office to forcibly remove all occupants from the Property and place Copper Birch in possession of the Property.

<u>**CONCLUSION**</u>

Based upon the foregoing facts and legal authority, Copper Birch hereby respectfully requests that the Court grant this application and issue a Writ of Assistance, without further notice, compelling the U.S. Marshal's Office to, within ten (10) days of the issuance of the Writ, forcibly remove the Cromars and all other occupants of the Property without removing any personal property from the Property, and to preve nt such occupants from entering the Property while Copper Birch changes the locks on the Property and installs a security system at the Property. Copper Birch further requests that no notice of this Application be provided to the Cromars and that the Writ of Assistance be issued on an ex parte basis to prevent the Cromars from taking further action to damage the Property and/or cause further impediments to Copper Birch retaking possession of the Property. A form of Writ of Assistance is attached hereto as <u>Exhibit F</u> and is being submitted concurrently herewith.

DATED this 29th day of May, 2020.

MITCHELL BARLOW & MANSFIELD, P.C.


 /s/  Nathan S. Dorius
Nathan S. Dorius
*Attorneys for Copper Birch Properties, LLC*

**<u>EXHIBIT A</u>**



ENT **56957:2020** PG 1 of 2
**Jeffery Smith**
**Utah County Recorder**
2020 Apr 29 02:26 PM FEE 40.00 BY MA
RECORDED FOR Mitchell Barlow & Mansfield, P.C.
ELECTRONICALLY RECORDED

## DEED TO REAL PROPERTY

THIS INDENTURE made this 24th day of April 2020, by and between Andrea Ventura, Advisory Manager, Southwestern, on behalf of the Director, Southwestern Area Collection of Internal Revenue Service a duly authorized delegate of the Department of the Treasury, grantor; and Copper Birch Properties, LLC, grantee.

## WITNESSETH

WHEREAS, the United States District Court for the District of Utah, in a judicial order of sale entered on March 20, 2019 in the case of United States of America v. Paul Kenneth Cromar, et al. Defendants, ordered that the subject property located at 9870 N. Meadow Drive, Cedar Hills, Utah 84062-9430, the hereinafter described real property sold in order to pay delinquent Internal Revenue income tax liabilities assessed against Paul Kenneth Cromar.

AND WHEREAS, the said property was sold on September 10th, 2019, to Copper Birch Properties, LLC, for the sum of $331,000.00, the receipt of which is hereby acknowledged, does grant, bargain, and sell to Copper Birch Properties, LLC all right, title, and interest in the real property, in Cedar Hills, Utah County, State of Utah, described as:

Legal Description:

**Lot 3, Plat "C", Amended North Meadows Estates Subdivision, according to the official plat thereof on file in the office of the Recorder, Utah County, Utah.**

The property commonly known as **9870 N. Meadow Drive, Cedar Hills, Utah 84062-9430.**

IN WITNESS WHEREOF, the grantor has hereunto set her hand on the 24th day of

April, 2020.


Official Signature
Andrea Ventura

Title: Advisory Manager, Southwestern
Internal Revenue Service


**Notary**


State of Colorado
County of Jefferson

Signed and sworn to before me on the 13 day of April , 2020, by Andrea
Ventura, who appeared before me, being by me duly sworn, did say that she is the
Advisory Manager Southwestern signing on behalf of the Director, Southwestern Area
Collection of Internal Revenue Service, a duly authorized delegate of the United States
of America, and that said instrument was signed on behalf of the United States of
America by authority of its laws and regulations promulgated thereunder, and is the free
act and deed of said body politic.


NOTARY PUBLIC's Official Signature

08/06/2023
Commission Expiration

JUSTIN MATTHEW ARREOLA
Notary Public
State of Colorado
Notary ID # 20194029891
My Commission Expires 08-06-2023

**<u>EXHIBIT B</u>**

Nathan S. Dorius (8977)
Andrew V. Collins (11544)
**MITCHELL BARLOW & MANSFIELD, P.C.**
Boston Building
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
Email: ndorius@mbmlawyers.com
      acollins@mbmlawyers.com

*Attorneys for Copper Birch Properties, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR, BARBARA ANN CROMAR, UTAH HOUSING FINANCE AGENCY, UNIVERSAL CAMPUS FEDERAL CREDIT UNION, STATE OF UTAH, TAX COMMISSION, and UTAH COUNTY, UTAH,<br><br>   Defendants. | **DECLARATION OF NATHAN S. DORIUS IN SUPPORT OF EX PARTE APPLICATION FOR WRIT OF ASSISTANCE**<br><br>Case No. 2:17-cv-01223-RJS<br><br>Chief Judge Robert J. Shelby |

I, NATHAN S. DORIUS, do hereby declare as follows:

    1.     I am over the age of eighteen, I am an attorney, and I have personal knowledge of the matters set forth in this Declaration.

    2.     While the U.S. Marshal's Office had previously forcibly removed Paul Kenneth Cromar and Barbara Ann Cromar (the "Cromars") from the real property located at 9870 N.

Meadow Drive, Cedar Hills, Utah 84062 (the "Property") pursuant to the Order of Foreclosure,

between time of the sale of the Property and the date the Deed was delivered to Copper Birch

Properties, LLC ("Copper Birch"), the Cromars broke into and began occupying the Property.

      3.      Brett and Tyler Belliston, the owners of Copper Birch, contacted the local police

department about the break-in, the police showed up at the Property to confront the Cromars, but

because the Deed had not yet been delivered to Copper Birch and recorded with the county

recorder the police would not take any action on behalf of Copper Birch.

      4.      On or about April 24, 2020, the Cromars began posting videos online stating that

they are the title owners of the Property, that the government tried to take their home from them,

and that they were not vacating the Property. On April 27, 2020, I sent a link to the video to

Ryan Watson, counsel for the United States of America in the above-captioned action, with a

request that he work with Copper Birch to unwind the sale given the Cromars' actions.

      5.      On or about April 30, 2020, Copper Birch began working with Watson, the

American Fork Police Chief, and the Utah County Sheriff to enforce Utah's criminal trespass

law and remove the Cromars and other occupants from the Property to deliver possession to

Copper Birch.

      6.      Despite many broken commitments to help remove the Cromars from the

Property, the local law enforcement ultimately refused to take any action to remove the Cromars

from the Property, asking that Copper Birch instead work with the federal government to resolve

the situation.

      7.      The federal government refused to take action to remove the Cromars, requesting

Copper Birch instead to work with local authorities to resolve the situation.

2

8.      On May 5, 2020, I emailed a copy of the recorded Deed to Real Property (the "Deed") to the Cromars, along with a letter explaining that Copper Birch was the lawful purchaser of the Property and demanding that the Cromars immediately vacate the Property.

9.      On May 8, 2020, the Cromars responded to my May 5th letter, acknowledging receipt of the Deed and my letter, notifying me that they claim to be the lawful owners of the Property, and making veiled threats against the owners of Copper Birch and their families.

10.     To date, the Cromars continue to defy the Court's Order of Foreclosure and Order Confirming Sale and remain in unlawful possession of the Property, the local law enforcement and the U.S. government representatives are refusing to forcibly remove the Cromars and deliver possession to the Property to Copper Birch despite the Court's Order of Foreclosure and Order Confirming Sale and despite the multitude of pleas from Copper Birch to assist them in gaining possession of their property.

Pursuant to Utah Code § 78B-5-705, I declare under criminal penalty of the State of Utah that the foregoing declaration is true and correct.

DATED this 29th day of May 2020.

