

Paul-Kenneth: Cromar.

the secured party of the name "PAUL KENNETH CROMAR", and,

Barbara-Ann: Cromar, of

c/o  9870 N. Meadow Drive

Cedar Hills, Utah-State:  uSA [84062]

FILED US District Court-UT
SEP 04 '20 PM04:12

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, State of Utah, Utah County Sheriff Mike Smith, Coper Birch Properties, LLC,] Plaintiffs, | CASE NO.: 2:17-cv-01223-RJS |
| v. Paul Kenneth Cromar, and Barbara Ann Cromar et al., Defendant(s). | Defendants' Motion For Emergency TRO |

## Defendants' Motion for Emergency TRO

1.  Comes now, Paul-Kenneth: Cromar. and Barbara-Ann: Cromar., a living, breathing

man and woman on the land, et al, Defendants, *sui juris*, in the above captioned action, who hereby file this *Motion* and respectfully seek in this action an *Emergency Temporary Restraining Order* to temporarily restrain and enjoin all of the above named plaintiff parties from enforcing in the State of Utah the improper and unlawful *"private sale"* of the defendants' property (located at 9870 Meadow Drive, Cedar Hills, Utah state [84062]) that has occurred in place of the public IRS auction that was conducted under *Order* of this court, as per a FINAL ORDER by Judge Kraig J. Powell of the Utah state's FOURTH JUDICIAL DISTRICT COURT, UTAH COUNTY, STATE OF UTAH in Provo, case #200400972, against Defendants WITHOUT having Constitutionally guaranteed right of *due process* protected and preserved by that court, to be executed by force tomorrow, Saturday September 5, 2020 at 5:00 pm.

2.  The improper *"private sale"* of the property was unlawfully conducted between the U.S. Department of Justice attorneys and a "Copper Birch Properties, LLC", hereinafter "Copper Birch", after the winning bidder at the IRS public auction conducted on September 10th, 2019, a "Nathan Eddington, **failed** to complete the purchase of the property under the terms and rules of the IRS public auctions. The U.S. DOJ then, instead of conducting a new (2nd) public auction, *secretly* orchestrated and conducted an improper and unlawful *private sale* of the property to Copper Birch without Notice to, or legal *service* upon, the defendants or any federal court (both district and Circuit), in violation of Title 28 USC Section 2001(b) and without the required *due process* at law because the *private sale* to Copper Birch has been improperly "swapped in" by the United States, in place of the public auction sale to Nathan Eddington, without ever conducting the **required hearing in the courtroom** that is required by law under that Section 2001(b) in order to conduct a *private sale*, as specifically held, ruled, and *ordered* on March 26, 2020, by the 10th Circuit Court of Appeals in this legal action.

3.  The above-named plaintiffs are all blatantly violating the *Order* of the 10th Circuit Court of Appeals regarding the prerequisite requirements of a *"private sale"* under Title 28 U.S.C. Section 2001(b).

4.      On September 10th, 2019 the Internal Revenue Service conducted an auction of the Cromar property located at 9870 N. Meadow Drive, Cedar Hills, in the Utah state [84062-9430] (hereinafter, "the property"). By the sworn Declaration of "Gary Chapman" *(alias - Employee ID # 10000324786)*, IRS Property Appraisal and Liquidation Specialist, made on March 4, 2020 [Doc 117-1 3/4/20], the winning bidder, a "Nathan Eddington", then **failed** to make the required 10% deposit of the winning bid of $330,000, depositing only $31,000 on September 10th, 2019 in violation of the applicable and controlling *"Terms of Sale"* as published by the U.S. Treasury [Exhibit A – page 4, Section "10. Electronic Bids", paragraph 4], instead of the required deposit of the full 10% (ten percent) of the purchase price ($33,000) that was required, creating a Default.

5.      Mr. Eddington then also **failed** to pay the balance of the purchase price as required within 30 days of making the winning bid, creating a second DEFAULT in violation of the applicable and controlling *"Terms of Sale"* as published by the U.S. Treasury [Exhibit A – page 6, Section "16. Closing", paragraph 1] requiring as forfeit of his $31,000 payment. And it now appears that the public auction "sale" to Eddington that had occurred, was then secretly **terminated** by the United States Department of Justice attorneys for Eddington's failure to "close" the sale, and that a ***private sale*** to Copper Birch was secretly negotiated and conducted in place of the public auction 130 days after Eddington's first Default, as the balance of the payment owed by Mr. Eddington now appears to have been paid by Copper Birch and **not** Mr. Eddington, after the improper and unlawful private placement of the sale with Copper Birch, in place of Eddington, was orchestrated by the United States.

