

Paul-Kenneth: Cromar.

the secured party of the name "PAUL KENNETH CROMAR", and,

Barbara-Ann: Cromar, of

c/o 9870 N. Meadow Drive

Cedar Hills, Utah-State: uSA [84062]

FILED US District Court-UT
SEP 04 '20 PM04:13

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, [State of Utah, Sheriff Name-of-Sheriff], Coper Birch Properties, LLC,     Plaintiffs, <br><br> v. <br><br> Paul Kenneth Cromar, and Barbara Ann Cromar et al.,     Defendant(s). | CASE NO.: 2:17-cv-01223-RJS <br><br> **Defendants' Memorandum at Law in Support of Motion For TRO** |

## Defendants' Memorandum at Law
## in Support of Motion for TRO

1.  Comes now, Paul-Kenneth: Cromar. and Barbara-Ann: Cromar, a living man and woman on the land, et al, Defendants, *sui juris*, in the above captioned action, who hereby file this *Memorandum at Law in Support of defendants Motion for TRO*. Defendants seek a temporary

restraining order enjoining the above-named plaintiff parties from enforcing an improper and unlawful *private sale* of the defendants real property, which unlawful *private sale* to Copper Birch Properties, LLC, hereinafter "Copper Birch", has been secretly unlawfully substituted for the *failed* IRS public auction sale to a Nathan Eddington, the winning bidder at the public auction.

2.  By the ruling of the U.S. Tenth Circuit Court of Appeals in this vary case, the federal district court lacks the jurisdiction to enforce a "*private sale*" of property to Copper Birch under Title 28 USC Section 2001(b) **without first** conducting a hearing in the federal court as required by the law thereunder. The attempted enforcement in the Utah State courts by Copper Birch, of the improper and unlawful *private sale* and placement of the defendants real property with Copper Birch, by the United States, is in *direct defiance,* and is a violation of the March 26, 2020, U.S. Tenth Circuit Court of Appeal's ruling in this very case.

3.  An unauthorized and fraudulent "DEED TO REAL PROPERTY" has been unlawfully created by the United States in the name of "Copper Birch", as an instrument to conceal the secret and improper *private placement* and unlawful *private sale* of the defendants' real property by the United States, that has been secretly and unlawfully **substituted** for the failed sale of the property (by public IRS auction) that was actually made to a "Nathan Eddington" and **not** "Copper Birch". The public auction sale to Nathan Eddington was finalized and approved **by this court itself** in this civil action, but without benefit of information withheld by certain officers of the court. The unauthorized Deed that has been created fraudulently states that, "the said property was sold on September 10th, 2019, to Copper Birch Properties, LLC, for the sum of $331,000.00…". This is a blatantly fraudulent claim because Copper Birch was **not** at, and did **not** attend or register to bid as a company at, the IRS public auction that was held on September 10, 2019 and which auction was won by Nathan Eddington, **not** Copper Birch. (see un-sealed Document 122 page 10 of 54)

4.  A "Gary Chapman" (IRS alias - Employee ID # 10000324786) appears to have **intentionally deceived** this federal court into believing that Nathan Eddington was the successful bidder and winner of the public auction, only to later help the DOJ secretly facilitate an unlawful *private sale* of the property to "Copper Birch", outside of the knowledge of this court and outside

of the information given to it; - and in direct contradiction to the 10th Circuit Court of Appeals' ruling and *Order* which specifically stated that a ***private sale*** would **first** require a hearing under Title 28 USC 2001(b).

> "The successful bidder, Nathan Eddington, bid $330,000 and paid a deposit of $31,000 and paid a deposit of #31,000. I received the balance of the purchase price on January 21, 2020 and the funds were sent to the Court for deposit. Receipt of the second deposit took several months while Mr. Eddington sought financing for the remaining balance." (see March 4, 2020 Document 117-1 page 2 of 3)

5. The Plaintiff's March 04, 2020 UNITED STATES' MOTION FOR ORDER CONFIRMING SALE AND DISTRIBUTING PROCEEDS submitted by DOJ attorneys Richard E. Zuckerman and Ryan S. Watson filing included a sworn Affidavit by IRS agent / auctioneer "Gary Chapman" (alias) which definitively declared the property was **sold to Nathan Eddington** (see March 4, 2020 Document 117-1 page 2 of 3)) while improperly ignoring the fact that "auction winner" Nathan Eddington had DEFAULTED on the day of the auction (September 10, 2019), when he did NOT provide the required 10% down-payment of his $330,000 bid; and also, that Nathan Eddington DEFAULTED AGAIN when 30-days later he did NOT pay the remaining balance of the purchase, thereby forfeiting ALL of his $31,000 original payment.

