IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR, et al.,<br><br>Defendants. | **ORDER DENYING DEFENDANTS PAUL KENNETH CROMAR AND BARABARA ANN CROMAR'S MOTION FOR EMERGENCY TRO AND MOTION FOR LEAVE TO AMEND PLEADING CAPTIONS**<br><br>Case No. 2:17-cv-01223-RJS<br><br>Chief Judge Robert J. Shelby |

Before the court is Defendants Paul Kenneth Cromar and Barbara Ann Cromar's[1] Motion for Emergency TRO (Emergency Motion)[2] and Motion for Leave to Amend Pleading Captions.[3] The court DENIES the Motion for Leave because the State of Utah, Utah County Sheriff Mike Smith, and Copper Birch Properties, LLC are not parties to this action and cannot be made parties by merely adding their names to a caption.  Further, the court has reviewed the Emergency Motion and the Cromars' Status Report,[4] and now DENIES the Emergency Motion for the reasons explained below.

---

[1] The Cromars are proceeding *pro se* and therefore their filings are construed "generously and with the leniency due *pro se* litigants." *Nasious v. Two Unknown B.I.C.E. Agents, at Araphoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007) (citations omitted).

[2] Dkt. 136.

[3] Dkt. 139.  In their Motion for Leave, the Cromars ask the court for leave to amend the captions in their Emergency Motion and Status Report to include the State of Utah, Utah County Sheriff Mike Smith, and Copper Birch Properties LLC. *Id.* ¶¶ 1–5.  They also represent they have made no other changes to the Emergency Motion and Status Report other than adding these proposed parties to those filings' captions. *Id.* ¶ 6.

[4] Dkt. 138.

1

## BACKGROUND

In November 2017, Plaintiff United States of America (Government) filed its Complaint, alleging the Cromars had not paid their federal income taxes from 1999 through 2005 and seeking to foreclose on the Cromars' real property located at 9870 North Meadow Drive, Cedar Hills, Utah (Property).[5] The Cromars never filed an answer to the Complaint. Instead, they filed numerous motions challenging subject matter jurisdiction.[6] The court denied each of those motions and eventually entered a default against the Cromars in July 2018.[7]

The Cromars moved to set aside the entry of default by continuing to challenge this court's jurisdiction.[8] The court denied the Cromars' motions and restricted their ability to file additional motions without first receiving the court's leave to do so.[9] Disregarding the court's order that they first obtain leave to file additional documents, the Cromars filed a Cross Complaint for damages without permission.[10] When the court took no action on the Cross Complaint, the Cromars filed a motion for leave to file their Cross Complaint.[11] The court denied that motion because the Cromars had not demonstrated good cause for the default to be set aside, had not filed an answer, and had not sought leave to file an untimely answer.[12]

In February 2019, the court entered default judgment against Paul Cromar in the amount of $1,053,028.65, plus interest and other statutory additions.[13] The court further held the

---

[5] Dkt. 2 (Complaint) ¶¶ 9, 15.

[6] *See* Dkts. 11, 12, 26, 29, 39, 48, 49, 53, 60, 64, 65, 66, 67.

[7] *See* Dkt. 63.

[8] *See* Dkts. 70, 71, 73.

[9] Dkt. 74.

[10] Dkt. 85.

[11] Dkt. 91.

[12] Dkt. 93 at 2.

[13] Dkt. 96 ¶ 2.

Government had perfected its lien interest in the Property, foreclosed the Property in favor of the Government, and ordered the Property sold at a public sale.[14] As a result of their default, the Cromars lost any and all interest they once had in the Property, including any interest in the sale proceeds of the Property.[15]

The Cromars sought and received permission to file objections to the default judgment.[16] Again, the Cromars challenged the court's jurisdiction.[17] They also challenged the default judgment on due process grounds.[18] The court overruled the Cromars' objections to the default judgment, finding their arguments unpersuasive.[19] The court closed the case on March 5, 2019.[20]

In March 2019, the Government moved for and obtained an order of foreclosure and judicial sale of the Property.[21] The Cromars filed two motions for leave to file objections to the court's order of foreclosure,[22] again seeking to raise subject matter jurisdiction and due process arguments.[23] The court denied the Cromars' motions.[24]

---

[14] *Id.* ¶¶ 3–5.