Nathan S. Dorius

**<u>EXHIBIT C</u>**

**Friday, May 22, 2020 at 14:14:44 Mountain Daylight Time**

**Subject:** Re:
**Date:** Monday, April 27, 2020 at 10:52:28 AM Mountain Daylight Time
**From:** Bre? Belliston
**To:** Chapman Gary
**CC:** Nathan Dorius, Watson, Ryan (TAX), John R. Barlow, Ty B, Doug Gilmore, Bucky Gay

Gary and Ryan,

Over the weekend Cromar brought in the Bundy clan from the famous Oregon standoff a few years ago. They are all squatting on the property, refusing to leave and threatening the police. Obviously this a new level of escalation. As of now none of the government authorities are willing to do anything at all. It has been our understanding from the beginning that the DOJ and IRS would take care of these types of issues. It is extremely concerning that the government would allow these individuals to 1. break into the property and 2. do nothing about this and even leave when Cromar threatens them.

At this point we would like to know

1. Will you do anything to not only provide clear title but ensure that we have clear access to the property through restraining orders and other legal remedies as needed?
2. Return our funds if the government cannot take care of this as we have been told you would?

Thanks for your assistance but Cromar has turned out to be crazier than anyone thought. My friends in the neighborhood are concerned for their families and would love to have this done once for all by us completing the sale but not at the risk of a Bundy like stand off in Oregon.

Please Advise.

On Mon, Apr 27, 2020 at 8:42 AM Chapman Gary <Gary.Chapman@irs.gov> wrote:

All;

I just received an e-mail that ran through my chain-of-command that stated that the employee with the deed has it notarized and received approval to go into the IRS office in Denver to overnight UPS it today.

Sorry for all of the delays but with the COVID-19 issues ongoing it takes a lot for our employees to get approval to even go into an official office or to the post office/UPS. Our Area Directors (about 4 links up the chain of command) have to approve the action and ensure that social distancing practices and personal protective gear is available to the person. I'm sure it has to do with liability and protecting the employee during this time of unsurety.

Regardless, it appears they were approved and will be going in this morning to overnight it.  You should have the deed tomorrow.

Thank you for your patience.

## Gary Chapman

## INTERNAL REVENUE SERVICE

## SBSE, Collections ~ PALS

## Attn:  Gary Chapman

## 1201 Pacific Ave, Suite 550, M/S W802

## Tacoma, WA  98402

## (360)536-6602

**From:** Nathan Dorius <NDorius@mbmlawyers.com>
**Sent:** Friday, April 24, 2020 12:04 PM
**To:** Watson, Ryan (TAX) <Ryan.Watson@usdoj.gov>; Brett Belliston <bellistonbrett@gmail.com>
**Cc:** Chapman Gary <Gary.Chapman@irs.gov>; John R. Barlow <jbarlow@mbmlawyers.com>; Ty B <tylerbelliston45@gmail.com>; Doug Gilmore <doug.gilmore@summitcreekutah.com>; Bucky Gay <bucky.gay@summitcreekutah.com>
**Subject:** Re:

Ryan:

Thank you for following up on the status of the deed. Inasmuch as the deed is now being notarized electronically, will we be receiving it via email today? It would sure be nice if we could get it today, so we can record it today and place the new owners in a position to utilize available resources to deal with Cromar. If we cannot receive the fully executed deed via email today, then we need your office and/or the IRS to get involved immediately to protect the property until such time as the deed can be executed and recorded. Thanks, Ryan.

Nathan S. Dorius

(801) 998-8888

**From:** "Watson, Ryan (TAX)" <Ryan.Watson@usdoj.gov>
**Date:** Thursday, April 23, 2020 at 6:21 PM
**To:** Brett Belliston <bellistonbrett@gmail.com>
**Cc:** Chapman Gary <Gary.Chapman@irs.gov>, "John R. Barlow" <jbarlow@mbmlawyers.com>, Ty B <tylerbelliston45@gmail.com>, Doug Gilmore

<doug.gilmore@summitcreekutah.com>, Bucky Gay <bucky.gay@summitcreekutah.com>,
Nathan Dorius <NDorius@mbmlawyers.com>
**Subject:** RE: Re:

Guys—

I think I have everyone involved in the Cromar transaction included in this email. I just received a voicemail
from Ty saying that Cromar is now breaking into the house to remove items.

Your best bet is reporting his trespass/robbery to the local police. I am attaching the deed that the IRS is going
to provide you for filing. Given the shutdown of offices, I recommended that our IRS advisor use an electronic
notary in order to get this to you, because the Utah legislature passed a law in 2019 allowing for it.

-Ryan

**From:** Brett Belliston <bellistonbrett@gmail.com>
**Sent:** Thursday, April 16, 2020 11:31 AM
**To:** Watson, Ryan (TAX) <Ryan.Watson@tax.USDOJ.gov>
**Cc:** Chapman Gary <Gary.Chapman@irs.gov>; John R. Barlow <jbarlow@mbmlawyers.com>; Ty B
<tylerbelliston45@gmail.com>; Doug Gilmore <doug.gilmore@summitcreekutah.com>; Bucky Gay
<bucky.gay@summitcreekutah.com>; Nathan Dorius <NDorius@mbmlawyers.com>
**Subject:** Re: Re:

Thanks Ryan,

Appreciate your work on all of this. Please advise if there is anything else we need to do for
completion.

On Thu, Apr 16, 2020 at 7:15 AM Watson, Ryan (TAX) <Ryan.Watson@usdoj.gov> wrote:

See the attached order confirming the sale that the court entered yesterday.

**From:** Brett Belliston <bellistonbrett@gmail.com>
**Sent:** Monday, April 13, 2020 6:21 PM
**To:** Watson, Ryan (TAX) <Ryan.Watson@tax.USDOJ.gov>; Chapman Gary <Gary.Chapman@irs.gov>;
John R. Barlow <jbarlow@mbmlawyers.com>
**Cc:** Ty B <tylerbelliston45@gmail.com>; Doug Gilmore <doug.gilmore@summitcreekutah.com>; Bucky
Gay <bucky.gay@summitcreekutah.com>; Nathan Dorius <NDorius@mbmlawyers.com>
**Subject:** Re: Re:

 Ryan,

Just wanted to let you know that Cromar is now cementing 2 signs into the yard of 9870
Meadow home. We know that the current Covid-19 situation has slowed things down but
we would love to know where this stands.

We were told that once we wired funds (completed on Jan. 15) we could expect you to
finalize this process in 4-6 weeks. We are now 12 weeks into this and the former owner is

destroying the property which we understood would violate court orders. Please let us know what the next steps are in this process and when we can expect completion.

Thanks and look forward to hearing from you.







On Mon, Mar 23, 2020 at 1:43 PM Watson, Ryan (TAX) <Ryan.Watson@usdoj.gov> wrote:

We already filed everything we need to; we are just waiting on the judge's signature.

**From:** Ty B <tylerbelliston45@gmail.com>
**Sent:** Monday, March 23, 2020 2:00 PM
**To:** Watson, Ryan (TAX) <Ryan.Watson@tax.USDOJ.gov>
**Cc:** Doug Gilmore <doug.gilmore@summitcreekutah.com>; Bucky Gay
<bucky.gay@summitcreekutah.com>; Brett Belliston <bellistonbrett@gmail.com>; Nathan Dorius
<NDorius@mbmlawyers.com>
**Subject:** Re: Re:

Thx for the response. I understand the craziness of what is going on around the country
right now. Is there anything we can do locally to assist? Our concern is that Cromar is still
showing up at the house, putting signs up, telling people he still owns it, etc. Knowing that
you're probably short on staff right now, maybe we can hand deliver what is needed to the
court house? Would that help?