6.      Now, "Copper Birch" *fraudulently* claims in its application in this court for the requested *Writ of Assistance,* to have been the winning bidder at the IRS auction on September 10th, **not** "Nathan Eddington", directly **contradicting** the factual record of this civil action [Doc 117-1 3/4/20], and also **contradicting** the testimonial *Declaration,* sworn under penalty of perjury, of IRS Specialist Gary Chapman who conducted the IRS auction and whose sworn Declaration was used by this court as the alleged factual basis for finalizing the sale **to Nathan Eddington**, and the distribution the sale proceeds by the court.

7. Therefore, Copper Birch cannot now lawfully come to this court to seek a *Writ of Assistance* to enforce in the State of Utah the improper and unlawful *private sale* of the defendants' real property because it *lacks* true legal standing to do so since they were **not** the winning bidder at the IRS public auction as sworn by IRS Specialist Gary Chapman on the evidentiary documents submitted to this court by the plaintiff United States, and they also did **not** purchase the property from Mr. Eddington.

8. The names COPPER BIRCH PROPERTIES LLC and/or Bishop Brett Belliston appear NO WHERE within the original court record, only emerging through a "SEALED" ex parte filing (newly UN-sealed by the court on August 21, 2020), **without** having established standing in the case.

9. Thus Copper Birch *lacks* the legal *standing* in the court necessary to lawfully seek the assistance of the district court to enforce the *private sale* that has been unlawfully orchestrated for them by the United States, because they were not the factual winning bidder at the IRS public auction that was conducted by Gary Chapman on September 10th; and they are therefore now attempting to use a *fraudulent pretense* as the alleged basis for the act of seeking a *Writ of Assistance* in this court to enforce the wrongfully substituted *private sale* of the disputed property, by **falsely** claiming to have been the winning bidder at that IRS public auction instead of "Nathan Eddington"; - which *claim* is **not** true by both the **sworn** *Declaration* of Gary Chapman, sworn to under penalty of perjury [Doc. #117-1, March 4th, 2020] made by such sworn testimony, and by the *factual* record of the court **in this very action.**

10. In stating a *false pretense* and making the *fraudulent claim* of being the winning bidder at the public IRS auction, Copper Burch is **not** entitled to the enforcement by any party or court, of the unlawful *private sale* of the real property that has been secretly orchestrated and conducted by the United States, including enforcement by the Utah state courts as wrongfully sought by Copper Birch in a separate action filed in those state courts.

11.     Title 28 U.S.C. Section 2001(b) **requires** that a hearing be conducted in the federal district court **before** any *private sale* or placement of real property is made by the United States Department of Justice. This was specifically ruled and ordered by the Tenth Circuit Court of Appeals in this very dispute [*Order & Judgment*, 10th Circuit, Document 010110325199, page 6 – March 26, 2020].

12.     Title 28 U.S.C. Section 2001(b) plainly states:

> **§ 2001. Sale of realty generally**
> ...
> **(b)** <u>**After a hearing,**</u> of which notice to all interested parties shall be given by publication or otherwise as the court directs, **the court may order the sale** of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

13.     **No** such hearing was ever held in this court, in this civil action, before the ***private sale*** to Copper Birch was secretly orchestrated and effected by the United States, and no such court *Order* for any "*private sale*" was ever issued by this court, which is a **violation** of the required legal *due process* (of a *hearing*), and of the required *legal* process to be used to sell property as demanded by this controlling statute.   Without the *due process* of the statutorily required *hearing,* the "***private sale***" to Copper Birch is **VOID.**

> "Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty, or property, in its most comprehensive sense; to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved. If

any question of fact or *liability* be conclusively presumed against him, this is <u>not</u> *due process* of law." Black's Law Dictionary 500 (6th ed. 1990); accord, *U.S. Department of Agriculture v. Murry*, 413 U.S. 508 [93 S.Ct. 2832, 37 L.Ed.2d 767] (1973); *Stanley v. Illinois*, 405 U.S. 645 [92 S.Ct. 1208, 31 L.Ed.2d 551] (1972)

An orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce and protect his rights before a court having power to hear and determine the case. *Kazubowski v. Kazubowski*, 45 Ill.2d 405, 259 N.E.2d 282, 190. Phrase means that no person shall be deprived of life, liberty, property or of any right granted him by statute, unless matter involved first shall have been adjudicated against him upon trial conducted according to established rules regulating judicial proceedings, and it forbids condemnation without a hearing. *Pettit v. Penn*, La.App., 180 So.2d 66, 69. The concept of "due process of law" as it is embodied in Fifth Amendment demands that a law shall not be unreasonable, arbitrary, or capricious and that the means selected shall have a reasonable and substantial relation to the object being sought. *U.S. v. Smith*, D.C.Iowa, 249 F.Supp. 515, 516. Fundamental requisite of "due process" is the opportunity to be heard, to be aware that a matter is pending, to make an informed choice whether to acquiesce or contest, and to assert before the appropriate decision-making body the reasons for such choice. *Trinity Episcopal Corp. v. Romney*, D.C.N.Y., 387 F.Supp. 1044, 1084. Aside from all else "due process" means fundamental fairness and substantial justice. *Vaughn v, State*, 3 Tenn.Crim.App. 54, 456 S.W.2d 879, 883." <u>Black's Law Dictionary</u> pg. 500 (6th ed. 1990); accord, *U.S. Department of Agriculture v. Murry*, 413 U.S. 508 [93 S.Ct. 2832, 37 L.Ed.2d 767] (1973); *Stanley v. Illinois*, 405 U.S. 645 [92 S.Ct. 1208, 31 L.Ed.2d 551] (1972)

14. The statute further **requires** that "*notice to all interested parties* [of the hearing] *shall be given*" **before** the *Order of the Court* may issue to effect a "*private sale*". Again, **no** such *statutorily* required hearing, prerequisite to any "*private sale*" of the property, was ever scheduled, held, or conducted by this federal district court; - and **no required** legal *Notice* of any claim by Copper Birch (to the property) was ever issued or given to any defendant in the litigation, or any other *person* or party with real interests in the property and its ultimate disposition and disposal by the court.

15. The conclusion that an **unlawful** and improper "*private sale*" of the property has been

conducted by the United States in violation of this statute is certainly demonstrated and is factually supported by Copper Birch's demands that <u>the United States</u> be the party that refunds their purchase costs, and **not** "Nathan Eddington". By this demand of Copper Birch, it is clear that Copper Birch did **not** buy the property or acquire title or deed to it from "Nathan Eddington", or they would be seeking a refund of their funds from Mr. Eddington, and not the United States.

16. The demand made by Copper Birch, that the United States and Ryan Watson refund the failed purchase price to Copper Birch, is clear evidence that an unlawful *ex parte* "***private sale***" has been secretly conducted by attorney Ryan Watson and the plaintiff United States without conducting the "*due process*" *hearing* that is required under Title 28 U.S.C. Section 2001(b). An unlawful ***private sale*** has clearly been orchestrated and conducted by the United States in place of the public IRS auction that was won by Nathan Eddington on September 10th, 2019, and **not** "Copper Birch".

### SUMMARY and CONCLUSION

17. Therefore, defendants now respectfully move this federal district court for a temporary restraining order, temporarily restraining and enjoining all of the above-named plaintiff parties from enforcing in Utah, in the Utah state courts, the improper and unlawful ***private sale*** of the defendants real property to Copper Birch that has been unlawfully orchestrated by the United States in place of the public auction sale that was won by Nathan Eddington, and **not** Copper Birch.

18. THEREFORE, all declarations herein are to the best of our knowledge true and correct, and we retain the right to amend and correct, and,

\#

Respectfully Added to the Record,

*by: [signature]*
Paul-Kenneth: Cromar.
c/o 9870 N. Meadows Drive
Cedar Hills, Utah state   [84062]


*by: Barbara-Ann: Cromar [signature]*
Barbara-Ann: Cromar.
c/o 9870 N. Meadows Drive
Cedar Hills, Utah state   [84062]

## CERTIFICATE OF SERVICE

I, Paul Kenneth Cromar, certify that a true copy of the attached *Motion* has been has been filed on the LAND in the Utah County Record, and properly served via Certified Mail to the following:

Ryan S. Watson, Trial Attorney
Tax Division
U.S. Department of Justice
Ben Franklin Station
P.O. Box 683
Washington, DC.20044-0683        Certified Mail #: _____

Nathan S. Dorius, Atty.
MITCHELL BARLOW & MANSFIELD, P.C.
Boston Building
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111        Certified Mail #: _____

Sheriff Mike Smith
UTAH COUNTY SHERIFF
3075 North Main
Spanish Fork UT 84660            By hand-delivery to Sheriff's office

Nathan S. Dorius, Atty.
MITCHELL BARLOW & MANSFIELD, P.C.
Boston Building
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111        Certified Mail #: _____


by: *[signature]*
Paul-Kenneth: Cromar
c/o 9870 N. Meadows Drive
Cedar Hills, Utah state   [84062]

Sept. 4th, 2020