6. As per IRS rules (*Exhibit A*) the failed and defaulted "auction sale" then REQUIRED the sale to go to the second place bidder at the auction, or be resold via a *private sale* after a hearing in the district court, as the Circuit Court ORDER stated is required under Title 28 USC 2001(b). NOR does the district court record ever mention the name COPPER BIRCH, nor the name Bishop Brett Belliston; - and yet mysteriously and magically "COPPER BIRCH PROPERTIES, LLC", appears on the fraudulent "DEED TO REAL PROPERTY" of April 23, 2020 as the auction winner. This is a **clear fraud**.

7. The only time Bishop Brett Belliston's name ever appears on the court record is within the recently un-sealed *ex parte* filing wherein unlawful negotiations are documented via an email

chain of communication wherein COPPER BIRCH, apparently hoping to not lose their purchase payment (January 20, 2020 deposit of $299,000 via "Alta Bank"?), reminds IRS agent Gary Chapman and the other co-conspirators **(DOJ attorney Ryan S. Watson, Nathan Dorius, John R. Barlow, Ty B, Doug Gilmore, and Bucky Gay)** that the Department of Justice promised to reimburse Copper Birch if the substituted sale to Copper Birch could not be completed, highlighting an important point in their conspiracy to commit a fraudulent sale:

> "At this point we would like to know
> 1. Will you do anything to not only provide clear title but ensure that we have clear access to the property through restraining orders and other legal remedies as needed?
> 2. **Return our funds** if the government cannot take care of the **as we have been told you would**?"   *(emphasis added - see Document 122 Page 17 of 54)*

8.   The true facts of this case are clear. On September 10th, 2019 the Internal Revenue Service conducted an auction of the Cromar property located at 9870 N. Meadow Drive, Cedar Hills, Utah 84062-9430 (hereinafter, "the property").

9.   By the sworn Declaration of Gary Chapman, IRS Property Appraisal and Liquidation Specialist, made on March 4, 2020 [Doc 117-1 3/4/20], the winning bidder, a "Nathan Eddington", then **failed** to make the required 10% deposit of the winning bid of $330,000, depositing only $31,000 on September 10th, 2019 in violation of the applicable and controlling "*Terms of Sale*" as published by the U.S. Treasury [Exhibit A – page 4, Section "10. Electronic Bids", paragraph 4], instead of the required deposit of $33,000 that was actually necessary.

10.   Mr. Eddington then **failed** to pay the balance of the purchase price as required within 30 days of making the winning bid, in violation of the applicable and controlling "*Terms of Sale*" as published by the U.S. Treasury [Exhibit A – page 6, Section "16. Closing", paragraph 1]. By the sworn Declaration of Gary Chapman, IRS Property Appraisal and Liquidation Specialist, made on March 4, 2020 [Doc 117-1 3/4/20], the balance of the payment owed by Mr. Eddington was received by Mr. Chapman on January 21, 2020, over 120 days after the September 10th, 2019

auction, *failing* the 30 day purchase-contract fulfillment requirement.

11.     Now, "Copper Birch" *fraudulently* claims in its application for the *Writ of Assistance* in this court, and in its filing in the Utah State Court, to have been the winning bidder at the IRS public auction held on September 10th, **not** "Nathan Eddington", directly **contradicting** the factual record of this civil action [Doc 117-1 3/4/20] in this federal district court, and also **contradicting** the testimonial *Declaration,* sworn under penalty of perjury, made by IRS Specialist Gary Chapman who conducted the IRS auction and whose sworn Declaration of the sale to Nathan Eddington was used by this court as the basis for finalizing the sale and distribution of the sale proceeds.

12.     Therefore, Copper Birch has come to both the federal and State courts seeking the unauthorized enforcement by the courts of an unlawful *private sale* of the defendants' real property, that has occurred **without** a lawful process and without Copper Birch factually identifying how they have allegedly acquired the lawful ability to have, or make, any legal claim on, or to, the property, since they were **not** the winning bidder at the IRS auction as sworn by IRS Specialist Gary Chapman.