[15] *Id.* ¶¶ 2–5.

[16] *See* Dkts. 97, 99.

[17] Dkt. 99 at 2.

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *See* Dkts. 103, 104.

[22] *See* Dkts. 105, 106.

[23] Dkt. 107 at 1.

[24] *Id.*

The Cromars appealed several of the court's rulings[25] to the Tenth Circuit Court of Appeals, including the default judgment.[26] The Tenth Circuit affirmed the entry of default judgment, rejecting each of the Cromars' arguments on appeal.[27] First, the Cromars argued this court lacked subject matter jurisdiction over this matter.[28] The Tenth Circuit rejected that argument because it was incoherent and unsupported by authority.[29] Second, they challenged the Government's constitutional authority to impose income taxes.[30] The Tenth Circuit rejected this argument, noting it was "without merit."[31] Third, the Cromars argued their due process rights were violated because this court "did not conduct an additional hearing prior to ordering the sale of Mr. Cromar's real property," and they were not given sufficient notice.[32] The Tenth Circuit rejected these arguments because they relied on misapplications of the law.[33] Fourth, the Cromars argued this "court lacked jurisdiction to evict them."[34] The Tenth Circuit rejected this argument, holding this court "had jurisdiction to require the Cromars to vacate the property and to order their removal if they refused to comply."[35]

---

[25] *See* Dkts. 86, 90, 94, 109, 111, 116, 127. The Cromars also filed a collateral attack on this tax case in Utah state court. *See Cromar v. United States*, 816 F. App'x 235 (10th Cir. 2020) (unpublished) (affirming the dismissal of the Cromars' action).

[26] *See United States v. Cromar*, 807 F. App'x 821 (10th Cir. 2020) (unpublished).

[27] *See id.* at 823–26.

[28] *Id.* at 823–24.

[29] *Id.*

[30] *Id.* at 824.

[31] *Id.*

[32] *Id.* at 824–25.

[33] *Id.*

[34] *Id.* at 825.

[35] *Id.*

In March 2020, the Government moved for an order confirming the sale of the Property and to distribute the proceeds.[36] In its motion, the Government explained the Property was sold at public auction on September 10, 2019.[37] It further explained the purchaser deposited a portion of the purchase price with the court shortly thereafter but did not pay the outstanding amount until January 2020.[38] The delay between the first and second deposit was caused by the purchasers inability to obtain financing, which was, in part, caused by Mr. Cromar filing a *lis pendens* against the Property on June 28, 2019.[39] Mr. Cromar had also posted signs on the property, harassed potential financiers when they visited the property, and harassed the purchaser at his home.[40] Mr. Cromar's actions were direct violations of this court's order of foreclosure.[41]

The Cromars filed an objection to the Government's motion.[42] They again raised subject matter jurisdiction and due process arguments. The court rejected those arguments and confirmed the sale of the Property on April 23, 2020.[43]

In May 2020, Non-Party Copper Birch Properties, LLC (Copper Birch) filed an application for a writ of assistance in possessing the Property it purchased at the foreclosure sale.[44] In its application, Copper Birch described how the Cromars allegedly broke into and began occupying and damaging the Property despite having been previously removed by the

---

[36] *See* Dkt. 117.

[37] *Id.* at 3.

[38] *Id.*

[39] *Id.*

[40] *Id.* at 4.

[41] *See* Dkt. 104 ¶ 8 ("Until the Subject Property is sold, Paul Kenneth Cromar . . . shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall he cause or permit anyone else to do so.").

[42] *See* Dkt. 118.

[43] *See* Dkt. 119.