On Mon, Mar 23, 2020 at 10:40 AM Watson, Ryan (TAX) <Ryan.Watson@usdoj.gov> wrote:

Good morning—

We are still up and running here at DOJ, and although they are limiting in-person appearances at the federal
court in SLC, they are still open, issuing orders, and processing civil cases. Mr. Cromar did file a nonsensical
"opposition" to our motion to confirm the sale, but I doubt the court is giving that any consideration.

I'm sorry that the answer is that we need to hurry up and wait, but unfortunately we are waiting for the court to
act. I will keep you posted—hopefully we get something soon.

-Ryan

**From:** Ty B <tylerbelliston45@gmail.com>
**Sent:** Monday, March 23, 2020 11:54 AM
**To:** Watson, Ryan (TAX) <Ryan.Watson@tax.USDOJ.gov>
**Cc:** Doug Gilmore <doug.gilmore@summitcreekutah.com>; Bucky Gay
<bucky.gay@summitcreekutah.com>; Brett Belliston <bellistonbrett@gmail.com>; Nathan Dorius
<NDorius@mbmlawyers.com>
**Subject:** Re:

Hey Ryan,

Just following up. Have we made any progress on the Cedar Hills home?

On Thu, Mar 12, 2020 at 12:49 PM Watson, Ryan (TAX) <Ryan.Watson@usdoj.gov> wrote:

Tyler—

Thanks for getting in touch. We filed our motion to confirm the sale and are awaiting the court to sign off on it. I do apologize for a portion of the delay where I had to prioritize travel and short deadlines on a few other cases.

I think we are in good shape with regard to the motion to confirm and would expect a decision shortly. The court may be contemplating assigning it to another judge who was not sued by Cromar, but that is just a guess. Once that is entered, the IRS will be able to quickly send the deed over and we should be out of your hair.

Cc'ing Mr. Dorius on this.

Thanks,

Ryan

202.514.5173

**From:** Ty B <tylerbelliston45@gmail.com>
**Sent:** Wednesday, March 11, 2020 1:28 PM
**To:** Watson, Ryan (TAX) <Ryan.Watson@tax.USDOJ.gov>; Doug Gilmore <doug.gilmore@summitcreekutah.com>; Bucky Gay <bucky.gay@summitcreekutah.com>; Brett Belliston <bellistonbrett@gmail.com>
**Subject:**

Ryan,

My name is Tyler Belliston. I'm one of the buyers on the 9870 N Meadow Dr property in Cedar Hills. Got your contact from Doug.

We expected a few weeks to close but it's been about a month since we transferred funds to Gary at the IRS. Can you help us understand the status on the progress to closing?

Thanks.

Brett Belliston

**EXHIBIT D**



**MITCHELL
BARLOW &
MANSFIELD**

MITCHELL BARLOW & MANSFIELD, P.C. | BOSTON BUILDING | NINE EXCHANGE PLACE, SUITE 600 | SALT LAKE CITY, UTAH 84111
TEL: (801) 998-8888 | FAX: (801) 998-8077 | www.mbmlawyers.com

May 5, 2020

<u>Sent Via Email</u>
Ken and Barbara Cromar
Email: kencromar@bluemoonprod.com
        barbaracromar@gmail.com

    **Re:**  *Notice to Vacate Property*

Mr. and Mrs. Cromar:

  Our law office has been engaged by Copper Birch Properties, LLC (the "Company"), in connection with the Company's purchase of the real property located at 9870 N. Meadow Drive, Cedar Hills, Utah 84062 (the "Property"). We have enclosed a copy of the recorded Deed to Real Property transferring all right, title and interest in and to the Property to the Company. We have also enclosed for your records a copy of the court order approving the sale of the Property to the Company. Based upon the enclosed documents, you no longer have any legal or equitable rights in or title to the Property. Demand is hereby made that you and all other occupants vacate the Property immediately, and that you vacate without damaging or removing any portion of the Property or any personal property located therein. Your failure to vacate immediately will result in further legal action.

  The court order dated March 20, 2019 ordered you to not make any additional filings against the Property. Therefore, you are on notice that your recent filings of the (i) Declaration of Assignees Update to Patent recorded on April 22, 2020 and (ii) Land Patent Notice and accompanying papers recorded on April 17, 2020, are in violation of the court's March 20, 2019 order and are null, void and of no legal effect. To the extent necessary, the Company hereby formally objects to such filings.

  Please contact us if you wish to discuss the particulars of this letter further. Thank you for your anticipated cooperation.

      Sincerely,
      MITCHELL BARLOW & MANSFIELD, P.C.

      Nathan S. Dorius

Enc.



ENT 56957:2020   PG 1 of 2
Jeffery Smith
Utah County Recorder
2020 Apr 29 02:26 PM FEE 40.00 BY MA
RECORDED FOR Mitchell Barlow & Mansfield, P.C.
ELECTRONICALLY RECORDED

### DEED TO REAL PROPERTY

THIS INDENTURE made this 24th day of April 2020, by and between Andrea Ventura, Advisory Manager, Southwestern, on behalf of the Director, Southwestern Area Collection of Internal Revenue Service a duly authorized delegate of the Department of the Treasury, grantor; and Copper Birch Properties, LLC, grantee.

### WITNESSETH

WHEREAS, the United States District Court for the District of Utah, in a judicial order of sale entered on March 20, 2019 in the case of United States of America v. Paul Kenneth Cromar, et al. Defendants, ordered that the subject property located at 9870 N. Meadow Drive, Cedar Hills, Utah 84062-9430, the hereinafter described real property sold in order to pay delinquent Internal Revenue income tax liabilities assessed against Paul Kenneth Cromar.

AND WHEREAS, the said property was sold on September 10th, 2019, to Copper Birch Properties, LLC, for the sum of $331,000.00, the receipt of which is hereby acknowledged, does grant, bargain, and sell to Copper Birch Properties, LLC all right, title, and interest in the real property, in Cedar Hills, Utah County, State of Utah, described as:

Legal Description:

**Lot 3, Plat "C", Amended North Meadows Estates Subdivision, according to the official plat thereof on file in the office of the Recorder, Utah County, Utah.**

The property commonly known as **9870 N. Meadow Drive, Cedar Hills, Utah 84062-9430.**

IN WITNESS WHEREOF, the grantor has hereunto set her hand on the 24th day of

April, 2020.


_Andrea Ventura_

Official Signature
Andrea Ventura

Title: Advisory Manager, Southwestern
Internal Revenue Service


**Notary**


State of Colorado
County of  Jefferson

Signed and sworn to before me on the  13  day of  April  , 2020, by Andrea
Ventura, who appeared before me, being by me duly sworn, did say that she is the
Advisory Manager Southwestern signing on behalf of the Director, Southwestern Area
Collection of Internal Revenue Service, a duly authorized delegate of the United States
of America, and that said instrument was signed on behalf of the United States of
America by authority of its laws and regulations promulgated thereunder, and is the free
act and deed of said body politic.


NOTARY PUBLIC's Official Signature

08 / 06 / 2023
Commission Expiration

> JUSTIN MATTHEW ARREOLA
> Notary Public
> State of Colorado
> Notary ID # 20194029891
> My Commission Expires 08-06-2023

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR, BARBARA ANN CROMAR, UTAH HOUSING FINANCE AGENCY, UNIVERSAL CAMPUS FEDERAL CREDIT UNION, STATE OF UTAH, TAX COMMISSION, AND UTAH COUNTY, UTAH,<br><br>    Defendants. | **ORDER CONFIRMING SALE AND DISTRIBUTING PROCEEDS**<br><br>Case No. 2:17-cv-01223-RJS<br><br>Chief Judge Robert J. Shelby |

On March 20, 2019, the court entered an Order of Foreclosure and Judicial Sale.[1]  The Order directed the United States to sell Paul Kenneth Cromar's property located at 9870 N. Meadow Drive, Cedar Hills, Utah 84062-9430 (the property), which is more particularly described as:

> Lot 3, Plat "C", Amended North Meadows Estates Subdivision, according to the official plat thereof on file in the office of the Recorder, Utah County, Utah.