13.     Therefore, Copper Birch *lacks* a legal *standing* in the courts to lawfully seek the assistance of the Utah State courts with the enforcement of the unlawful *private sale* because they were not the factual winning bidder at the IRS auction that was conducted by Gary Chapman on September 10th; and they are therefore now attempting to use a *fraudulent pretense* as the legal foundation to the act of seeking the enforcement of the fraudulent DEED in the State courts of Utah, by **falsely** claiming to have been the winning bidder at that IRS auction, and **not** "Nathan Eddington", which *claim* is **not** true by both the sworn *Declaration* of Gary Chapman, sworn to under penalty of perjury, and by the *factual* record of this federal district court in this action [Doc. #117-1, March 4th, 2020] made by such sworn testimony.

14.     In stating a *false pretense* and making the *fraudulent* claim of being the winning bidder at the IRS public auction, Copper Birch has provided all legal basis necessary for this court to now

issue a Temporary Restraining Order restraining and enjoining all named parties from any enforcement through the State courts of the State of Utah, of the fraudulent "DEED".

15. By failing to truthfully explain how they allegedly have come to have a legal claim to the disputed property, Copper Birch fails to establish, and therefore *lacks*, legal standing in the courts, both State and federal, to seek the assistance of the courts with the enforcement of the fraudulent DEED, because they have not properly established that they have any real lawfully acquired interest in the property, neither as a result of any lawfully conducted "*private sale*" (after a hearing in the federal district court is conducted **before the sale is undertaken**), nor as a result of the public auction that was conducted and won by "Nathan Eddington", **not** Copper Birch, - and where Eddington then **failed** to meet the terms and requirements for completion of the auction sale, *i.e.*: by first making a full 10% deposit of the purchase price on the day of the auction, and then subsequently failing to make full payment of the purchase price within 30 days of making the winning bid at auction), thus *coloring*, and making **fatally** *defective* any claim to any DEED or title by "Copper Birch" based on the IRS auction of the property that was conducted.

16. By the language used by Copper Birch in its pleading for an *Application* for a *Writ*, stating that promises were made to Copper Birch by counsel for the United States Ryan Watson, it appears that the plaintiff United States improperly has **secretly** and improperly **abandoned** the results of the IRS public sale at auction, won by "Nathan Eddington", **not** "Copper Birch", and have improperly and unlawfully replaced that public auction result with a "*private sale*" of the property to Copper Birch **without first** conducting a hearing in the federal district court in violation of Title 28 U.S.C. Section 2001(b) which requires a hearing be conducted in the court **before** any *private sale* is made, - **just as** it was **ruled** and *Ordered* by the U.S. Tenth Circuit Court of Appeals in this very dispute [*Order & Judgment,* 10th Circuit, Document 010110325199, page 6, March 26, 2020].

> § 2001. Sale of realty generally
> …
> **(b) After a hearing,** of which notice to all interested parties shall be given by publication or otherwise as the court directs, **the court may order the sale** of such realty or interest or any part thereof at private sale for cash or other

> consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

17.   **NO** such required, prerequisite hearing was ever held in this civil action, and no such court *Order* for any "*private sale*" was ever issued by this district court, which is a **violation** of the required legal process under this statute, and of the required *due process* of a *hearing* before the sale is made, as demanded by the statute that was invoked by this court itself as one of the applicable and controlling statutes in this matter.   **Without the *due process*** of the statutorily required *hearing,* the "*private sale*" to Copper Birch is **VOID.**

> "Judgment is a "void judgment" if court that rendered judgment **lacked** jurisdiction of the subject matter, or of the parties, or acted in a manner **inconsistent with due process.**" *Klugh v. U.S.*, D.C.S.C., 610 F.Supp. 892, 901.
>
> "Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty, or property, in its most comprehensive sense; to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved. If any question of fact or *liability* be conclusively presumed against him, this is not *due process* of law." Black's Law Dictionary 500 (6th ed. 1990); accord, *U.S. Department of Agriculture v. Murry*, 413 U.S. 508 [93 S.Ct. 2832, 37 L.Ed.2d 767] (1973); *Stanley v. Illinois*, 405 U.S. 645 [92 S.Ct. 1208, 31 L.Ed.2d 551] (1972)
>
> An orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce and protect his rights before a court having power to hear and determine the case. *Kazubowski v. Kazubowski*, 45 Ill.2d 405, 259 N.E.2d 282, 190. Phrase means that no person shall be deprived of life, liberty, property or of any right granted him by statute, unless matter involved first shall have been adjudicated against him upon trial conducted according to established rules regulating judicial proceedings, and it