[44] *See* Dkt. 122 at 3.

U.S. Marshal's Office.[45] The court denied Copper Birch's application, however, because Copper Birch was not and is not a party in this case.[46]

Turning to the substantive motion before the court, at 4:12 PM on Friday, September 4, 2020, the Cromars filed their Emergency Motion with the clerks' office.[47] September 4 was the Friday before the Labor Day holiday. Because of the late filing of the Emergency Motion and the Labor Day holiday, the motion was not docketed until Tuesday, September 8, 2020.[48] The court was not aware of the Emergency Motion until it was docketed.

Although it is difficult to understand, the Emergency Motion appears to outline the following facts. Someone, likely Copper Birch, has obtained a Utah state court order that will permit them to take possession of the Property.[49] The state court order, entered by Judge Kraig J. Powell of the Fourth Judicial District Court for the State of Utah, apparently permits Copper Birch—likely with the aid of local law enforcement—to forcibly take the Property from the Cromars at some time on or after Saturday, September 5, 2020, at 5:00 PM.[50]

## ANALYSIS

The Cromars ask the court to "temporarily restrain and enjoin all of the above named plaintiff parties from enforcing" the state court's order.[51] To support their request, the Cromars advance their previously-asserted due process arguments and make various other arguments, including that Copper Birch failed to make timely payment for the Property and lacks standing to

---

[45] *Id.* at 3–4.

[46] *See* Dkt. 131.

[47] The Cromars did not seek leave of court before filing their Emergency Motion in violation of this court's previous order. *See* Dkt. 74.

[48] *See* Dkt. 136.

[49] *Id.* ¶ 1.

[50] *Id.*

[51] *Id.*

seek a writ of assistance.[52] The court rejects the Cromars' arguments and denies the Emergency Motion for the following reasons.

First, the Cromars make no attempt to establish the elements necessary to demonstrate entitlement to an injunction—including the likelihood of success on the merits of their claim. Critically, the Cromars have no claims pending in this matter and never did because the court did not allow them to file their Cross Complaint.[53] Indeed, there are no claims pending before this court, and the court closed this case in March 2019.[54] It is therefore currently impossible for the Cromars to meet the necessary elements for the injunction they seek.

Second, the Cromars do not provide any legal argument concerning this court's authority to enjoin non-parties, like Copper Birch, from enforcing a state court order without a clear legal basis. The court denied Copper Birch's application for a writ of assistance in this court because it was not a party to this federal court action.[55] Thus, the court will not enjoin Copper Birch or any other non-party from enforcing a state court order unless there is legal support for such action. Similarly, the court will not prevent a party from enforcing a state court order unless there is legal justification to do so. The Cromars have offered no such justification.

Third, to the extent the Cromars challenge the state court order, redress may be available through a state court appeal or some other mechanism, but they have not shown any basis on which this court may provide such relief.

---

[52] *See id.* ¶¶ 2–8.

[53] *See* Dkt. 93.

[54] *See* Dkt. 99.

[55] *See* Dkt. 131.

There appears to be no relief the court can grant the Cromars concerning ownership of the Property. The court entered default judgment against the Cromars over a year ago.[56] As a result of that default judgment, the Cromars lost any and all interest they had in the Property. The court then denied all of the Cromars' attempts to set aside that default judgment. When the Cromars challenged the default judgment on appeal, the Tenth Circuit rejected their challenge and affirmed the entry of the default judgment.[57] Lastly, the court has confirmed the Government's sale of the Property at a public auction.[58] Accordingly, all relevant issues in this matter have been conclusively resolved.

## CONCLUSION

For the foregoing reasons, the Emergency Motion[59] and the Motion for Leave[60] are each DENIED.

SO ORDERED this 15th day of September 2020.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[56] *See* Dkt. 96.

[57] *See Cromar*, 807 F. App'x at 823–26.

[58] *See* Dkt. 119.

[59] Dkt. 136.

[60] Dkt. 139.