The court now has before it the United States' Motion for Order Confirming Sale and Distributing Proceeds,[2] together with Defendants Paul Kenneth Cromar and Barbara Ann Cromar's Objection to Plaintiff's Motion for Disbursement and Rejection of Default Judgment for Fraud and Swindle in Dishonor.[3]  Upon review, the Cromars' Objection raises no evidentiary objections to the United States' Motion and offers no legal or factual arguments justifying denial

---

[1] Dkt. 104.

[2] Dkt. 117.

[3] Dkt. 118.

1

of the Motion.[4]  Instead, the Objection relies on the same frivolous arguments the Cromars have raised throughout this case, i.e., that their due process rights have been violated and this court lacks subject matter jurisdiction over this case.[5]  But this court and the Tenth Circuit have repeatedly rejected these arguments, and the court declines to readdress the arguments here other than to note that they unequivocally fail.[6]  For that reason, the Motion is substantially unopposed and is well taken. Therefore, for good cause appearing, the United States' Motion is GRANTED as follows:

IT IS ORDERED THAT the sale on September 10, 2019, of the property was properly conducted, and the sale is hereby confirmed.

IT IS FURTHER ORDERED THAT the Internal Revenue Service is authorized to execute and deliver to the purchaser a Certificate of Sale and Deed conveying the property to the purchaser or assignee(s).

IT IS FURTHER ORDERED THAT, on delivery of the Certificate of Sale and Deed, all interests in, liens against, or claims to the property (including the June 28, 2019 *lis pendens* that Paul Kenneth Cromar filed in Utah County, Utah, and that is attached in Exhibit H to the United States' Motion) that are held or asserted in this action by the United States or any of the Defendants are discharged and extinguished.  On the delivery of the Certificate of Sale and Deed, the property shall be free and clear of the interests of all parties to this action.

---

[4] *See id.*

[5] *See id.*

[6] *See United States v. Cromar*, Case No. 2:17-cv-01223, 2020 WL 1488763 (10th Cir. Mar. 26, 2020) (unpublished); *see also United States v. Cromar*, Case No. 2:17-cv-01223, 2018 WL 3719258 (D. Utah Aug. 3, 2018); *United States v. Cromar*, Case No. 2:17-cv-01223, 2018 WL 9371363 (D. Utah May 14, 2018).  The Cromars make other similarly frivolous arguments based on the misapplication of various statutory provisions and improperly include requests for relief in their Objection.  *See* DUCivR 7-1(b)(1)(A) ("No motion . . . may be included in a response or reply memorandum.").

IT IS FURTHER ORDERED THAT possession of the property sold shall be yielded to the purchaser or assignee(s) upon the production of a copy of the Certificate of Sale and Deed; if there is a refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of Court to compel delivery of the property to the purchaser or assignee(s).

IT IS FURTHER ORDERED THAT the proceeds of the sale on September 10, 2019, of the property shall be distributed by the Clerk of Court as follows:

1.     First, by check made payable to the "Internal Revenue Service" in the amount of $683.80 for costs of sale, mailed to:

> Internal Revenue Service
> c/o Gary Chapman
> IRS Property Appraisal & Liquidation Specialist
> 1201 Pacific Ave., Suite 550, M/S W802
> Tacoma, WA 98402

2.     Second, by check made payable to "Utah County, Utah" in the amount of $2,114.49, as of March 3, 2020, plus an additional $0.44 for each day past March 3, 2020, mailed to:

> Utah County Treasurer
> 100 E. Center Street, Suite 1200
> Provo, Utah 84606

3.     Third, by check made payable to the "United States Department of Justice," with "*United States v. Cromar, et al.*, Case No. 2:17-cv-01223" written in the memo field, in the amount of the remaining proceeds from the sale, mailed to:

> Department of Justice, ATTN: TAXFLU
> P.O. Box 310 – Ben Franklin Station
> Washington, DC 20044

SO ORDERED this 15th day of April 2020.

BY THE COURT:

_____

ROBERT J. SHELBY
United States Chief District Judge

**EXHIBIT E**

| | |
|---|---|
| **Subject:** | OFFER REJECTED FOR FRAUD & SWINDLE / Counter OFFER provided Re: Notice to Vacate Property |
| **Date:** | Friday, May 8, 2020 at 2:03:43 PM Mountain Daylight Time |
| **From:** | Ken Cromar |
| **To:** | Nathan Dorius |
| **CC:** | Barbara Cromar |
| **Priority:** | High |
| **Attachments:** | ___2020 05 08 - OFFER REJECTED FOR FRAUD & SWINDLE – PKC Final.pdf, ATT00001.htm, __2020 05 08 - BELLISTON letter w Watermark of OFFER RECINDED - final.pdf, ATT00002.htm |

May 8, 2020

Mr. Dorius,

Please find attached two documents in the form of PDFs:

    ___2020 05 08 - OFFER REJECTED FOR FRAUD & SWINDLE – PKC Final
    __2020 05 08 - BELLISTON letter w Watermark of OFFER RECINDED - final

As noted within, PLEASE NEVER contact us by email. Your communication was deficient. (This is a one time courtesy communication.) Any communication from you will be officially received and considered ONLY under an original signature of an properly identified authorized agent, sent to our home address below, and as prescribed in the letter to you attached herein — which also requires your previous communication to be RESENT as a original, properly signed under penalty of perjury, and mailed via USPS.

Respectfully,

by:**Paul-Kenneth: Cromar**
:Paul-Kenneth: Cromar
c/o 9870 N. Meadow Drive
Cedar Hills, Utah   [ 84062 ]

May 8, 2020

Mr. Nathan Dorius
   *(Are you an attorney? A secretary? A paralegal? Illegitimate?  Something else?*
   *Declare yourself!  Do you have a Law license or BAR # please?)*
Mitchell, Barlow & Mansfield
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111


**Re:  Your so-called "Notice to Vacate Property" OFFER of May 5, 2020 Hereby RESCINDED for Fraud and Swindle in Dishonor.  Counter Offer provided.**


Mr. Dorius,

Your offer to contract in the above reference email/letter is hereby <span style="color:red">**RESCINDED based upon cause of FRAUD AND SWINDLE IN DISHONOR.**</span>

Additionally, to be officially received, you MUST re-send your communication of May 5 in hard copy under authorized original signature (not a copy) via USPS mail – at which time I will carefully consider it's content in detail.   Please DO NOT EVER communicate with us via email, text, phone call, or through friends, political associates, etc.   ONLY communications provided by the above-prescribed manner will be fully read and properly considered – including that of May 5th.

This following written communiqué is a <u>one-time courtesy</u>; designed to alert you to information your client may not have known or provided you.  This communication will be followed-up via certified USPS mail. You and your client are held accountable for it's content.  Any future communications from you, by any means other than USPS mail and Signed under penalty of perjury, to our home address below, are rejected in advance and are not accepted.


**<u>GENERAL INFORMATION Provided as a one-time Courtesy:</u>**

COUNTER OFFER:  Greed and opportunity led your client to make a deal with "the devil" IRS – and the devil won, when Bishop Brett Belliston of 9671 N. 5650 W., Highland, UT 84003, **gambled his money on an attempt to purchase stolen property**.  <u>He lost</u>.