forbids condemnation without a hearing. *Pettit v. Penn*, La.App., 180 So.2d 66, 69. The concept of "due process of law" as it is embodied in Fifth Amendment demands that a law shall not be unreasonable, arbitrary, or capricious and that the means selected shall have a reasonable and substantial relation to the object being sought. *U.S. v. Smith*, D.C.Iowa, 249 F.Supp. 515, 516. Fundamental requisite of "due process" is the opportunity to be heard, to be aware that a matter is pending, to make an informed choice whether to acquiesce or contest, and to assert before the appropriate decision-making body the reasons for such choice. *Trinity Episcopal Corp. v. Romney*, D.C.N.Y., 387 F.Supp. 1044, 1084. Aside from all else "due process" means fundamental fairness and substantial justice. *Vaughn v, State*, 3 Tenn.Crim.App. 54, 456 S.W.2d 879, 883." Black's Law Dictionary pg. 500 (6th ed. 1990); accord, *U.S. Department of Agriculture v. Murry*, 413 U.S. 508 [93 S.Ct. 2832, 37 L.Ed.2d 767] (1973); *Stanley v. Illinois*, 405 U.S. 645 [92 S.Ct. 1208, 31 L.Ed.2d 551] (1972)

18. The statute further **requires** that "*notice to all interested parties* [of the hearing] *shall be given*" **before** the *Order of the Court* may issue. Again, **no** such *statutorily* required hearing, prerequisite to any "*private sale*" of the property, was ever scheduled, held, or conducted by the federal district court; - and **NO** such **required** *Notice* was ever issued or given to any defendant in the litigation, or any other *person* or party with real interests in the property and its ultimate disposition and disposal by the court.

19. The conclusion that an **unlawful** "*private sale*" of the property has been conducted in violation of this law is certainly demonstrated and is factually supported by Copper Birch's demands that the United States be the party that refunds their purchase costs, and **NOT** "Nathan Eddington". By this demand of Copper Birch, it is clear that Copper Birch did **NOT** buy the property or acquire title or deed to it from "Nathan Eddington", or they would be seeking a refund of their funds in Utah State court from Mr. Eddington, and not in federal district court, from the plaintiff United States.

20. The demand made by Copper Birch, that the United States and Ryan Watson refund the failed purchase price to Copper Birch, is clear evidence that an unlawful *ex parte* "*private sale*" has been secretly conducted by attorney Ryan Watson and the plaintiff United States (without a "*due process*" hearing as required under Title 28 U.S.C. Section 2001(b)), in place of the

public auction that was won by Nathan Eddington on September 10th, 2019, and **not** "Copper Birch".

21. Therefore, it is clear, that a *"private sale"* of the property has indeed been **unlawfully** orchestrated and perpetrated by the United States and Ryan Watson, in place of the IRS' public auction conducted by IRS Specialist Gary Chapman, and that both the federal and Utah state courts ***lack*** the jurisdiction necessary to enforce the secret and unlawful *private sale* of the defendants real property for lack of the *due process* of a prerequisite *hearing* in the federal district court before sale, as required under IRC Section 2001(b); and as held and ordered by the U.S. Tenth Circuit Court of Appeals in this action, and the defendants are therefore now properly entitled to the issuance of a temporary restraining order by this court as sought herein and hereunder, to enjoin the unlawful enforcement of the ***private sale*** and the fraudulent DEED.

> "If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented. At a later hearing, an individual's possessions can be returned to him if they were unfairly or mistakenly taken in the first place. Damages may even be awarded to him for the wrongful deprivation. But no later hearing and no damage award can undo the fact that the arbitrary taking that was subject to the right of procedural *due process* has already occurred. "This Court has not ... embraced the general proposition that a wrong may be done if it can be undone." *Stanley v. Illinois*, <u>405 U.S. 645</u>, 647.

> "A full hearing is one in which ample opportunity is afforded to all parties to make, by evidence and argument, a showing fairly adequate to establish the propriety or impropriety, from the standpoint of justice and law, of the step to be taken." *Boston and M.R.R. v. U.S.*, D.C. Mass. 1962, 208 Fsupp 661

22. If IRS Specialist Gary Chapman's sworn *Declaration* that "Nathan Eddington" won the IRS auction on September 10th, 2019, is **false**, then the **entire** *auction sale* and **result** are impeached and rendered **void** for ***fraud*** by virtue of his ***false*** *Declaration* to this court made on the record of the action in the federal district court at Docket entry #117-1 of this civil action, filed with the court on March 4th, 2020, and sworn to under penalty of perjury.