1

Your client's concerns are best addressed with whatever party or parties fraudulently "sold property" they did not lawfully control, nor was there lawful authority to sell.  Your client's concern is not with us, the Cromars.  We have no contract with the Bishop Belliston, who as an ecclesiastical leader should know better than to attempt to purchase stolen property when Constitutional rights of the owners have been denied.  Nevertheless, if your client will commit in writing within 10-days to FOREVER cease and desist all legal threats this instant, we would be delighted to provide all the evidence needed to attempt to recover the monies taken from your client by the IRS under false pretenses, misrepresentations and fraud.  Additionally, we will similarly commit in writing not to pursue legal action via counter suit and/or conspiracy to defraud, collusion and possible racketeering charges against Bishop Belliston.

Our home on Meadow Drive is God's house, recovered and restored by His divine hand, which He can preserve for us in our stewardship as long as He chooses.  As He wills it, IF your client continues down his threatened path with legal action – not only will Bishop Belliston lose again – he may destroy himself in many ways in the process. Your client's best option now is to accept our COUNTER OFFER, to wit, IF Bishop Belliston will sign a document within 10-days of receipt of this letter, committing to FOREVER cease attempts to obtain our home or collude with anyone else trying to do so, signed under penalty of perjury, we will provide all evidence directly helpful to Bishop Belliston to make his case against "the devil" IRS and associated conspirators in their unlawful, fraudulent effort to swindle us out of our home, including but not limited to audio and video recordings, emails, newspaper clippings, court filings, etc., sufficient to make his case for a REFUND of his ill-advised "investment".  We pray he chooses wisely in behalf of he and his good family.

Should your client choose <u>un</u>wisely, we are prepared to consider any and all lawful options to protect ourselves and our property – including but not limited to a counter suit and pursuit of charges of conspiracy to defraud and swindle, and seeking damages against your client.  Great profit potential for the firm of Mitchell, Barlow & Mansfield.  Congratulations Mr. Dorius!

<u>Additional helpful insights</u>:

Your client was not at the auction.  He did NOT bid.  He cannot be a lawful 2nd, or 3rd, etc. bidder to pick up on a defaulted bid by Nathan Eddington.   (Deals with "the devil" can be so sticky.)

A copy of our *Lis Pendens* was posted on our property since June 27, 2019, long before the public notice of "auction", and copies were filed at the Utah County recorders office, provided to neighbors, and to potential bidders at the UN-lawful IRS Auction on September 10, 2019, notifying all interested parties our property that was NOT "free and clear" as falsely publicly advertised.  Mr. Eddington was warned with a copy of the *Lis Pendens* at the auction.  He bid anyway.  As the "winning bidder", Eddington did NOT provide the IRS required full 10% of $33K, but rather $31K.   That was his first default.  He did NOT provide the balance of the $330K he bid within the        30 days, thus defaulting again.  The IRS

1

2

representatives were required by their own regulations to offer it to the second bidder. This was NOT Bishop Belliston.  It should have been re-offered to the public with a new auction – AFTER it was actually "free and clear".  This did not happen.  Rather, NO "fulfillment" payment was made in October, or November, or December, and it wasn't until Jan 22 according to court records that a $299K payment was made via Alta Bank by an undeclared party.  (presumably Bishop Belliston?)  Is your client part of a conspiracy to defraud, collusion and possible racketeering worthy of charges?

Numerous failures by multiple parties to uphold law, Constitutional rights, right to hearing, and due process, a properly identified Constitutional subject matter jurisdiction claim, etc., etc. -- all served to VOID the "devil's" efforts to steal our property under the color of law and justice.  We did not VOID their pretended authority, -- they did.   They too know it, which is probably why we've NEVER been allowed a hearing in this case.  (NOTE:  All laws repugnant to the Constitution are null and void.  **see *Marbury vs. Madison*)**

Mr. Dorius, assuming you are a part of a legitimate law firm that actually respects the Constitutional law of the land that you and your colleagues presumably swore a solemn oath to protect and defend against "enemies foreign and domestic", -- I'm confident you would similarly demand and require those same rights in behalf of any of your clients before a lawfully acting tribunal.  And, under that same oath, you've actually bound yourselves to insure the same for us now, the Cromars.

We built this home and paid it off around 2003 or so.  Our title remains in our lawful control.  And, as the neon green sign on our front door has highlighted for nearly two months:

> "I, :Paul-Kenneth: Cromar, as Grantor refuse to Grant my property here to any Assigns FOREVER! And forever.  *by: Paul-Kenneth: Cromar*  -  March 15, 2020 at 11:05 a.m.**"**

Without our signature, (which as per above indicates will not happen), a forged signature by an Administrator presuming to have our power of attorney, doesn't lawfully cut it.  Nevertheless, should your client be inclined to pursue this misguided effort to pursue our property, fraudulently "sold" to them, based in "defaulted" bid, BEWARE!, that your client can only do so as per our Superior title notification of "Certificate of Acceptance of Land Patent" recorded at the Utah County Recorder April 17, 2020 filing starting at **#ENT 50723:2020 PG 27 of 38**, which includes:

6.   "Henceforth perfected in our names 'Paul Kenneth Cromar and Barbara Ann Cromar' and all future claims against this land shall be forever waived. When a lawfully qualified Sovereign American individual has a claim to title and is challenged, the court of competent original and exclusive jurisdiction is the

3

1

Common law Supreme Court (Article III).  Any action against a patent by a corporate state or their Respective statutory, legislative units (i.e., courts ) would be an action at Law which is outside the venue and jurisdiction of these Article 1 courts. There is no Law issue contained herein which may be heard in any of the State courts (Article 1 ), nor can any court of Equity/Admiralty/Military set aside, annul, or correct a LAND PATENT."

If and when your client chooses to embark on a legal threat against us, I hope he is financially prepared to pay your massive legal fees (and possibly mine too) to address foundational issues at law and possible conspiracy and racketeering charges, which include the following facts of Constitutional abuse of our rights, through which he greedily hoped to profit:

1.  No proper Constitutionally based subject matter jurisdiction claim by Plaintiff was
    provided in the original Complaint as required by numerous High court rulings.

2.  The administrator did not require the Plaintiff to provide a proper Constitutionally
    based complaint with Congressionally enacted lawful statute(s).
    When the Plaintiff's subject matter jurisdiction claim was finally provided 21 months late at the Circuit Court, the Plaintiff effectively nullified their own case because he was required (as per numerous Supreme Court rulings) to provide it in the original Complaint.

3.  No certified audit of our "account" by the IRS was ever produced, nor signed by an authorized agent as required by "law".

4.  Nor was #3 above followed with the required Notice process required by "law".

5.  No Hearing.

6.  No trial by jury.

7.  No discovery or cross-examination of sworn witnesses under penalty of perjury.

8.  No 2nd hearing on foreclosure as required by the Administrator's own "ORDER".

9.  No certified financial Audit of the court case, and CAFR fund / pension fund, or other conflicts of interest.

10.  No justice.

4

1

The Chief Administrator, Plaintiff, certain IRS agents, and US Marshals were on "trial", -- not us.  They proved themselves guilty of breaking their own oaths of office to protect and defend the Constitution, and our rights and guaranteed due process thereunder – thus nullifying their own authority and judgments – leaving our final filing of **Defendants' Objection to Plaintiff's Motion for Disbursement, AND Rejection of Default Judgment for Fraud and Swindle in Dishonor** the unanswered and final lawful filing in this case.