"We think, however, that it can be reasoned that **a decision produced by fraud on the court** is not in essence a decision at all, and never becomes final." *Kenner v. C.I.R.*, 387 F.2d 689, (7th CA, 1968)

"Federal courts are courts of limited jurisdiction. They possess only power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkenen v. Guardian Life ins. Co. of America*, 511 US 375 (1994)

"However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them; the question is, whether on the case before a court, their action is judicial or extra-judicial; with or without the authority of law, to render a judgment or decree upon the rights of the litigant parties." *State of Rhode Island v. Com. of Massachusetts*, 37 U.S. 657, 718 (1838)

"Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal." *Williamson v. Berry*, 8 HOW. 945, 540 12 L.Ed. 1170, 1189 (1850)

"A court cannot confer jurisdiction **where none existed** and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court", *Old Wayne Mut. L. Assoc. v. Mcdonough*, 204 U. S. 8, 27 S. Ct. 236 (1907).

A court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction in a particular case only, and undertakes to exercise the jurisdiction conferred in a case to which the statute has no application, the judgment rendered is void. The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments § 25, pp. 388-89.

Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that **he who purports to act for the Government stays within the bounds of his authority**... and this is so even though as here, the agent himself may have been unaware of the limitations upon his authority. *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380 at 384 (1947).

A recent discussion of the Rule 60(b)(4) grounds for attack on a void judgment may be found in *Fisher v. Amaraneni*, 565 So. 2d 84 (Ala. 1990). The judgment was set aside for lack of personal jurisdiction based on improper service by publication. The court defined a judgment as void "only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process." Id. at 86 (citing *Wonder v. Southbound Records, Inc.*, 364 So. 2d 1173 (Ala. 1978)). It should be noted here that a Rule 60(b)(4) motion involves a different standard of review than the other Rule 60(b) subsections since the court held "[w]hen the grant or denial turns on the validity of the judgment, discretion has no place for operation. If the judgment is void it must be set aside ...." *Fisher*, 565 So. 2d at 87.

A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, **from its inception, was a complete nullity and without legal effect**. *Lubben v. Selective Service System*, 453 F.2d 645, 649 (1st Cir. 1972)

"The law is well-settled that a void order or judgment is void even before reversal", *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 41 S.Ct. 116 (1920)

## SUMMARY and CONCLUSION

23.     Therefore, Defendants respectfully now seek in this matter, an *Order of the Court* enjoining all of the parties named in the caption from enforcing in, or through, the Utah State courts, the fraudulent Deed obtained by Copper Birch from the United States in violation of the federal laws controlling the lawful process for conducting a *private sale* of real property after a winning bidder at public IRS auction of said property fails to close the sale with proper payments, as bid.

"A **void** judgment is one that has **been procured by** extrinsic or collateral **fraud** or entered by a court that did not have jurisdiction over the subject matter or the parties." *Rook v. Rook*, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987)

"Judgment is a "**void** judgment" if court that rendered judgment lacked jurisdiction of the *subject matter*, or of the parties, or **acted in a manner inconsistent with** *due process*." *Klugh v. U.S.*, D.C.S.C., 610 F.Supp. 892, 901.

THEREFORE, all declarations herein are to the best of our knowledge true and correct, and we retain the right to amend and correct, and,

Respectfully Added to the Record,

by: *[signature]*
Paul-Kenneth: Cromar.
c/o 9870 N. Meadows Drive
Cedar Hills, Utah state   [84062]

by: *[signature]*
Barbara-Ann: Cromar.
c/o 9870 N. Meadows Drive
Cedar Hills, Utah state   [84062]

## CERTIFICATE OF SERVICE

I, Paul-Kenneth: Cromar, certify that a true copy of the attached supporting *Memorandum at Law* has been filed on the LAND in the Utah County Record served via Certified Mail to the following:

Ryan S. Watson, Trial Attorney
Tax Division
U.S. Department of Justice
Ben Franklin Station
P.O. Box 683
Washington, DC.20044-0683          Certified Mail #: _____

Nathan S. Dorius, Atty.
MITCHELL BARLOW & MANSFIELD, P.C.
Boston Building
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111          Certified Mail #: _____

Sheriff Mike Smith
UTAH COUNTY SHERIFF
3075 North Main
Spanish Fork UT 84660          By hand-delivery to Sheriff's office

Nathan S. Dorius, Atty.
MITCHELL BARLOW & MANSFIELD, P.C.
Boston Building
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111          Certified Mail #: _____

by: *[signature]* Paul-Kenneth: Cromar
Paul-Kenneth: Cromar
c/o 9870 N. Meadows Drive
Cedar Hills, Utah state   [84062]

Sept. 4th, 2020