No doubt, Mr. Darius, you and your firm can bleed your client of vast amounts of money with "billable hours", but you owe him the sharing of this letter and attached "Courtesy Notes & Research" in total, along with your honest, intelligent and professional analysis of his unlawful claims against us, so he can make a proper analysis of his odds in a legal attack against us.  Additionally, be sure to make your client aware of our conditional, limited time offer to provide valuable evidence that should help him secure a refund of his monies taken for property they never lawfully controlled, and hence fraudulently "sold" to your client. The good news is that as victims ourselves of this illegitimate band of dark "land pirates", we would be happy to help your client recover the stolen treasure ($299K?) and have the deceitful parties "walk the plank" so to speak, back to their alleged jurisdiction of the sea (admiralty).

No abstract title can overlay a true and Superior title – especially when placed there fraudulently.  The District Court had no lawful authority to use a fake map overlay, including using an abstract land title, as a means of transition of property rights, when a Superior and perfected Land Patent title is claimed and preserved by us.  Simply stated, the opinion of the administrator in the court, Robert J. Shelby, pretending to have lawful claim on our property was based on false evidence – and hence is Null and VOID.  Fraud vitiates any claim – including your client's.

In conclusion, please advise your client that we have well posted "No Trespassing" signs with a $250,000 Fee per trespass, per person, and the threatening harassments on May 4th in front of our home, and violent pounding on our door the evening of May 5th appear to be by children and/or friends of your client.  This is dangerous, and will not be tolerated.


Respectfully,


*by:Paul-Kenneth: Cromar*
:Paul-Kenneth: Cromar
c/o 9870 N. Meadow Drive
Cedar Hills, Utah   [ 84062 ]

1

**Courtesy NOTES & RESEARCH regarding Superior title via Land Patent provided by the Paul-Kenneth: and :Barbara-Ann: Cromar**

**The issue of Land Patents has already been decided -- *res judicata*!**

The right of Land ownership comes from the **Bible, Genesis; Chapter, 28: v. 13,14,15, Genesis 47** and other references in the Bible as well.

Equity/Admiralty/Maritime court that has no jurisdiction to rule on the Land Patent.

A land patent is known in law as "Letters patent", and usually issues to the original grantee and to their heirs and assigns forever. The patent stands as evidence of the **supreme title** to the land, because it secures that all evidence of title existent before its issue date was reviewed by the sovereign authority under which it was sealed and was so sealed as irrefutable; thus, in law the land patent itself so becomes the title to the land defined within its four corners.

The courts are bound by the Supremacy Clause, Article VI Clause II & of the Constitution to uphold the treaty making your Patent a statutory limitation throughout the land!   **(Wineman v. Gastrell, 54 FED 819, 2 US App. 581.)**

When a land patent is issued by the united states government to the grantee, that land patent stands forever, That is why on every land patent issued it states to their **HEIRS AND ASSIGNS FOREVER!**

"The patent is prima facie conclusive evidence of title,"
**Marsh v. Brooks, 49 US 223, 224:.**

The American people, newly established sovereigns in this republic after the victory achieved during the Revolutionary War, became complete owners in their land, beholden to no lord or superior; sovereign freeholders in the land themselves.

So who has all the land in America? If the state doesn't have any authority over land, and the federal United States government corporation can't own land, then who has the land?

6

1

We the People still have all the land in America! The land is still ours. It hasn't gone anywhere. The rights and titles haven't been bought or sold. They are not for sale. By the law of the land, We the People are still holding the right and titles to every square inch of land in the united states of America.

Quote, *"The individual title derived from the Government involves the entire transfer of the ownership of the soil and water.* " *It is purely ALLODIAL:*
" *With all the incidents pertaining to that title as substantial as in the infancy of Teutonic civilization. Following in the wake of this fundamental reform in our State land laws are several others which constitute appropriate corollary."*

*"The statute of uses was never adopted in the public-land States, and hence the complex distinction between uses and trust has never embarrassed our jurisprudence."*
COMMISSIONER OF GENERAL LAND OFFICE BOOK, page, 28, 29, (1870)

———————————

With over one hundred and eighty plus years of court cases proves that land patent is in fact valid!

## Over 180 years of unanimous U.S. Supreme Court cases speak for themselves that land patents are valid:

**WRIGHT v. MATTISON 18 HOW (1856) (9-0):** The courts have concurred, it is believed, without an exception, in defining "color of title" to be that which in appearance is title, but which in reality is no title. Yet a claim asserted under the provisions of such a deed is strictly acclaim under color of title, hence, color of title, even under a void and worthless deed, has always been received as evidence that the person in possession claims adversely to the entire world. Color of title may be made through conveyances, or bonds, or contracts, or bare possession under parol agreements. We can entertain no doubt in this case that the auditor's deed to the purchaser at the tax sale is color of title in Woodward, in the true intent and meaning of the Statute, and         without regard to its intrinsic worth as

7

1

a title.

**STONE v. UNITED STATES 69 U.S. (1865):** A patent is the highest evidence of title, and is conclusive as against the government, and all claiming under junior patents or titles, until it is set aside or annulled by some judicial tribunal. The patent is but evidence of a grant, and the officer who issues it acts magisterially and not judicially.

**SANFORD v. SANFORD 139 U.S. (1891) (9-0):** In ejectment, the question always is who has the legal title for the demanded premises, ***not who ought to have it.*** In such cases the patent of the government issued upon the direction of the land department is unassailable. A Court of equity has jurisdiction in such a case to compel the transfer to the plaintiff of property which, but for such fraud and misrepresentation, would have been awarded to him, and of which he was thereby wrongfully deprived.

**CHANDLER v. CALUMET** & **HECLA 149 US (1893) (7-0):** It is well settled that the state could have impeached the title thus conveyed to the canal company only by a bill in chancery to cancel or annul it, either for fraud on the part of the grantee, or mistake or misconstruction of the law on the part of its officers in issuing the patent. But whether there is any technical estoppel, in the ordinary sense, or not, it cannot be maintained that the state can issue two patents, at different dates to different parties, for the same land, so as to convey by the second patent a title superior to that acquired under the first patent.

Neither can the second patentee, under such circumstances, in an action at law, be heard to impeach the prior patent for any fraud committed by the grantee against the state, or any mistake committed by its officers acting within the scope of their authority and having jurisdiction to act and to execute the conveyance sought to be impeached. Neither the state nor its subsequent patentee is in a position to cancel or annul the title which it had authority to make, and which it had previously conveyed to the patentee.

**SARGEANT v. HERRICK 221 US (1911) (9-0):** It is apparent that the validity of the tax title depends upon the question whether the location of the warrant in 1857, without more, gave    a right to a patent. Among the

8

1

conditions upon compliance with which such a right depends, none has been deemed more essential than the payment of the purchase price, which, in this instance, could have been made in money or by a warrant like the one actually used.

**UNITED STATES v. CREEK NATION 295 US (1935) (9-0):** They were intended from their inception to effect a change of ownership and were consummated by the issue of patents, the most accredited type of conveyance known to our law.

**SUMMA CORP v. CALIFORNIA STATE EX REL. LANDS COM'N 466 US (1984) (8-0):** The final decree of the Board, or any patent issued under the Act, was also a conclusive adjudication of the rights of the claimant as against the United States, but not against the interests of third parties with superior titles.

   Finally, in **UNITED STATES v. CORONADO BEACH CO. 255 US (1921):** The Court expressly rejected the Government's argument, holding that the patent proceedings were conclusive on this issue, and could not be collaterally attacked by the Government. The necessary result of the Coronado Beach decision is that even "sovereign" claims such as those raised by the State of California in the present case be barred.


   **FRIENDS OF MARTIN BEACH  v.  MARTIN BEACH**

**Case No.  CIV517634 (2013):** These decisions control the outcome of this case. We hold that California cannot at this late date assert its public trust easement over petitioner's property, when petitioner's predecessors-in-interest had their interest confirmed without any mention of such an easement in proceedings taken pursuant to the Act of 1851. The interest claimed by California is one of such substantial magnitude that regardless of the fact that the claim is asserted by the State in its sovereign capacity, this interest, like the Indian claims made in BARKER and in **UNITED STATES  v.  TITLE INS. & TRUST *CO:.,*** must have been presented in the patent proceeding or be barred.

   After exclusive jurisdiction over lands within a State have been ceded to the United States, private property located thereon is not subject to taxation by the State, nor can state statutes enacted subsequent to the transfer have any operation therein.  **Surplus Trading Company v. Cook, 281 US 647;**

9

1

**Western Union Telegraph Co. v. Chiles, 214 US 274;**
**Arlington Hotel v. Fant, 278 US 439;**
**Pacific Coast Dairy v. Department of Agriculture, 318 US 285.**

### Additional NOTES:

The Notice and effect of a Land Patent or Grant of Public Land is a public Law standing on the books in all States (Except Texas) and is notice to every subsequent purchaser under any conflicting sale made afterward (the date of the original Land Grant/Patent). See: **Wineman v. Gastrell 54 FED 819, 4 CCA 596, 2 US APP 581:.**

A patent alone passes perfect title to Grantee.
   See: **Wilcox v. Jackson, 13 PET US. 498, 10 L. ED 264.**

When the United States has parted with a title by patent, legally issued, and upon surveys made by it self and approved by the proper department, the title so granted cannot be impaired by any subsequent survey made by the government for its own purposes, **Gage v. Danks 13 LA. ANN, 128.**

In the case of ejectment, where the question has been who has the legal title the title patent of the government is unassailable, **Sanford v. Sanford 139 US 642.** The transfer of lawful Title Patent to public domain gives the Grantee the right to possess and enjoy the land transferred, **Gibson v. Chouteau, 80 US 92.**

A patent for land is the highest evidence of title and is conclusive as evidence even against the Government and all others claiming under junior patents or titles (Warranty Deed) etc., **United States v. Stone, 2 US 525.** Estoppel is hereby noticed and has been maintained as against a municipal corporation (County), **Beadle v. Smyser, 209 US 393.**

10

1

Until it issues, the Fee is in the Government trust, which by patent passes to the Grantee, and he is entitled to enforcement possession in ejectment, **Bagnell v. Broderick, 3 Peter US 436:.** State statutes that give lesser authoritative ownership of title than a patent cannot even be brought in Federal Court, **Langdon v. Sherwood, 124 US 74, 80:.** The power of Congress to disposeof land cannot be interfered with, or its exercise embarrassed by any state legislation; nor can such legislation deprive the Grantees of the United States of the possession and enjoyment of the property granted by reason of any delay in the transfer of the title after the initiation of proceedings for its acquisition, **Gibson v. Chouteau.13 Wall US 92, 93.**

An estate in inheritance without condition, belonging to the owner and alienable by him, transmissible to his heirs absolutely and simply, is an absolute estate in perpetuity and the largest possible estate a man can have; being in fact allodial in its nature, **Stanton v. Sullivan, 63 R.L 216 7a, 696:.** The original meaning of perpetuity is an inalienable, indestructible interest. **Bouvier's Law Dictionary Volume 3, page 2570 (1914).**

———————————————

End of Courtesy NOTES & RESEARCH.

11

1



MITCHELL
BARLOW
MANSFIELD

MITCHELL BARLOW & MANSFIELD, P.C.  |  BOSTON BUILDING  |  NINE EXCHANGE PLACE, SUITE 600  |  SALT LAKE CITY, UTAH 84111
TEL: (801) 998-8888  |  FAX: (801) 998-8077  |  www.mbmlawyers.com

May 5, 2020

**Sent Via Email**
Ken and Barbara Cromar
Email: kencromar@bluemoonprod.com
        barbaracromar@gmail.com

Re:   *Notice to Vacate Property*

Mr. and Mrs. Cromar:

Our law office has been engaged by Copper Birch Properties, LLC (the "Company"), in connection with the Company's purchase of the real property located at 9870 N. Meadow Drive, Cedar Hills, Utah 84062 (the "Property"). We have enclosed a copy of the recorded Deed to Real Property transferring all right, title and interest in and to the Property to the Company. We have also enclosed for your records a copy of the court order approving the sale of the Property to the Company. Based upon the enclosed documents, you no longer have any legal or equitable rights in or title to the Property. Demand is hereby made that you and all other occupants vacate the Property immediately, and that you vacate without damaging or removing any portion of the Property or any personal property located therein. Your failure to vacate immediately will result in further legal action.

The court order dated March 20, 2019 ordered you to not make any additional filings against the Property. Therefore, you are on notice that your recent filings of the (i) Declaration of Assignees Update to Patent recorded on April 22, 2020 and (ii) Land Patent Notice and accompanying papers recorded on April 17, 2020, are in violation of the court's March 20, 2019 order and are null, void and of no legal effect. To the extent necessary, the Company hereby formally objects to such filings.

Please contact us if you wish to discuss the particulars of this letter further. Thank you for your anticipated cooperation.

Sincerely,
MITCHELL BARLOW & MANSFIELD, P.C.

Nathan S. Dorius

Enc.



ENT **56957:2020** PG 1 of 2
**Jeffery Smith**
**Utah County Recorder**
2020 Apr 29 02:26 PM FEE 40.00 BY MA
RECORDED FOR Mitchell Barlow & Mansfield, P.C.
ELECTRONICALLY RECORDED

## DEED TO REAL PROPERTY

THIS INDENTURE made this 24th day of April 2020, by and between Andrea Ventura, Advisory Manager, Southwestern, on behalf of the Director, Southwestern Area Collection of Internal Revenue Service a duly authorized delegate of the Department of the Treasury, grantor; and Copper Birch Properties, LLC, grantee.

### WITNESSETH

WHEREAS, the United States District Court for the District of Utah, in a judicial order of sale entered on March 20, 2019 in the case of United States of America v. Paul Kenneth Cromar, et al. Defendants, ordered that the subject property located at 9870 N. Meadow Drive, Cedar Hills, Utah 84062-9430, the hereinafter described real property sold in order to pay delinquent Internal Revenue income tax liabilities assessed against Paul Kenneth Cromar.

AND WHEREAS, the said property was sold on September 10th, 2019, to Copper Birch Properties, LLC, for the sum of $331,000.00, the receipt of which is hereby acknowledged, does grant, bargain, and sell to Copper Birch Properties, LLC all right, title, and interest in the real property, in Cedar Hills, Utah County, State of Utah, described as:

Legal Description:

Lot 3, Plat "C", Amended North Meadows Estates Subdivision, according to the official plat thereof on file in the office of the Recorder, Utah County, Utah.

The property commonly known as 9870 N. Meadow Drive, Cedar Hills, Utah 84062-9430.

IN WITNESS WHEREOF, the grantor has hereunto set her hand on the 24th day of

April, 2020.


Andrea Ventura
Official Signature
Andrea Ventura

Title: Advisory Manager, Southwestern
Internal Revenue Service


Notary


State of Colorado
County of Jefferson

Signed and sworn to before me on the ____ day of April, 2020, by Andrea
Ventura, who appeared before me, being by me duly sworn, did say that she is the
Advisory Manager Southwestern signing on behalf of the Director, Southwestern Area
Collection of Internal Revenue Service, a duly authorized delegate of the United States
of America, and that said instrument was signed on behalf of the United States of
America by authority of its laws and regulations promulgated thereunder, and is the free
act and deed of said body politic.


NOTARY PUBLIC's Official Signature

08 / 06 / 2023
Commission Expiration

JUSTIN MATTHEW ARREOLA
Notary Public
State of Colorado
Notary ID # 20194028891
My Commission Expires 08-06-2023

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR, BARBARA<br>ANN CROMAR, UTAH HOUSING<br>FINANCE AGENCY, UNIVERSAL<br>CAMPUS FEDERAL CREDIT UNION,<br>STATE OF UTAH, TAX COMMISSION,<br>AND UTAH COUNTY, UTAH,<br><br>    Defendants. | **ORDER CONFIRMING SALE AND<br>DISTRIBUTING PROCEEDS**<br><br>Case No. 2:17-cv-01223-RJS<br><br>Chief Judge Robert J. Shelby |

On March 20, 2019, the court entered an Order of Foreclosure and Judicial Sale.[1] The Order directed the United States to sell Paul Kenneth Cromar's property located at 9870 N. Meadow Drive, Cedar Hills, Utah 84062-9430 (the property), which is more particularly described as:

> Lot 3, Plat "C", Amended North Meadows Estates Subdivision, according to the official plat thereof on file in the office of the Recorder, Utah County, Utah.

The court now has before it the United States' Motion for Order Confirming Sale and Distributing Proceeds,[2] together with Defendants Paul Kenneth Cromar and Barbara Ann Cromar's Objection to Plaintiff's Motion for Disbursement and Rejection of Default Judgment for Fraud and Swindle in Dishonor.[3] Upon review, the Cromars' Objection raises no evidentiary objections to the United States' Motion and offers no legal or factual arguments justifying denial

---

[1] Dkt. 104.

[2] Dkt. 117.

[3] Dkt. 118.

1

of the Motion.[4]  Instead, the Objection relies on the same frivolous arguments the Cromars have

raised throughout this case, i.e., that their due process rights have been violated and this court lacks

subject matter jurisdiction over this case.[5]  But this court and the Tenth Circuit have repeatedly

rejected these arguments, and the court declines to readdress the arguments here other than to note

that they unequivocally fail.[6]  For that reason, the Motion is substantially unopposed and is well

taken. Therefore, for good cause appearing, the United States' Motion is GRANTED as follows:

IT IS ORDERED THAT the sale on September 10, 2019, of the property was properly

conducted, and the sale is hereby confirmed.

IT IS FURTHER ORDERED THAT the Internal Revenue Service is authorized to execute

and deliver to the purchaser a Certificate of Sale and Deed conveying the property to the purchaser

or assignee(s).

IT IS FURTHER ORDERED THAT, on delivery of the Certificate of Sale and Deed, all

interests in, liens against, or claims to the property (including the June 28, 2019 *lis pendens* that

Paul Kenneth Cromar filed in Utah County, Utah, and that is attached in Exhibit H to the United

States' Motion) that are held or asserted in this action by the United States or any of the Defendants

are discharged and extinguished. On the delivery of the Certificate of Sale and Deed, the property

shall be free and clear of the interests of all parties to this action.

---

[4] *See id.*

[5] *See id.*

[6] *See United States v. Cromar*, Case No. 2:17-cv-01223, 2020 WL 1488763 (10th Cir. Mar. 26, 2020) (unpublished); *see also United States v. Cromar*, Case No. 2:17-cv-01223, 2018 WL 3719258 (D. Utah Aug. 3, 2018); *United States v. Cromar*, Case No. 2:17-cv-01223, 2018 WL 9371363 (D. Utah May 14, 2018). The Cromars make other similarly frivolous arguments based on the misapplication of various statutory provisions and improperly include requests for relief in their Objection. *See* DUCivR 7-1(b)(1)(A) ("No motion . . . may be included in a response or reply memorandum.").

2

IT IS FURTHER ORDERED THAT possession of the property sold shall be yielded to the purchaser or assignee(s) upon the production of a copy of the Certificate of Sale and Deed; if there is a refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of Court to compel delivery of the property to the purchaser or assignee(s).

IT IS FURTHER ORDERED THAT the proceeds of the sale on September 10, 2019, of the property shall be distributed by the Clerk of Court as follows:

1.      First, by check made payable to the "Internal Revenue Service" in the amount of $683.80 for costs of sale, mailed to:

> Internal Revenue Service
> c/o Gary Chapman
> IRS Property Appraisal & Liquidation Specialist
> 1201 Pacific Ave., Suite 550, M/S W802
> Tacoma, WA 98402

2.      Second, by check made payable to "Utah County, Utah" in the amount of $2,114.49, as of March 3, 2020, plus an additional $0.44 for each day past March 3, 2020, mailed to:

> Utah County Treasurer
> 100 E. Center Street, Suite 1200
> Provo, Utah 84606

3.      Third, by check made payable to the "United States Department of Justice," with "*United States v. Cromar, et al.*, Case No. 2:17-cv-01223" written in the memo field, in the amount of the remaining proceeds from the sale, mailed to:

> Department of Justice, ATTN: TAXFLU
> P.O. Box 310 – Ben Franklin Station
> Washington, DC 20044

SO ORDERED this 15th day of April 2020.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

**<u>EXHIBIT F</u>**

Nathan S. Dorius (8977)
Andrew V. Collins (11544)
**MITCHELL BARLOW & MANSFIELD, P.C.**
Boston Building
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
Email: ndorius@mbmlawyers.com
        acollins@mbmlawyers.com

*Attorneys for Copper Birch Properties, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR, BARBARA ANN CROMAR, UTAH HOUSING FINANCE AGENCY, UNIVERSAL CAMPUS FEDERAL CREDIT UNION, STATE OF UTAH, TAX COMMISSION, and UTAH COUNTY, UTAH,<br><br>      Defendants. | **WRIT OF ASSISTANCE**<br><br>Case No. 2:17-cv-01223-RJS<br><br>Chief Judge Robert J. Shelby |

TO THE UNITED STATES MARSHAL'S OFFICE, DISTRICT OF UTAH, CENTRAL

DIVISION:

     1.     A judgment was entered against the defendants Paul Kenneth Cromar and Barbara

Ann Cromar (the "Cromars") in the above-captioned litigation.

2.　　　The Court thereafter issued an Order of Foreclosure and Judicial Sale on March 20, 2019, wherein the Cromars were ordered to permanently vacate the real property located at 9870 N. Meadow Drive, Cedar Hills, Utah 84062 (the "Property").

3.　　　The Cromars violated the Court's March 20, 2019 Order and were subsequently forcibly removed from the Property.

4.　　　The Cromars unlawfully re-entered the Property after the Property was sold to Copper Birch Properties, LLC ("Copper Birch"), which sale was conducted pursuant to the Court's March 20, 2019 Order.

5.　　　On April 15, 2020, the Court issued an Order Confirming Sale and Distributing Proceeds which, among other things, ordered the transfer of title to the Property to Copper Birch and authorized the issuance of this Writ of Assistance to deliver possession of the Property to Copper Birch.

6.　　　You are hereby directed to, within ten (10) days from the date of issuance of this Writ of Assistance, (a) forcibly remove the Cromars and all other occupants from the Property, (b) restrain the Cromars and all other occupants of the Property from removing any personal property from the Property or causing physical damage to the Property while being removed therefrom, and (c) coordinate the forcible removal of the Cromars with Copper Birch so as to allow it a reasonable window of time in which to change the locks and install a security system at the Property once the Cromars have been removed.

7.　　　You are to return this Writ within ten (10) days after receiving it, with a signed account of your actions in executing this Writ.

DATED this _____ day of _____, 2020.

_____
Clerk of the Court